# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS, In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>                  Plaintiff,<br>  v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII LUCK ACQUISITION LLC, SHRAVAN THADANI, LUCKY BUCKS VENTURES, INC., ANIL DAMANI, SOUTHERN STAR GAMING LLC, SHAFIK KASSAM, JAMES BOYDEN, RYAN BOUSKILL, RYAN C. BOUSKILL PROFESSIONAL CORPORATION, 2786692 ONTARIO INC., MANU SEKHRI, STEPHANIE LIPPA, and HASSAN IJAZ,<br><br>                  Defendants. | Adv. Pro. No. 24-50130 (KBO) |

## BRIEF IN SUPPORT OF DEFENDANT SHAFIK KASSAM'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND JOINDER IN PREVIOUSLY FILED MOTIONS TO DISMISS

**WOMBLE BOND DICKINSON (US) LLP**
Morgan L. Patterson
Marcy J. McLaughlin Smith
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: morgan.patterson@wbd-us.com
       marcy.smith@wbd-us.com

Dated: March 24, 2025
       Wilmington, Delaware

**GARLAND, SAMUEL, & LOEB, P.C.**
Amanda R. Clark Palmer
3151 Maple Drive
Atlanta, Georgia 30305
Telephone: (404) 262-2225
Facsimile: (404) 365-5041
Email: aclark@gsllaw.com

*Counsel for Shafik Kassam*

**TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................................. 1

SUMMARY OF THE ARGUMENT ........................................................................................ 3

STATEMENT OF FACTS ......................................................................................................... 4

ARGUMENT .............................................................................................................................. 4

    1. The Counts for Avoidance and Recovery of Intentional Fraudulent Transfers (Counts 1 and 3) and Avoidance and Recovery of Constructive Fraudulent Transfers (Counts 2 and 4) Fail to State a Claim. ................. 4

    2. Count Five, for Improper Dividends, Fails to State a Claim. ................................. 5

    3. Count Six, for Securities Fraud, Fails to State a Claim. .......................................... 6

    4. Count Six, for Securities Fraud under Texas State Law and Delaware State Law, is Barred by the Statute of Limitations of Those Respective States. ............... 7

    5. Counts Nine and Ten, for Common Law Fraud and Negligent Misrepresentation, Fail to State a Claim. ................................................................. 8

    6. Counts Eleven and Twelve, for Attorney's Fees and Punitive Damages, Fail Because the Underlying Substantive Claims Fail to State a Claim. ................. 8

CONCLUSION ........................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 765 (S.D. Tex. 2007) .................................................................................................................................... 7

In addition to the authority cited in this Brief, Mr. Kassam adopts the authorities cited in the motions to dismiss and supporting memorandums of law of co-defendants, Anil Damani, Lucky Bucks Ventures, Inc., and the Trive Defendants[1] filed at docket numbers 23, 24, 28 and 29 in this Adversary Proceeding.

---

[1] Collectively, the Trive Defendants are Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

Shafik Kassam respectfully submits this joinder brief in support of his motion to dismiss the First Amended Complaint (D.I. 57 [redacted]; D.I. 58 [sealed]) (the "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) (the "Motion to Dismiss").

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The Complaint (D.I. 2)[2] in the above-captioned adversary proceeding (this "Adversary Proceeding") was filed by Marc Abrams (the "Trustee") in his capacity as Chapter 7 Trustee of Lucky Bucks Holdings, LLC ("Holdings") on September 13, 2024. The Amended Complaint was filed on January 21, 2025. As to Mr. Kassam, the Amended Complaint largely mirrors the allegations in the original complaint (D.I. 2) (the "Complaint"). The original Complaint generally alleges that the above-captioned defendants (collectively, the "Defendants") fraudulently misrepresented the health of the operations of Lucky Bucks, LLC ("Lucky Bucks") in order to take money out of the company and enrich themselves. The Complaint also alleges that Mr. Kassam, and others, wrongfully siphoned business and labor from Lucky Bucks during their employment at Lucky Bucks. As to Mr. Kassam specifically, the Complaint asserts claims of:

- Avoidance and Recovery of Intentional Fraudulent Transfers (Counts 1 and 3)
- Avoidance and Recovery of Constructive Fraudulent Transfers (Counts 2 and 4);
- Improper Dividends (Count 5);
- Securities Fraud (Count 6);
- Common Law Fraud (Count 9); and
- Negligent Misrepresentation (Count 10, alleged as an alternative to Count 9).

The Trustee also seeks to recover attorney's fees (Count 11) and punitive damages (Count 12).

The Amended Complaint contains the following additional allegations as to Mr. Kassam:

---

[2] Unless otherwise defined herein, capitalized terms used herein but not defined are ascribed the definitions given to them in the Complaint.

- Generically alleges that Mr. Kassam (and others) "made representations and directed the Company and its employees to make representations to the potential Noteholders that induced them to purchase the Notes." Amended Complaint, ¶135.

- Alleges that Mr. Kassam was a Georgia resident during the marketing and diligence process. Amended Complaint, ¶154.

- Alleges that Mr. Kassam resided and worked in Georgia "throughout the period leading up to the execution of the NPA, signed key documents that were required to be executed as conditions precedent to the Note issuances under the NPA, including a written consent to the NPA and Holdings' Incumbency Certificate." Amended Complaint, ¶193. That paragraph also contains a generic allegation that the "Management Defendants" through their control of Holdings, caused Holdings to make several false representations in connection with the Note Purchase Agreement. *Id*.

- Makes allegations against the "Management Defendants" without identifying Mr. Kassam in connection with any specific factual allegation. Amended Complaint, ¶¶194-98.

- Alleges that Mr. Ijaz expressed concern to Mr. Kassam and others about the underperformance of a number of locations and made a statement about the quarterly financial reporting. Amended Complaint, ¶256.

The Amended Complaint revises the Sixth Cause of Action (Securities Fraud) to include violations of Texas state law and Delaware state law, whereas the original Complaint only alleged violations of Georgia state law.

After the Amended Complaint was filed, Mr. Kassam and the Trustee entered into a joint stipulation, approved by this Court, as to a briefing schedule for Mr. Kassam to file a Motion to

Dismiss the First Amended Complaint. *See* D.I. 61. The agreed upon schedule provided that Mr. Kassam's Opening Brief is due on or before March 24, 2025. Thus, Mr. Kassam's Motion to Dismiss and this joinder Opening Brief is timely filed.

## SUMMARY OF THE ARGUMENT[3]

Mr. Kassam adopts, and incorporates herein, the arguments previously made by his co-defendants Anil Damani, Lucky Bucks Ventures, Inc., ("LBVI") and the Trive Defendants[4] (collectively, Anil Damani, LBVI and the Trive Defendants, the "Co-Defendants") in their motions to dismiss the original Complaint.[5] Because the allegations in the original Complaint are largely the same as to Mr. Kassam, and because he is charged in the same causes of actions as the foregoing Co-Defendants, the same factual and legal arguments (as particularized herein) apply to the Amended Complaint.

Specifically, Mr. Kassam moves to dismiss Counts 1-6 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *First*, the Noteholders[6] lack statutory authority to bring the fraudulent transfer claims purported to be assigned to the Trustee, and the fraudulent transfers claims are barred because the Noteholders consented to, and ratified, the Holdings distributions in the Note Purchase Agreement. *Second*, the Trustee fails to properly plead a claim for intentional fraudulent transfer because there are insufficient allegations to link Mr. Kassam to the badges of fraud, which include material misrepresentations to the Noteholders, insolvency, and

---

[3] Nothing in this Summary of Argument section should be interpreted as limiting Mr. Kassam's arguments as presented in his *Motion to Dismiss and Joinder in Previously Filed Motions to Dismiss* and this Supporting Brief.

[4] Collectively, the Trive Defendants are Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

[5] Mr. Kassam anticipates that the Co-Defendants will also file motions to dismiss the Amended Complaint. Mr. Kassam reserves the right to file a joinder to such motions to dismiss the Amended Complaint once filed by The Co-Defendants.

[6] Mr. Kassam adopts the definition of "Noteholders" used by the Trive Defendants in their motion to dismiss, which is "a handful of 'sophisticated' (Compl. ¶ 180) Wall Street investors[.]" D.I. 29, ⁋ 1.

3

allegations that the remaining equity was worthless. *Third*, the Trustee fails to state claim for constructive fraudulent transfer because he fails to plead the distribution was for less than reasonably equivalent value or that Holdings was insolvent. *Fourth*, as to Count 5, the improper dividends claim, Mr. Kassam moves to dismiss the claim because Georgia law does not permit recovery, and the Trustee has failed to adequately allege facts showing a violation of Delaware law. *Fifth*, Count 6 for securities fraud fails to state a claim because the Trustee does not link Mr. Kassam to securities fraud and the claim is not pled with the specificity required by the heightened standard of Fed. R. Civ. P. 9(b). *Sixth*, Count 6 is barred by the statute of limitations under Texas law and Delaware law because this action was not brought within three years of the date of the contract. *Seventh*, Counts 9 and 10 for the common law fraud and negligent misrepresentation fail for lack of falsity and lack of justifiable reliance. *Eighth*, Counts 11 and 12 for attorney's fees and punitive damages fail because the underlying substantive claims fail.

## STATEMENT OF FACTS

Mr. Kassam wholly adopts, and incorporates herein, the statement of facts as set forth in the *Brief in Support of Defendants Lucky Bucks Ventures, Inc. and Anil Damani's Motion to Dismiss* (D.I. 24) and the factual background set forth in the *Memorandum of Law in Support of Trive Defendants' Motion to Dismiss* (D.I. 29).

## ARGUMENT

**1. The Counts for Avoidance and Recovery of Intentional Fraudulent Transfers (Counts 1 and 3) and Avoidance and Recovery of Constructive Fraudulent Transfers (Counts 2 and 4) Fail to State a Claim.**

Mr. Kassam adopts the Trive Defendants' arguments that the Noteholders[7] lack statutory authority to bring the fraudulent transfer claims purported to be assigned to the Trustee. Mr. Kassam further adopts the Trive Defendants' arguments that the fraudulent transfers claims are barred because the Noteholders consented to, and ratified, the Holdings distributions in the Note Purchase Agreement.

Mr. Kassam adopts Mr. Damani's and LBVI's arguments that Counts 1 and 3 fail to state a claim. The allegations as to Mr. Kassam are general. For example, as to Count 1, the Complaint alleges that he and his Co-Defendants acted with the intent to hinder, delay, or defraud creditors when they authorized and approved the Holdings Distributions. *See* Complaint ¶ 257. And that he was "intimately involved in stripping the Company's assets" with his Co-Defendants. Just as Mr. Damani and LBVI argue that these facts do not support the presence of any "badge of fraud," the same is true for Mr. Kassam. There is no allegation of facts connecting Mr. Kassam to the alleged misrepresentations. The Complaint is bereft of any specific allegations of misrepresentations made by Mr. Kassam.

Mr. Kassam adopts Mr. Damani's and LBVI's arguments that the Trustee's allegations of insolvency are insufficient and contradictory and that the Trustee fails to sufficiently plead that the remaining equity was worthless.

As to Counts 2 and 4, Mr. Kassam adopts Mr. Damani's and LBVI's arguments that the Trustee does not adequately plead that the distributions were for less than reasonably equivalent value and that the Trustee fails to plead that Holdings was insolvent.

**2.      Count Five, for Improper Dividends, Fails to State a Claim.**

---

[7] Mr. Kassam adopts the definition of "Noteholders" used by the Trive Defendants in their motion to dismiss, which is "a handful of 'sophisticated' (Compl. ¶ 180) Wall Street investors[.]"  D.I. 29, ¶ 1.

5

Mr. Kassam adopts the Trive Defendants' argument that Delaware law governs the improper dividends claim.

Mr. Kassam adopts Mr. Damani's and LBVI's argument that Holdings is not the type of corporation that is governed by Chapter 4 of Title 14 of Georgia's Annotated Code and therefore cannot recover for a claim of improper dividends. Mr. Kassam also adopts Mr. Damani's and LBVI's argument, as well as the Trive Defendants' argument, that the Complaint fails to allege that Mr. Kassam knew, at the time of the Holdings distribution, that the distribution would cause Holdings' liabilities to exceed the fair value of its assets.

3.    **Count Six, for Securities Fraud, Fails to State a Claim.**

Mr. Kassam adopts Mr. Damani's argument that the Complaint fails to specifically allege any misrepresentations by Mr. Kassam to the Noteholders that induced them to purchase a security. The Complaint does not satisfy the heightened standard of Fed. R. Civ. P. 9(b) for allegations involving fraud.

Though the Amended Complaint adds some factual allegations as to Mr. Kassam, they are not meaningful allegations that specifically allege any misrepresentations by Mr. Kassam to the Noteholders that induced them to purchase a security. Some of the additional allegations are simply that Mr. Kassam lived and worked in Georgia. Amended Complaint, ¶¶154, 193, and 339. Some allegations are generic allegations that Mr. Kassam and others "made representations and directed the Company and its employees to make representations to the potential Noteholders that induced them to purchase the Notes" without specifying what misrepresentation Mr. Kassam made or how he directed someone else to make a misrepresentation to potential Noteholders. *Id.*, ¶¶135, 341. One allegation details a concern expressed by Mr. Ijaz **to** Mr. Kassam (*id.*, ¶256), but nowhere in the Amended Complaint does it specify a time, particular statement, or person to whom Mr.

6

Kassam made a misrepresentation. The only thing Mr. Kassam is alleged to have done is to approve the transactions associated with the issuance of the Notes. In fact, the Amended Complaint says that Thadani took the lead on management calls with potential investors. *Id.*, ¶9.

In every fraud case, the plaintiff must allege, "**as to each individual defendant**, 'the nature of the fraud', some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred and participants." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 765 (S.D. Tex. 2007) (emphasis added). The Amended Complaint does not meet this heightened pleading standard.

4. **Count Six, for Securities Fraud under Texas State Law and Delaware State Law, is Barred by the Statute of Limitations of those Respective States.**

Delaware state law has a three-year statute of limitations for securities fraud claims. *See* Del. Code Ann. Tit. 6, § 73-605 (e) ("No person may sue under this section more than 3 years after the contract of sale.").

Texas also has a three-year statute of limitations, although it runs from the date the alleged untruth or omission is discovered, but in any event may not be more than five years after the date of sale. *See* Tex. Gov't Code Ann § 4008.062(b) ("A person may not sue under Section 4008.052, 4008.054, or 4008.055 to the extent that section relates to Section 4008.052 or 4008.054: (1) more than three years after the date of discovery of the untruth or omission, or after the date discovery should have been made by the exercise of reasonable diligence; (2) more than five years after the date of the purchase . . . .").

The Amended Complaint alleges that the Notes were issued in November of 2021 and January 2022. Amended Complaint, ¶14. For the first Note, the sale closing date was November 29, 2021. *Id.*, ¶154. The second issuance of Notes occurred before January 25, 2022. *Id.*, ¶176.

Because more than three years passed since the sale closing date for the first Note and when the Delaware claims were first asserted in the Amended Complaint, any claims under Delaware are time-barred. Given that the Amended Complaint does not specifically allege the sale closing date for the second issuance of Notes, the failure to do so should be construed against the Plaintiff. The Amended Complaint also fails to specify when the alleged untruth and omissions were discovered, which should be construed against the Plaintiff.

5. **Counts Nine and Ten, for Common Law Fraud and Negligent Misrepresentation, Fail to State a Claim.**

Mr. Kassam adopts the arguments made by the Trive Defendants as to the common law fraud and negligent misrepresentation claims, which fail for lack of falsity and lack of justifiable reliance. Mr. Kassam also adopts the Trive Defendants' arguments that the common law fraud claims lack particularity as required by Fed. R. Civ. P. 9(b).

6. **Counts Eleven and Twelve, for Attorney's Fees and Punitive Damages, Fail Because the Underlying Substantive Claims Fail to State a Claim.**

Mr. Kassam adopts the arguments made by Mr. Damani and the Trive Defendants that the Trustee's claims for attorney's fees and punitive damages must fail, including that the attorney's fees and punitive damages claims must fail because the underlying substantive claims fail.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the motions to dismiss, and briefs in support of the same, filed by the Co-Defendants as joined by Mr. Kassam, Mr. Kassam respectfully requests the entry of an order dismissing the claims against Mr. Kassam with prejudice.

*[Signature page follows]*
8
WBD (US) 4909-0349-5212v3

|  |  |
|---|---|
| Dated: March 24, 2025<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Morgan L. Patterson*<br>Morgan L. Patterson (DE Bar No. 5388)<br>Marcy J. McLaughlin Smith (DE Bar No. 6184)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone  (302) 252-4320<br>Facsimile:  (302) 252-4330<br>Email: morgan.patterson@wbd-us.com<br>         marcy.smith@wbd-us.com<br><br>-and-<br><br>**GARLAND, SAMUEL, & LOEB. P.C.**<br>Amanda R. Clark Palmer<br>3151 Maple Drive<br>Atlanta, Georgia 30305<br>Telephone: (404) 262-2225<br>Facsimile:  (404) 365-5041<br>Email: aclark@gsllaw.com<br><br>*Counsel for Shafik Kassam* |