# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>               Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS, In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>               Plaintiff,<br><br>    v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII LUCK ACQUISITION LLC, SHRAVAN THADANI, LUCKY BUCKS VENTURES, INC., ANIL DAMANI, SOUTHERN STAR GAMING LLC, SHAFIK KASSAM, JAMES BOYDEN, RYAN BOUSKILL, RYAN C. BOUSKILL PROFESSIONAL CORPORATION, 2786692 ONTARIO INC., MANU SEKHRI, STEPHANIE LIPPA, and HASSAN IJAZ<br><br>               Defendants. | Adv. Pro. No. 24-50130 (KBO) |

**DEFENDANT SHAFIK KASSAM'S JOINDER AND REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND JOINDER IN <u>PREVIOUSLY FILED MOTIONS TO DISMISS</u>**

| | |
|---|---|
| **WOMBLE BOND DICKINSON (US) LLP**<br>Morgan L. Patterson<br>Marcy J. McLaughlin Smith<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330 | **GARLAND, SAMUEL, & LOEB, P.C.**<br>Amanda R. Clark Palmer<br>3151 Maple Drive<br>Atlanta, Georgia 30305<br>Telephone: (404) 262-2225<br>Facsimile: (404) 365-5041<br>Email: aclark@gsllaw.com |

Email: morgan.patterson@wbd-us.com
       marcy.smith@wbd-us.com

Dated:  July 3, 2025                                       *Counsel for Shafik Kassam*
       Wilmington, Delaware

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................................1

1.  The Counts for Avoidance and Recovery of Intentional Fraudulent Transfers (Counts 1 and 3) and Avoidance and Recovery of Constructive Fraudulent Transfers (Counts 2 and 4) Fail to State a Claim. ..................................1
2.  Count Five is Not Alleged Against Mr. Kassam ......................................................2
3.  Counts Nine and Ten, for Common Law Fraud and Negligent Misrepresentation Fail for Lack of Falsity and Lack of Justifiable Reliance. ...............................................................................................................................2
4.  Counts Nine and Ten Lack the Particularity Required by Rule 9(b). .......................2
5.  Counts Eleven and Twelve, for Attorney's Fees and Punitive Damages, Fail Because the Underlying Substantive Claims Fail to State a Claim. ........................2

CONCLUSION ................................................................................................................................3

## TABLE OF AUTHORITIES

Mr. Kassam adopts the authorities cited in the reply memorandums of law in support of co-defendants, Anil Damani, Lucky Bucks Ventures, Inc., the "Management Defendants[1]" and the Trive Defendants[2] motions to dismiss filed at docket numbers 95 and 97, and 98 in this Adversary Proceeding

---

[1] The "Management Defendants" are identified as Manu Sekhri, James Boyden, Ryan Bouskill, Ryan C. Bouskill Professional Corporation, Hassan Ijaz, 2786692 Ontario Inc., and Stephanie Lippa.
[2] Collectively, the Trive Defendants are Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

Shafik Kassam respectfully submits this joinder and reply brief in support of his motion to dismiss the First Amended Complaint (D.I. 58) pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) (the "Motion to Dismiss").

**ARGUMENT**

1. **The Counts for Avoidance and Recovery of Intentional Fraudulent Transfers (Counts 1 and 3) and Avoidance and Recovery of Constructive Fraudulent Transfers (Counts 2 and 4) Fail to State a Claim.**

Mr. Kassam adopts and joins the Trive Defendants' arguments that the Noteholders[3] lack statutory authority to bring the fraudulent transfer claims purported to be assigned to the Trustee. Mr. Kassam further adopts the Trive Defendants' arguments that the fraudulent transfers claims are barred because the Noteholders consented to, and ratified, the Holdings distributions in the Note Purchase Agreement.

Mr. Kassam adopts and joins the Management Defendants' arguments that the Trustee failed to rebut the deficiencies in the Fraudulent Transfer claims (Causes of Action One through Four); specifically the argument that the Noteholders expressly authorized the transfer that the Trustee now claims was fraudulent; that the Trustee lacks standing to assert the assigned Noteholder Claims in Causes of Action Three and Four; and that the Trustee does not cite any relevant fraud allegations with respect to the authorized transfers.

Mr. Kassam adopts and joins Mr. Damani's and LBVI's arguments that the Trustee fails to adequately allege intent for fraudulent transfer and that the Trustee has conflated the claim for fraudulent transfer with that of fraudulent inducement.

---

[3] Mr. Kassam adopts the definition of "Noteholders" used by the Trive Defendants in their motion to dismiss, which is "a handful of 'sophisticated' (Compl. ¶ 180) Wall Street investors[.]"  D.I. 29, ¶ 1.

2. **<u>Count Five is Not Alleged Against Mr. Kassam.</u>**

The Trustee correctly points out that the Fifth Cause of Action is not levied against Mr. Kassam. Therefore, Mr. Kassam withdraws his prior arguments as to that Cause of Action.

3. **<u>Counts Nine and Ten, for Common Law Fraud and Negligent Misrepresentation Fail for Lack of Falsity and Lack of Justifiable Reliance.</u>**

Mr. Kassam adopts and joins the arguments made by the Trive Defendants as to the common law fraud and negligent misrepresentation claims: that the alleged misstatements were not false statements of act; that the remaining alleged misstatements were non-actionable puffery, predictions, or projections; and that the Noteholders did not justifiably rely on the alleged misrepresentations and omissions.

4. **<u>Counts Nine and Ten Lack the Particularity Required by Rule 9(b).</u>**

Mr. Kassam adopts and joins the arguments made by the Trive Defendants that the Plaintiff's response brief does not address the argument that the amended complaint fails to put Mr. Kassam on notice of the specific misconduct of which he is accused; and thus lacks the particularity required by Rule 9(b). He also adopts the arguments of the Management Defendants regarding the amended complaints "group pleading."

5. **<u>Counts Eleven and Twelve, for Attorney's Fees and Punitive Damages, Fail Because the Underlying Substantive Claims Fail to State a Claim.</u>**

Mr. Kassam adopts and joins the arguments made by the Trive Defendants that the Trustee's claims for attorney's fees and punitive damages must fail, including that the attorney's fees and punitive damages claims must fail because the underlying substantive claims fail.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons articulated in the reply memorandums in support of the motions to dismiss, filed by the Co-Defendants as joined by Mr. Kassam, Mr. Kassam respectfully requests the entry of an order dismissing the claims against Mr. Kassam with prejudice.

Dated: July 3, 2025  
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*  
Morgan L. Patterson (DE Bar No. 5388)  
Marcy J. McLaughlin Smith (DE Bar No. 6184)  
1313 North Market Street, Suite 1200  
Wilmington, Delaware 19801  
Telephone  (302) 252-4320  
Facsimile:  (302) 252-4330  
Email: morgan.patterson@wbd-us.com  
       marcy.smith@wbd-us.com

-and-

**GARLAND, SAMUEL, & LOEB. P.C.**  
Amanda R. Clark Palmer  
3151 Maple Drive  
Atlanta, Georgia 30305  
Telephone: (404) 262-2225  
Facsimile:  (404) 365-5041  
Email: aclark@gsllaw.com

*Counsel for Shafik Kassam*