# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>*Debtor*. | Chapter 7<br><br>No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, *et al.*,<br><br>*Defendants*. | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO) |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>TRIVE DEFENDANTS' MOTION TO COMPEL</u>

**PACHULSKI STANG ZIEHL**
  **& JONES LLP**

Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400

**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Charles C. Bridge (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888

Joel Millar (admitted *pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
(t) (202) 663-6000
(f) (202) 663-6363

Dated: August 12, 2025

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 3

      A.      The Complaint and Amended Complaint ............................................................3

      B.      Relevant Procedural Background .........................................................................3

ARGUMENT .................................................................................................................................. 7

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Boselli v. Se. Pa. Transp. Auth.*,
　108 F.R.D. 723 (E.D. Pa. 1985)...............................................................................................8

*Gould Inc. v. Mitsui Mining & Smelting Co.*,
　825 F.2d 676 (2d Cir. 1987)......................................................................................................9

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
　213 F.3d 124 (3d Cir. 2000)......................................................................................................9

*In re Cendant Corp. Sec. Litig.*,
　343 F.3d 658 (3d Cir. 2003)......................................................................................................8

*In re Grand Jury Subpoenas dated Mar. 19 & Aug. 2, 2002*, 2002 WL 31040322
　(S.D.N.Y. Sept. 12, 2002) (citation omitted), *aff'd sub nom. In re Grand
　Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379 (2d
　Cir. 2003) .................................................................................................................................9

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
　247 F.R.D. 561 (S.D. Ind. 2007)............................................................................................8, 9

*Pritchard v. Dow Agro Scis.*,
　263 F.R.D. 277 (W.D. Pa. 2009) .........................................................................................9-10

*Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*,
　254 F.R.D. 216 (E.D. Pa. 2008).............................................................................................10

*Spence v. Kaur*,
　2019 WL 3842867 (E.D. Cal. Aug. 15, 2019).........................................................................8

### RULES

Fed. R. Bankr. P. 2004...........................................................................................................2, 3, 4, 5

Fed. R. Bankr. P. 7026........................................................................................................................7

Fed. R. Bankr. P. 7034........................................................................................................................7

Fed. R. Bankr. P. 7037........................................................................................................................1

Fed. R. Civ. P. 26............................................................................................................................7, 9

Fed. R. Civ. P. 34...............................................................................................................................7

Fed. R. Civ. P. 37...........................................................................................................................1, 7

Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming LLC, and Shravan Thadani (collectively, the "Trive Defendants") respectfully submit this memorandum of law in support of their motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), as made applicable to this adversary proceeding by Fed. R. Bankr. P. 7037 (the "Motion").

## PRELIMINARY STATEMENT

1.      This is a motion the Trive Defendants should never have needed to file.  The Trive Defendants seek an order compelling the Plaintiff, Marc Abrams, in his capacity as the trustee of the estate of Lucky Bucks Holdings LLC ("Holdings") and as assignee of the claims of the Noteholders[1] (the "Trustee"), to produce documents from the Noteholders' files about the Notes at issue in this adversary proceeding that the Noteholders provided to the Trustee before he filed the Complaint (the "Core Noteholder Documents").  The Core Noteholder Documents, which have been in the Trustee's possession for, at minimum, nearly a year, are plainly relevant to the claims and defenses in this matter and would not be unduly burdensome for the Trustee to produce in short order.  They also are documents that the Trustee's lead counsel promised to provide to the Trive Defendants nearly ten months ago, and that the Trive Defendants requested through formal document requests served over five months ago.

2.      After dragging his heels for months, the Trustee only recently conceded that he must produce the Core Noteholder Documents to the Trive Defendants, but claimed for the first time that producing the documents alone, without mixing them in with productions of other

---

[1]  The Noteholders are funds managed by Hamilton Lane Advisors LLC, First Trust Capital Management LP, Monarch Alternative Capital LP, BC Partners, Marathon Asset Management LP, and CION Investment Management, LLC that purchased notes issued by Holdings in November 2021 and January 2022 (the "Notes").

1

documents from the Noteholders' files (documents that the Trustee also has not yet produced), would somehow reveal protected attorney work product. Accordingly, the Trustee asserts he cannot produce the Core Noteholder Documents until he collects, reviews, and is able to produce other Noteholder documents, and the Trustee refuses to commit to a date certain by which he will produce such documents.

3. The Trustee's eleventh-hour work product assertion has no merit. He has not provided any authority, and the Trive Defendants are aware of none, to support his remarkable position that the Trive Defendants could somehow reverse engineer and discover the Trustee's counsel's mental impressions by receiving a set of documents from the Noteholders' files concerning the Notes. And while the Trive Defendants have pressed numerous times for the Trustee to commit to producing the Core Noteholder Documents by a date certain, the Trustee's continued failure to do so leaves the Trive Defendants with no choice but to file this Motion.

4. Regrettably, discovery in this matter has been a one-way street. Since last June, the Trive Defendants have produced over 21,000 documents to the Trustee. Yet, the Trustee has not produced a *single* document from the Noteholders.[2] The Core Noteholder Documents will show what, if any, evidence exists to support (or contradict) the allegations in the Complaint, including allegations regarding the Noteholders' supposed due diligence. They are core to this adversary proceeding, and while the Trustee may not want to reveal what they show, there is no legitimate basis to delay their disclosure.

---

[2] The Trustee has produced some (but not all) documents that it received from third parties in Rule 2004 discovery, but nothing else.

5. For these reasons, explained more fully below, the Trive Defendants request that the Court grant the Motion and enter the order attached hereto as Exhibit A compelling the Trustee to promptly produce the Noteholder documents.

## BACKGROUND

**A.     The Complaint and Amended Complaint**

6. The Trustee filed the Complaint in this adversary proceeding on September 13, 2024, and, after the Trive Defendants moved to dismiss that Complaint, an Amended Complaint on January 21, 2025. *See* D.I. 1, 58. The Amended Complaint concerns Holdings' issuance of the Notes in November 2021 and January 2022, which were purchased by the Noteholders. *Id.* The Trustee alleges that the Trive Defendants made false and misleading statements when marketing the Notes, which the Noteholders supposedly relied on to invest in Holdings. *See generally id.* The Trustee also alleges that Anil Damani, the founder of Lucky Bucks and a minority shareholder, and certain members of the company's management engaged in the alleged "B-Side" business fraud that stole COAM location contract opportunities from Lucky Bucks, although it does not (and could not) allege that the Trive Defendants were aware of any such fraud. *See id.*

7. The Trustee purports to assert claims both in his capacity as trustee of Holdings' bankruptcy estate and as assignee of the Noteholders—i.e., in effect, as the Noteholders. D.I. 58 ¶ 1. He purports to assert federal and state fraudulent transfer claims against the Trive Defendants on behalf of Holdings' estate, *see* Compl. ¶¶ 269-325, and state statutory and common-law claims on behalf of, and standing in the shoes of, the Noteholders, *see id.* ¶¶ 326-401.

**B.     Relevant Procedural Background**

8. On October 11, 2024, undersigned counsel for the Trive Defendants emailed the Trustee's counsel requesting that the "Trustee produce: [1] [c]opies of all productions made to the Trustee in response to the Trustee's Rule 2004 discovery requests, as well as all other documents

3

[he] obtained in any investigation conducted, including without limitation all documents [he] obtained from the Noteholders or any Lucky Bucks entity; and [2] [c]opies of all documents upon which the Trustee relied in drafting the complaint, including without limitation all documents quoted or incorporated by reference into the complaint." *See* Declaration of Ross E. Firsenbaum, dated August 12, 2025 (the "Firsenbaum Declaration" or "Firsenbaum Decl."), Ex. A.  The Trustee's lead counsel agreed, responding that the Trustee was "happy to assemble and produce the . . . information," so long as discovery was "mutual" and was not a "one way street." *Id.*  The discovery has, in fact, been a one way street—all in favor of the Trustee.  The Trive Defendants have produced over 21,000 documents to the Trustee in response to his Rule 2004 discovery requests, including over 9,700 documents after this email exchange, and three privilege logs in satisfaction of the Trustee's October 11, 2024 request.  The Trustee has produced not a single document from the Noteholders.

9.      On March 5, 2025, having not received any of the documents that the Trustee was supposedly "happy to assemble and produce" and after having themselves produced another 9,700 documents to the Trustee, the Trive Defendants served their *First Set of Document Requests to the Plaintiff* (the "Document Requests").  *See* Firsenbaum Decl., Ex. B at Ex. A.  Request No. 6 requested that the Trustee produce "[a]ll Documents regarding any of the allegations in the Amended Complaint," including but not limited to certain specified allegations in the Complaint. *Id.* at 11 ¶ 6.

10.     On April 4, 2025, the Trustee served its *Responses and Objections* to the Document Requests (the "Responses").  *See* Firsenbaum Decl., Ex. C.  In response to Request No. 6, the Trustee agreed to produce "non-privileged and responsive documents supporting the allegations

4

in the Complaint," "based upon a reasonable search using search terms agreed upon by both parties." *Id.* at 22.

11. On April 18, 2025, the parties met-and-conferred at the Trive Defendants' request to discuss the Responses. *See* Firsenbaum Decl., Ex. D. During the meet-and-confer, the Trustee's counsel represented that while Trustee's counsel "has had some discussions with the Noteholders regarding document collection [he] ha[d] not, to date, collected or reviewed any documents from the Noteholders, either in the Adversary Proceeding or in Rule 2004 Discovery." *Id.* at 2.

12. Perhaps recognizing its admission that the Trustee apparently had not reviewed any documents from the Noteholders before filing a Complaint alleging that the Noteholders had reasonably relied on the Trive Defendants, the Trustee's counsel backtracked from its prior statement in a letter dated May 12, 2025. *See* Firsenbaum Decl., Ex. F. The Trustee's revised position was that he had not "conducted a formal fulsome collection" from the Noteholders, but he "ha[d] of course been provided materials by the Noteholders on an ad hoc basis and in response to attorney requests in order to prepare the Complaint." *See id.* at 2.

13. During a May 23, 2025 meet-and-confer, the Trive Defendants requested that, rather than wait for the Trustee to obtain the Noteholders' full files, the Trustee produce promptly these so-called ad hoc collections from the Noteholders. *See* Firsenbaum Decl., Ex. G at 1, 5.

14. On June 3, 2025, the Trive Defendants followed up, sending another letter to the Trustee asking (again) to "confirm that [he] will produce such documents promptly." *Id.* at 5. The Trive Defendants also asked the Trustee to confirm "when [he] received documents from the Noteholders and what categories of documents he received." *Id.*

15. On June 23, 2025, the Trustee finally responded. *See* Firsenbaum Decl., Ex. H. He refused—without any justification—to answer any of the Trive Defendants' questions regarding

5

the Core Noteholder Documents, merely noting that "[t]he Trustee will produce all responsive, non-privileged documents he has received from the Noteholders" subject to negotiation about collections of additional documents from the Noteholders in response to the Document Requests. *Id.* at 2. The Trustee did not say when he would produce the Core Noteholder Documents.

16. On July 17, 2025, the Trive Defendants sent another letter to the Trustee. *See* Firsenbaum Decl., Ex. I. The Trive Defendants pointed out that the Trustee had not "agree[d] to produce the[] [Core Noteholder Documents] in full and now, four months after receiving [the Document Requests], when they are obviously relevant." *Id.* at 3. The Trive Defendants requested a meet-and-confer, which took place on July 22, 2025. *Id.*; *see also id.*, Ex. J. During the meet-and-confer, counsel for the Trustee agreed to produce the Core Noteholder Documents, but again would not commit to a date on which he would do so. *See id.*, Ex. J at 1-2.

17. During the July 22 meet-and-confer, the Trustee's counsel claimed for the first time that the Core Noteholder Documents could not be produced as a standalone production because such a standalone production would purportedly reveal protected attorney work-product. *See* Firsenbaum Decl., Ex. J at 1-2. The Trustee's counsel claimed that, if the Trustee produced the core documents he had requested to prepare his Complaint, the Trive Defendants could somehow reverse engineer from the production to glean the Trustee's requests to the Noteholders prior to the filing of the Complaint and knowing those requests would, in turn, reveal the Trustee's mental impressions and work product. So, instead of finally producing the Core Noteholder Documents, the Trustee would instead—at some unspecified time in the future—produce the Core Noteholder

Documents mixed in with other documents that the Trustee would, someday, collect from the Noteholders. *See id.*[3]

18. On July 25, 2025, the Trive Defendants sent a letter to the Trustee memorializing the meet and confer, noting that the Trustee "did not commit to when [he would produce the Core Noteholder Documents], despite having received [the Document Requests] nearly five months ago," and again requested that the Trustee do so. Firsenbaum Decl., Ex. J at 2. On July 31, 2025, the Trustee responded, but did not commit to a date on which he would produce the Core Noteholder Documents, either on a standalone basis or as part of a larger production of the Noteholders' documents. *Id.*, Ex. K at 1. On August 8, 2025, the Trive Defendants sent a final letter, informing the Trustee that they would seek relief from the Court. *Id.*, Ex. L. This Motion follows.

## ARGUMENT

19. Federal Rule of Civil Procedure 37 provides that a party "seeking discovery may move for an order compelling a [] . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The scope of discovery under Rule 34 is governed by Rule 26(b), which authorizes parties to "obtain discovery regarding *any* nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure make these rules applicable to this adversary proceeding.

---

[3] The "other documents" from the Noteholder files are the other documents that the Trive Defendants requested in their Requests. The parties have negotiated Noteholder custodians, a time period, and search terms, and the Trustee has informed the Trive Defendants that he has to date collected documents from some, but not all, of the Noteholders. *See* Firsenbaum Decl., Ex. K at 2. The Trustee has not indicated to the Trive Defendants by when he will make an initial production, let alone complete the production, of these documents.

20. The Core Noteholder Documents are plainly relevant to the parties' claims and defenses in this action. By the Trustee's own admission, these are documents that the Noteholders provided the Trustee in response to the Trustee's requests for information so that his counsel could prepare the Complaint. *See Kartman v. State Farm Mut. Auto. Ins. Co.,* 247 F.R.D. 561, 565-66 (S.D. Ind. 2007) (ordering plaintiff to produce documents collected during pre-complaint investigation, and collecting cases holding the same); *see also Spence v. Kaur*, 2019 WL 3842867, at *27 (E.D. Cal. Aug. 15, 2019) (ordering plaintiff to produce documents referenced in complaint). The documents presumably concern the Noteholders' investments in the Notes, the core transactions at issue. Indeed, in agreeing to produce the Core Noteholder Documents, albeit at some undetermined time, the Trustee has conceded the point.

21. There is no undue burden for the Trustee to produce the Core Noteholder Documents either. The Trustee already has the documents in his possession. Again, in agreeing to produce the documents, albeit again at some undetermined time, the Trustee has conceded the point.

22. The Trustee's only stated basis during the July 22 meet-and-confer for refusing to produce the Core Noteholder Documents by now is that producing them alone—without burying them in the production of a larger set of documents from the Noteholders' files—would supposedly reveal attorney-work product. *See* Firsenbaum Decl., Ex. K at 1. That argument—which the Trustee has understandably not even put in writing—fails for several reasons. *First*, he waived the objection by failing to raise it in the Responses. *See Boselli v. Se. Pa. Transp. Auth.*, 108 F.R.D. 723, 726 (E.D. Pa. 1985) ("The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection"). *Second*, the documents themselves are plainly not attorney work-product: they are contemporaneous documents from the Noteholders' files about

the Notes offering. *See In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (holding that attorney work product doctrine "applies to documents and tangible things … *prepared in anticipation of litigation or for trial* by or for another party or by or for that other party's representative" (emphasis added) (modification in original) (internal quotations omitted)).

23. *Third*, the production of the Core Noteholder Documents would not reveal the Trustee's counsel's requests to the Noteholders. The Trive Defendants are not asking for the requests made by the Trustee's counsel. The Trive Defendants are seeking *all* documents produced by the Noteholders to the Trustee prior to the filing of the Complaint. "The mere acquisition of documents from an unrelated third-party does not by itself impose upon them the status of work product. At its core, the work-product doctrine exists to shelter the attorney's preparation and analysis of the case. Even if the lawyer's synthesis of the documents were to constitute work product, the mere acquisition of such documents from a non-party does not create such a characteristic." *In re Grand Jury Subpoenas dated Mar. 19 & Aug. 2, 2002*, 2002 WL 31040322, at *6 (S.D.N.Y. Sept. 12, 2002) (citation omitted), *aff'd sub nom. In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379 (2d Cir. 2003), *accord Kartman,* 247 F.R.D. at 565. Thus, the Trustee's "speculative[] concern that the thought processes of [the Trustee's] counsel in relation to pending or anticipated litigation would be exposed," *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir. 1987), is no basis for withholding the documents the Trustee collected from the Noteholders.

24. *Finally*, it is the Trustee's burden to "show[] that the materials in question" are protected work product. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (quotation marks omitted). The Trustee has failed to provide a privilege log or anything else to attempt to meet that burden. *See* Fed. R. Civ. P. 26(b)(5); *see also Pritchard v. Dow Agro*

9

*Scis.*, 263 F.R.D. 277, 293 (W.D. Pa. 2009) (ordering plaintiff to produce privilege log for documents plaintiff asserted were protected work product, as required by Rule 26(b)(5)); *see also Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216, 226 (E.D. Pa. 2008) (plaintiff's failure to produce privilege log resulted in waiver of privilege). And the Trustee has pointed to no legal authority in support of his position.

## CONCLUSION

25.     For these reasons, the Trive Defendants respectfully request that the Court enter an order compelling the Trustee to produce the Core Noteholder Documents within seven days of the Court's ruling on this Motion.

Dated: August 12, 2025
       Wilmington, Delaware

Respectfully submitted,

**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Charles C. Bridge (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com
charles.bridge@wilmerhale.com

Joel Millar (admitted *pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
(t) (202) 663-6000
(f) (202) 663-6363
joel.millar@wilmerhale.com

*Attorneys for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming LLC, and Shravan Thadani*

**PACHULSKI STANG ZIEHL**
   **& JONES LLP**

By: */s/ Laura Davis Jones*

Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400
ljones@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII LUCK LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming LLC, and Shravan Thadani*

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7026-1(d)**

1. On July 22, 2025, counsel to the Trive Defendants met and conferred with counsel to the Trustee. Counsel to the Trive Defendants have made a reasonable effort to reach agreement with the Trustee with respect to the disputes set forth in the Motion. However, these attempts were unsuccessful.