# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks<br>Holdings LLC and as assignee,<br><br>Plaintiff,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, *et al.*,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. No. 24-50130<br>(KBO) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO TRIVE CAPITAL
MANAGEMENT LLC'S FIRST SET OF REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to these proceedings under Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the local rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), Marc Abrams (the "<u>Trustee</u>" or "<u>Plaintiff</u>"), in his capacity as the trustee of the estate of Lucky Bucks Holdings LLC ("<u>Holdings</u>"), and in his capacity as assignee of claims of funds managed by Hamilton Lane Advisors LLC ("<u>Hamilton</u>"), First Trust Capital Management LP ("<u>First Trust</u>"), Monarch Alternative Capital LP ("<u>Monarch</u>"), BC Partners ("<u>BCP</u>"), Marathon Asset Management LP ("<u>Marathon</u>"), and CION Investment Management, LLC ("<u>CION</u>", collectively with Hamilton, First Trust, Monarch, BCP, and Marathon, the "<u>Noteholders</u>"), submit these responses and

1

objections to the First Set of Document Requests to the Plaintiff (the "Requests," and each, a "Request") served by Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani (together, the "Trive Defendants").

These Responses and Objections reflect Plaintiff's current knowledge, information, and belief and were prepared in good faith and therefore remain subject to revision and/or supplementation.

## GENERAL OBJECTIONS

These general objections ("General Objections") are incorporated into the response to each of the Requests propounded by the Trive Defendants (the "Specific Responses and Objections"). An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these General Objections as to that or any Request. Plaintiff's failure to object to a specific Request on a particular ground shall not be construed as a waiver of its right to object on any ground.

1.     These Responses and Objections are made by and on behalf of Plaintiff and are limited to documents or information currently available to Plaintiff and in Plaintiff's actual possession, custody, and control. Plaintiff will not search for, collect, or produce documents in the possession of their advisors, attorneys, or other third parties.

2.     These Responses and Objections reflect Plaintiff's present knowledge, information, and belief, and therefore remain subject to change or modification based on further discovery of facts or circumstances that may come to Plaintiff's attention. Plaintiff reserves the right to rely on any facts, documents, evidence, or other contentions that may develop or come to its attention at a later time and to supplement or amend these Responses and Objections in the future. Plaintiff further

reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

3.      Plaintiff objects to the Requests in their entirety to the extent that they purport to impose obligations on Plaintiff that are inconsistent with and/or beyond those imposed by the Federal Rules, the Bankruptcy Rules, the Local Bankruptcy Rules, or any other applicable laws and rules.

4.      Plaintiff objects to the Requests to the extent they are vague, ambiguous, misleading, not susceptible to a reasoned interpretation, not reasonably particular, or would require Plaintiff to speculate as to the nature or scope of the documents or information sought thereby.

5.      Plaintiff objects to any Request seeking the production of "All" documents concerning the subject matter of such Request on the grounds that such Requests are overbroad, that to search for and produce such documents would impose an undue burden on Plaintiff, and that Plaintiff cannot reasonably ensure that it has located every single document or communication responsive to that Request.  Plaintiff likewise reserves the right not to produce documents or information to the extent that the Requests are overly broad, unduly burdensome, not proportional to the needs of this case, call for information that is not relevant to any party's claims or defenses, and/or call for information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including from public sources and/or other entities.

6.      Plaintiff objects to the Requests to the extent that they purport to require Plaintiff to perform anything more than a reasonable and good faith search for non-privileged documents where responsive, non-privileged documents would reasonably be expected to be found.  For any Requests in response to which Plaintiff agrees to produce documents, Plaintiff is solely agreeing to produce non-privileged responsive documents that can be located through a reasonable and good faith search.

7.      By agreeing to produce documents, if any, or agreeing to search for documents or information responsive to the Requests, Plaintiff does not intend to imply that responsive documents

or information necessarily exists, or if it exists, that such documents or information are within Plaintiff's respective possession, custody, or control. Plaintiff will not collect documents from any other entity, unless otherwise stated.

8.      Plaintiff objects to the Requests to the extent that they seek the discovery of documents that are not maintained in the ordinary course of Plaintiff's business. Plaintiff is not under any obligation to create documents that do not exist or are not already in its possession, custody or control.

9.      Plaintiff objects to the Requests to the extent that they seek discovery of information that is protected from disclosure by the attorney-client privilege, common interest doctrine, work product doctrine, joint defense privilege, or any other applicable privilege, doctrine, immunity, protection, statute, regulation, rule, court order, or restriction or limitation on discovery. Plaintiff will withhold and/or redact certain information that is subject to such protections, and nothing contained in Plaintiff's responses to the Requests should be interpreted as a waiver of any such privilege or doctrine. To the extent any inadvertent production of such documents or information is made in response to the Requests, such production shall not constitute a waiver of any applicable privilege or protection with respect to such document, or any other document, or any subject matter, or of Plaintiff's right to assert any of these privileges as to any other matter that arises during the course of these actions, any related litigation, or any subsequent proceeding. Plaintiff reserves the right to obtain the return of such information and prohibit its use in any manner, and hereby requests the return of such inadvertently produced privileged information and reserves the right to object to the disclosure or use of such privileged information at any stage of these or any other proceedings.

10.      Plaintiff objects to the Requests to the extent they purport to require the disclosure of information that Plaintiff is restricted from disclosing by law or contract. Plaintiff objects to the Requests to the extent that they seek the production of confidential or highly confidential documents,

including documents that are prohibited from disclosure by the confidentiality requirements of any court, arbitral forum, or similar authority; documents reflecting trade secrets and/or proprietary business information; or documents that impinge on privacy rights of non-parties.

11.    Plaintiff objects to any Requests that are redundant, duplicative, or cumulative of other specific Requests.  Where a document is reasonably responsive to more than one request for production set forth in the Requests, Plaintiff will produce that document only once.

12.    Plaintiff objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Requests.  Plaintiff's responses and objections to any Request, as well as Plaintiff's assertion that it will search for and produce documents in response to any Request, does not (and shall not be deemed to) indicate or otherwise suggest that Plaintiff agrees with any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests, and are made without prejudice to Plaintiff's right to dispute facts and legal conclusions assumed in the Requests.

13.    Plaintiff's assertion that it will search for and produce documents in response to a particular Request is not to be construed as an admission that any such documents exist, but solely as an assertion that Plaintiff will search for and produce (consistent with these Responses and Objections) non-privileged and responsive documents or information within Plaintiff's actual possession, custody, or control that can be located after a reasonable, good faith search.

14.    Plaintiff makes these Responses and Objections without in any way waiving or intending to waive (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests; (b) the right to object on any ground to the documents produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time to a demand for

further responses to the Requests; (d) the right to revise, amend, supplement, or clarify any of the Responses and Objections set forth herein; and (e) the right to move the Court to quash the Requests.

15.    Plaintiff objects to the production deadline of April 4, 2025 identified in the Requests, on the grounds that it is unduly burdensome and purports to impose obligations on the Plaintiff that are inconsistent with and/or beyond those imposed by the Federal Bankruptcy Rules, the Federal Rules, the Local Bankruptcy Rules or any other applicable laws and rules. Plaintiff will conduct a good faith, reasonable search for and produce documents responsive to the Requests, subject to the Responses and Objections herein, on a rolling basis and at a time, place, and manner to be agreed on by the parties.

16.    Plaintiff objects to the "relevant time period" of "January 1, 2020 until the present" as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action.  Plaintiff will produce documents beginning January 1, 2021, and no later than June 9, 2023, the date that Lucky Bucks LLC filed for Chapter 11 bankruptcy protection.

17.    These General Objections shall apply to each and every specific response to the Requests set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### Request for Production No. 1:

All Documents that are (or have been) produced to You or that You otherwise receive (or have received) from any person or entity in response to a Rule 2004 request, discovery request, subpoena, or otherwise, in or regarding the Adversary Proceeding, the Bankruptcy Cases, the Georgia Action, or any other proceeding regarding Lucky Bucks, Holdings or HoldCo.

**Response to Request No. 1:**

Plaintiff incorporates herein all of the General Objections set forth above. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" produced to Plaintiff in "any other proceeding" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request insofar as it seeks information in the possession or control of the Trive Defendants.

Subject to and without waiving the foregoing General Objections and this Specific Objection, Plaintiff will produce non-privileged and responsive documents, identified after a reasonable search, that were produced to Plaintiff or that Plaintiff received in response to a formal or informal Rule 2004 request, discovery request, subpoena, or otherwise, in or regarding this proceeding.

**Request for Production No. 2:**

All Documents You produce or provide (or have produced or provided) to any person or entity in response to a Rule 2004 request, discovery request, subpoena, or otherwise, in or regarding the Adversary Proceeding, the Bankruptcy Cases, the Georgia Action, or any other proceeding regarding Lucky Bucks, Holdings, or HoldCo.

**Response to Request No. 2:**

Plaintiff incorporates herein all of the General Objections set forth above. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" from unrelated proceedings. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" irrespective of their relevance to the

current proceeding.  Plaintiff objects to this Request insofar as it seeks information in the possession or control of the Trive Defendants.

Subject to and without waiving the foregoing General Objections and this Specific Objection, Plaintiff will produce non-privileged and responsive documents, identified after a reasonable search, that Plaintiff produced or provided to any person or entity in the Adversary Proceeding.

**Request for Production No. 3:**

All Documents regarding:

a)  The Holdings Distributions;

b)  The November Distribution;

c)  The January Distribution

d)  Lucky Bucks

e)  HoldCo;

f)  Holdings;

g)  The Note CIM;

h)  The Notes;

i)  The Note Issuances;

j)  The Trive Defendants;

k)  The August 2020 Transaction;

l)  The Management Defendants;

m) The Damani Defendants;

n)  The Noteholders;

o)  The Bankruptcy Cases

p)  The Georgia Arbitration;

q)  The Georgia Action;

r) The B-Side Businesses;

s) The Farm Team and/or

t) Any diligence, evaluation, or analysis performed by any of the Noteholders in connection with their acquisition of or investment in the Notes, or any other Documents prepared in connection with the Noteholders' consideration of the Notes.

**Response to Request No. 3:**

Plaintiff incorporates herein all of the General Objections set forth above. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Holding Distributions" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The November Distributions" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The January Distributions" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "Lucky Bucks" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "HoldCo" irrespective of

their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "Holdings" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Note CIM" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Notes" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Notes Issuances" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Trive Defendants" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The August 2020 Transaction" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Management Defendants" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad,

10

unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Damani Defendants" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Noteholders" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Bankruptcy Cases" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as unduly burdensome as "Bankruptcy Cases" is defined, in Paragraph 3, to include not only the Chapter 7 case captioned *In re Lucky Bucks Holdings, LLC*, No. 23-10756 (KBO) (Bankr. D. Del.), and the Chapter 11 case captioned *In re Lucky Bucks, LLC*, No. 23-10758 (KBO) (Bankr. D. Del.), but "any related appeals, adversary proceedings or other proceedings." Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Georgia Arbitration" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Georgia Action" irrespective of their relevance to the current proceeding. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The B-Side Businesses" irrespective of their relevance to the current proceeding. Plaintiff objects to

this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "The Farm Team" irrespective of their relevance to the current proceeding.  Plaintiff objects to this Request insofar as "The Farm Team" is vague and susceptible of multiple interpretations.  Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" regarding "Any diligence, evaluation, or analysis performed by any of the Noteholders in connection with the acquisition or investment in the Notes, or any other Documents prepared in connection with the Noteholders' consideration of the Notes" irrespective of their relevance to the current proceeding.  Plaintiff objects to this request insofar as it seeks documents protected by the attorney-client privilege or work-production protection.

Subject to and without waiving the foregoing General Objections and this Specific Objection, Plaintiff will produce non-privileged and responsive documents, identified after a reasonable search.

**Request for Production No. 4:**

All Documents constituting or otherwise regarding Communications between any of the Noteholders on the one hand, and any of the Management Defendants, Damani Defendants, Houlihan Lokey, the Trive Defendants, Holdco, Holdings, and/or Lucky Bucks, on the other hand.

**Response to Request No. 4:**

Plaintiff incorporates herein all of the General Objections set forth above.  Plaintiff further objects to this Request insofar as it is overly broad, unduly burdensome, and not relevant to any claims and defenses in this action.  The Request is overly broad particularly with respect

to its request for "All Documents constituting or otherwise regarding Communications" exchanged with several parties, regardless of the topic or relevance of those documents and communications.

Subject to and without waiving the foregoing objections, and based upon a reasonable search using search terms agreed upon by both parties, Plaintiff will produce non-privileged and responsive documents, identified after a reasonable search, that relate to the topics relevant to this proceeding.

**Request for Production No. 5:**

All Documents constituting or otherwise regarding Communications (whether internal or with any other individual or entity) involving any Noteholder regarding any of the topics in paragraph 3(a)-(t) above.

**Response to Request for Production No. 5:**

Plaintiff incorporates herein all of the General Objections set forth above, as well as the responses and objections to Request for Production No. 3. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" concerning these entities irrespective of their relationship to the current proceeding, including for example, seeking all Documents with the Noteholders regarding the Noteholders (3(n)). Plaintiff also objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work-production protection.

Subject to and without waiving the foregoing objections, and based upon a reasonable search using search terms agreed upon by both parties, Plaintiff will produce non-privileged and responsive documents.

**Request for Production No. 6:**

All Documents regarding any of the allegations in the Amended Complaint, including but not limited to:

a) The allegation in paragraph 9 of the Amended Complaint that the Note CIM was "prepared by Lucky Bucks's advisors at the direction and with the assistance of the Trive entities, [Shravan] Thadani and the Management Defendants";

b) The allegations in paragraph 9 of the Amended Complaint regarding the "road show" described therein;

c) The allegations in paragraph 10 of the Amended Complaint regarding the statements made by Mr. Thadani and Manu Sekhri regarding Lucky Bucks's "farm team";

d) The allegation in paragraph 17 of the Amended Complaint that the November Distribution and the January Distribution "rendered [Holdings] insolvent and left [it] with unreasonably small capital to repay the Notes";

e) The allegation in paragraph 24 of the Amended Complaint that "the Company experienced an attrition rate of 11.1% of total machines in just half of 2021—proving that the true annual attrition rate of 2021 was about *20 times higher* than the expected 1.1% annual COAM attrition rate derived from the Note CIM's 2020 data" (emphasis in original);

f) The allegation in paragraph 29 of the Amended Complaint that there are "facts that show Thadani's entire pitch to the Noteholders was a ruse" and which "explains Trive's rush to 'take cash out of the business' in late 2021";

g)  The allegation in paragraph 32 of the Amended Complaint that "Thadani and Trive [as such term is used in the Amended Complaint] knew their representations about Lucky Bucks's financials were false";

h)  The allegation in paragraph 33 of the Amended Complaint that "he [Thadani] and others at Trive were aware something was deeply wrong with the stability of locations at Lucky Bucks";

i)  The allegation in paragraph 88 of the Amended Complaint that "other than the most basic day-to-day operations, Trive maintained explicit approval rights over every material aspect of Lucky Bucks's business";

j)  The allegation in paragraph 131 of the Amended Complaint that "Houlihan itself did little to vet the financial and operational information, relying exclusively on what it was fed by insiders, including Thadani, Sekhri, Ijaz, Bouskill, Boyden, and Kassam";

k)  The allegations in paragraph 133 of the Amended Complaint regarding the diligence conducted by various Noteholders;

l)  The allegation in paragraph 138 of the Amended Complaint that "[i]n calls on August 24, 2021, November 2, 2021, and November 22, 2021, Thadani gave a very aggressive pitch for the company", and the additional allegations regarding those (or other) calls in paragraphs 139-150 of the Amended Complaint;

m)  The allegation in paragraph 145 of the Amended Complaint that "[Trive Capital Management LLC's] own valuations of Lucky Bucks never came close to the $1 billion valuation Thadani gave to Noteholders";

n)  The allegation in paragraph 151 of the Amended Complaint that "Trive's participation . . . in the process was significant for the Noteholders";

o) The allegation in paragraph 155 of the Amended Complaint that "Trive and the Management Defendants made and caused Holdings to make a series of material misrepresentations in inducing the Noteholders to invest", and the additional allegations regarding those supposed misrepresentations in paragraphs 156-189 of the Amended Complaint;

p) The allegation in paragraph 175 of the Amended Complaint that the reference to "bs" in the document identified in that paragraph was to a profanity, and not to "balance sheet," and that this suggested that "Anderson—and the partners to whom he presented, including, upon information and belief, Searcy and Thadani—knew the financials were "'bullshit'";

q) The allegation in paragraph 190 of the Amended Complaint that "[e]ach of the Noteholders relied on Thadani's, Trive's, Sekhri's and Management's false statements";

r) The allegation in paragraph 193 of the Amended Complaint that "[t]he Trive Defendants and Management Defendants, through control of Holdings, caused Holdings to make several representations and warranties in connection with the Note Purchase Agreement which . . . were false when made" and the related allegations in paragraphs 194-199 of the Amended Complaint;

s) The allegations in paragraphs 275 and 304 of the Amended Complaint that the "Holdings Distributions were made with the intent to hinder, delay, or defraud creditors";

t) The allegations in paragraphs 277 and 293, 306, and 320 of the Amended Complaint that the Trive Defendants "received the distributions for no value" or for "inadequate value";

u) The allegations in paragraphs 288 to 290 and 316 to 318 of the Amended Complaint that:

    i. "Holdings received no equivalent value in return for the Holdings Distributions";

ii.  "Holdings received nothing in return" for the Holdings Distributions;

iii.  "[t]he Holdings Distributions left Holdings with no cash" and "caused Holdings to engage in a business or transaction for which Holdings's remaining assets were unreasonably small";

iv.  "Holdings's only remaining asset were its shares of Lucky Bucks—which were themselves nearly valueless if not entirely worthless—in light of Lucky Bucks's maxed out leverage and stripped assets"; and

v.  the Holdings Distributions were "a business or transaction for which Holdings's remaining assets were unreasonably small in relation to the Distribution";

v)  The allegations in paragraphs 310 and 324 of the Amended Complaint that "the Trustee has standing to assert this Cause of Action as the lawful assignee of all right, title, and interest in claims of the Noteholders against Defendants arising out of or in connection with the Notes, the issuance of the Notes, and/or the Note Purchase Agreement";

w)  The allegation in paragraph 327 of the Amended Complaint that "The Holdings Distributions were issued in violation of Del. Code Ann. tit. 6, § 607 because following the distributions, the liabilities of Holdings exceeded the fair value of Holdings's assets";

x)  The allegation in paragraph 328 of the Amended Complaint that the Trive Defendants "knew that the distribution violated Del. Code Ann. tit. 6, § 607";

y)  The allegations in paragraph 334 of the Amended Complaint that the Trive Defendants "made numerous misrepresentations to the Noteholders, including false and misleading statements and omissions concerning" the following:

i.  "lack of attrition and stability of Lucky Bucks's location contracts";

ii.  "the EBITDA generated by Lucky Bucks's prior M&A activity";

    iii.    "Lucky Bucks's ability to continue growing after the issuance through M&A activity";

    iv.    "the accuracy of Lucky Bucks's financial condition and growth projections, in light of the active and ongoing B-Side Racket and poor performance in 2021 that was hidden through the use of pro forma estimates";

    v.    "representing that Holdings was solvent and that Bouskill had conducted an analysis to assess that it was";

    vi.    "Lucky Bucks's relationship with the GLC";

    vii.    "the strength of Lucky Bucks's 'farm team,' which turned out to be an operation run by certain insiders' family members"; and

    viii.    that "Thadani mispresented his and Trive's day-to-day involvement in the business";

z)    The allegations in paragraph 335 of the Amended Complaint that the Trive Defendants:

    i.    "made untrue statements of material fact and omitted to state material facts regarding these schemes and/or made projections concerning the Company that lacked any basis in fact"; and

    ii.    "made numerous material representations or omitted facts about the accuracy and effectiveness of Lucky Bucks's internal controls or financial reporting and corporate governance, as well as Lucky Bucks' disclosure controls and procedures";

aa)    The allegations in paragraph 336 of the Amended Complaint that the Trive Defendants "engaged in a device, scheme, or artifice to defraud, as well as committed acts, engaged in practices and a course of business which is fraudulent, deceptive or manipulative," and

that the Trive Defendants "statements were made with scienter" and/or "with severely reckless disregard for their truth," and that the Trive Defendants "intended to defraud" the Noteholders;

bb) The allegations in paragraph 337 of the Amended Complaint that the Noteholders "relied on" the Trive Defendants' alleged "misrepresentations and omissions," and that the Noteholders' alleged reliance "was justifiable and reasonable";

cc) The allegation in paragraph 352 of the Amended Complaint that one or more of the Trive Defendants "intentionally and willingly devised and participated in a scheme to defraud the Noteholders of funds";

dd) The allegation in paragraph 354 of the Amended Complaint that the Trive Defendants' sent or received "emails in furtherance of the scheme related to, among other things, compiling false and misleading information to be used in the marketing of the Notes to potential noteholders", and similar allegations in paragraph 356 of the Amended Complaint;

ee) The allegation in paragraph 355 of the Amended Complaint that one or more of the Trive Defendants "made false statements to the Noteholders to induce them in purchasing the notes";

ff) The allegations in paragraph 358 of the Amended Complaint that one or more of the Trive Defendants "abused the corporate form in order to conceal the enterprise's crimes and to frustrate efforts to detect or remedy those crimes," "used Holdings to steal money from the Noteholders," and used complex structures and other entities in order to receive and distribute payments, including LBVI, and the Trive entities";

gg) The allegation in paragraph 368 of the Amended Complaint that one or more of the Trive Defendants "agreed with [] other [Defendants] and with such persons to 'take cash out of the business' from Lucky Bucks and the Estate in every possible way, including through stripping Lucky Bucks's assets, committing securities fraud, and executing a series of fraudulent transfers";

hh) The allegation in paragraph 377 of the Amended Complaint that one or more of the Trive Defendants engaged in racketeering activities that "took place in . . . Georgia";

ii) The allegation in paragraph 383 of the Amended Complaint that one or more of the Trive Defendants "made material misrepresentations and concealed material facts in their dealings with Lucky Bucks, Holdings, and the Noteholders";

jj) The allegation in paragraph 387 of the Amended Complaint that one or more of the Trive Defendants "knew that the Noteholders would receive and rely upon" representations by the Trive Defendants, "and intended that their false and/or misleading statements would induce the Noteholders to purchase the Notes and/or would induce the Noteholders not to investigate Defendants' wrongdoing once results started to decline";

kk) The allegation in paragraph 388 of the Amended Complaint that the Trive Defendants' "misrepresentations were material";

ll) The allegations in paragraphs 389 and 390 of the Amended Complaint that "[t]he Noteholders reasonably and justifiably relied on such misrepresentations and omissions", that "[t]he Noteholders would not have purchased Notes at all, or at the prices they paid, had the Noteholders known the true facts regarding Defendants' various schemes", that "the Noteholders were induced by Defendants to forebear from investigating Defendants' various schemes, based on the misrepresentations that were directed to the causes of

Lucky Bucks's declining performance", and that "[t]he Noteholders specifically and actually relied on those misrepresentations in not investigating Lucky Bucks's poor performance earlier";

mm) The allegation in paragraph 394 of the Amended Complaint that one or more of the Trive Defendants "negligently made misrepresentations and/or concealed or failed to disclose material facts about Holdings's financial performance and business operations, its reported financial information, and internal controls and corporate governance" and that such statements were made by virtue of one or more of the Trive Defendants' "statements to the Noteholders that purported to provide an accurate and honest reporting of Lucky Bucks's business operations and financial condition";

nn) The allegation in paragraph 396 of the Amended Complaint that one or more of the Trive Defendants "had a duty of care to, and special relationship with, the Noteholders";

oo) The allegation in paragraph 397 of the Amended Complaint that each of the Trive Defendants "personally induced the Noteholders' investment in Notes by leveraging their senior management positions and their unique knowledge of Lucky Bucks's finances and business operations, due to their access to inside information," and that each Trive Defendant "developed a special degree of trust with the Noteholders in making their investment decision regarding the purchase of the Notes"; and

pp) The allegation in paragraph 398 of the Amended Complaint that,"[t]he Noteholders actually read, reviewed and relied on, and were misled by [one or more of the Trive] Defendants' misrepresentations."

**Response to Request No. 6:**

Plaintiff incorporates herein all of the General Objections set forth above. Plaintiff objects to this Request as overly broad, unduly burdensome, not relevant to the claims and defenses in the action, and not proportional to the needs of the action insofar as it seeks "All Documents" irrespective of their relevance to the current proceeding.

Subject to and without waiving the foregoing objections, and based upon a reasonable search using search terms agreed upon by both parties, Plaintiff will produce non-privileged and responsive documents supporting the allegations in the Complaint.

**Request for Production No. 7:**

All document retention notices, litigation holds, or other legal holds prepared in connection with the Adversary Proceeding or the Bankruptcy Cases, including without limitation any such notices, or litigation or legal holds, prepared by, sent to, or put in effect by any of the Noteholders.

**Response to Request No. 7:**

Plaintiff incorporates herein all of the General Objections set forth above. Plaintiff further objects to this request on the grounds that it is unduly burdensome, not relevant to the claims and defenses in the action, and calls for discovery on discovery to which the Trive Defendants are not entitled. *See Brit. Telecommunications PLC v. IAC/Interactivecorp*, No. CV 18-366-WCB, 2020 WL 1043974, at *7 (D. Del. Mar. 4, 2020) (denying plaintiff's "discovery on discovery" request where the moving party failed to show a material deficiency in the responding party's e-discovery process) (citing *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014)); *see also Grant v. Witherspoon*, 2019 WL 7067088, at *1 (S.D.N.Y. Dec. 23, 2019) ("Where, as here, a party seeks discovery on discovery, that party must provide an adequate factual basis to justify the discovery, and the Court must closely

scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." (internal quotation marks omitted)).  Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-production protection.

Plaintiff will not produce documents in response to this request.

Dated:  April 4, 2025

WHITEFORD TAYLOR & PRESTON LLP
By: */s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (DE No. 2936)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
Facsimile: (302) 357-3286

-and-

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Susheel Kirpalani
Andrew J. Rossman
Mario O. Gazzola
295 Fifth Avenue, 9th Floor
New York, New York 10016

*Counsel to the Chapter 7 Trustee*