# **EXHIBIT D**

**WILMERHALE**

April 23, 2025

Ross E. Firsenbaum

+1 212 295 6323 (t)
+1 212 230 8888 (f)
ross.firsenbaum@wilmerhale.com

**CONFIDENTIAL**

**(Via Email)**
Mario Gazzola
Kendall Bender
Quinn Emanuel Urquhart & Sullivan LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com
kendallbender@quinnemanuel.com

      Re:  *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO) (Bankr. D. Del. 2024)

Dear Counsel:

      We write on behalf of the Trive Defendants[1] to memorialize our understanding from our April 18, 2025 meet and confer (the "Meet and Confer") in connection with the Trustee's *Responses and Objections to the Trive Capital Management LLC's First Set of Requests for Production of Documents*, dated April 4, 2025 (the "Responses").

      During the Meet and Confer, you agreed to produce to the Trive Defendants all documents the Trustee received in connection with Federal Rule of Bankruptcy Procedure 2004 in Holdings' Chapter 7 bankruptcy proceeding ("Rule 2004 Discovery"), which you said consisted of documents produced by Manu Sekhri, James Boyden, Ryan C. Bouskill, Hassan Ijaz, Stephanie Lippa née Polito, and 2786692 Ontario Inc. (collectively, the "Management Defendants"), Arc Gaming and Technologies, LLC f/k/a Lucky Bucks, LLC ("Arc Gaming"), Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), Anil Damani and Lucky Bucks Ventures, Inc. (the "Damani Defendants"), and Shearman & Sterling LLP ("Shearman"). You agreed to begin the process of producing such documents this week such that we receive them later this week or next week at the latest, apart from documents produced by Shearman, which documents the Trustee maintains raise privilege questions warranting further review. As we said during the Meet and Confer, we believe that the Trustee must produce any communications between Shearman & Sterling LLP and third parties that break the privilege, as well as any communications involving the Trive Defendants (which, even if privileged, the Trive Defendants would have a right to receive). We therefore ask that you commit to producing those documents

---

      [1] The Trive Defendants consist of Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Lucky SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.

**WILMERHALE**

Mario Gazzola, et al.
April 23, 2025
Page 2

on a rolling basis, any other discoverable documents produced by Shearman, and a privilege log identifying any withheld documents, all to be completed by May 30, 2025.

You told us that the Trustee does not have additional responsive documents in its possession or custody. Specifically, you told us that Arc Gaming has possession of Lucky Bucks, LLC's servers and other electronic and hard copy records, and that Holdings did not have any servers, network drives, or other electronic or hard copy repositories of responsive information.

You also told us that Trustee agrees to collect and produce responsive, non-privileged documents in the possession, custody, and control of the Noteholders. You said that while your firm has had some discussions with the Noteholders regarding document collection it has not, to date, collected or reviewed any documents from the Noteholders, either in the Adversary Proceeding or in Rule 2004 Discovery. Both sides agreed to meet-and-confer again this Thursday to discuss the parameters of such collections (e.g., sources to be searched from each Noteholder, time period, and search terms), and you agreed to attempt to provide us in advance of (or at least during) such meet-and-confer the Noteholders' working group lists for the 2021 and 2022 Holdings' notes transactions.

We also discussed several of the Trustee's specific objections and responses. In connection with Request No. 1, you told us that the Trustee agreed to produce all documents produced in connection with Rule 2004 Discovery, the Holdings and Lucky Bucks HoldCo, LLC bankruptcy proceedings, and this adversary proceeding, but that you were still considering whether documents produced in the "Revocation Proceeding," which we understand to be the adversary proceeding brought on January 23, 2024 by the Trustee against Arc Gaming and Lucky Bucks HoldCo, LLC, would be responsive to the request. Please let us know the Trustee's position regarding the Revocation Proceeding. In connection with the Request No. 3, you agreed that the Trustee would produce documents related to the listed topics and defined terms with the exception of (1) communications between or among Noteholders that are entirely unrelated to Lucky Bucks (such as, for instance, communications between two or more Noteholders relating to separate transactions unrelated to Lucky Bucks); and (2) communications that relate to different Trive sponsorships. The Trive Defendants will consider your proposed exclusions and reserve their rights. In connection with Request No. 4, you stated that the Trustee agreed to produce all responsive communications other than communications between the Noteholders and Houlihan Lokey that concerned engagements or transactions entirely unrelated to Lucky Bucks. Finally, with respect to Request No. 6, you said that the Trustee did not plan to withhold documents solely on the grounds that they related to but did not "support" the Trustee's

**WILMERHALE**

Mario Gazzola, et al.
April 23, 2025
Page 3

allegations.  In other words, the Trustee will produce all responsive documents even if they contradict or otherwise do not support the Trustee's allegations in the Amended Complaint.

      Please let us know if you have a different understanding from last week's meet and confer.

Best regards,

*/s/ Ross E. Firsenbaum*
Ross E. Firsenbaum