# __EXHIBIT J__

**WILMERHALE**

July 25, 2025

**Mike McGuinness**

+1 212 230 8873 (t)
+1 212 230 8888 (f)
Mike.McGuinness@wilmerhale.com

**CONFIDENTIAL**

**(Via Email)**
Mario Gazzola, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com

> Re:  *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO)
>      (Bankr. D. Del.)

Dear Mario:

We write on behalf of the Trive Defendants[1] to memorialize our understanding from our July 22, 2025 meet-and-confer regarding the three issues below that also were the subject of our July 17, 2025 letter.

**Trustee's Production of Revocation Proceeding Documents:**  We reiterated that the Trustee must review documents from the Revocation Proceeding because of the common issues in that action and this one (e.g., the alleged B-Side Business fraud).

You told us that you did not believe many documents were produced or received in the Revocation Proceeding, but that Arc Gaming may have made a small production of documents to the Trustee's counsel, Whiteford, Taylor & Preston LLP.  You agreed to discuss with your client whether he will agree to review and produce documents prepared, produced, or received by the Trustee (or his counsel) as part of the Revocation Proceeding in response to the Requests.  Please let us know whether the Trustee will agree to produce such documents no later than **July 31, 2025**.

**Trustee's Production of Ad Hoc Collections from the Noteholders:**  You did not (and could not) contest the relevance of these documents or suggest that producing them would constitute any undue burden.  Rather, you suggested, without previously doing so in writing or identifying any supporting legal authority, that producing the "ad hoc" documents now could constitute a disclosure of attorney work product by revealing the nature of the Trustee's requests to the Noteholders ahead of the filing of the Complaint.  We disagreed since the production of

---

[1] Capitalized terms have the same meaning as in my prior correspondence regarding these topics, unless otherwise defined herein.

WilmerHale

Mario Gazzola
July 25, 2025
Page 2

the "ad hoc" documents in a standalone production would not constitute a disclosure of attorney work product and the documents themselves are not work product.

You stated that the Trustee will include all of the "ad hoc" documents received from the Noteholders as part of a larger initial production of Noteholder documents, but did not commit to when such a production would be made, despite having received our document requests nearly five months ago.  Please let us know in writing by **July 31, 2025** by when the Trustee will commit to make such production.

**Status of Noteholders Collections:**  You told us that four of the Noteholders had started to collect documents, but that two Noteholders had retained separate counsel and had yet to confirm that such collections had begun.  Please provide us with an update in writing on the status of these collections by **July 31, 2025**.

Please let us know if you have a different understanding from Tuesday's meet-and-confer.

Best regards,

*/s/ Michael McGuinness*
Michael McGuinness