# **EXHIBIT K**

**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7102**

WRITER'S EMAIL ADDRESS
**mariogazzola@quinnemanuel.com**

July 31, 2025

**VIA EMAIL**

Michael McGuinness, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Re:     *Abrams v. Trive Capital Management LLC, et al.*,
         Adversary Proceeding No. 24-50130 (Bankr. D. Del.).

Dear Mr. McGuinness,

The Trustee writes this letter in response to your July 25, 2025 letter regarding our July 22, 2025 meet-and-confer and to Mr. Firsenbaum's July 17, 2025 letter.

The Trustee assumes that the Trive Defendants raised all items from their previous letters that warranted a response at the July 22, 2025 meet-and-confer, and accordingly writes to address only the outstanding items from your July 25, 2025 letter at this time.

In addition, please let us know when the Trive Defendants will respond to our questions sent via email on July 22, 2025.

Production of Revocation Proceeding Documents

The Trustee has agreed to review and produce any additional relevant documents that were received by the Trustee as part of the Revocation Proceeding. The Trustee did not produce any documents in the Revocation Proceeding.

Ad Hoc Collections From Noteholders

The Trustee confirms that he will produce "ad hoc" collections received from the Noteholders together with the Trustee's fulsome production of Noteholder documents. To that effect, the Trustee reminds you that we sent the Trive Defendants the Trustee's proposed 502(d) stipulation on July 18, 2025. The Trive Defendants should promptly return any comments on the proposed stipulation to the extent they have any.

Collections From Noteholders

The Trustee has received documents from four Noteholders, and the remaining two expect to produce their documents to the Trustee in the coming days. In your July 25, 2025 letter, you represent that two Noteholders retained separate counsel. This is incorrect—one Noteholder retained separate counsel, but separate counsel has now agreed to produce that Noteholder's documents to the Trustee.

Trive Custodians

At the meet-and-confer, Trive continued to press its argument that discovery of Conner Searcy's documents is duplicative of the production that the Trustee received of Jamie Boyden's custodial documents. The Trustee disagrees. In addition to being Trive's registered contact with the Georgia Lottery Commission, Mr. Searcy was also substantively involved in Trive's decision making process regarding its investment in Lucky Bucks. *See e.g.* Trive_00008251; Trive_00009879. Thus, Mr. Searcy's documents and communications are clearly relevant and not entirely duplicative with Mr. Boyden's custodial documents. During that meet-and-confer, we asked you to produce hit counts for Mr. Searcy's documents in order to substantiate your objection that Mr. Searcy's documents would be duplicative. Please confirm the Trive Defendants will add Conner Searcy as a custodian.

Best,

/s/ *Mario O. Gazzola*

Mario O. Gazzola