# EXHIBIT L

WILMERHALE

August 8, 2025

**Michael McGuinness**

+1 212 230 8873 (t)
+1 212 230 8888 (f)
Mike.McGuinness@wilmerhale.com

**CONFIDENTIAL**

**(Via Email)**
Mario Gazzola, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com

      Re:  ***Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO)
             (Bankr. D. Del.)**

Dear Mario:

      We write on behalf of the Trive Defendants[1] in response to your July 31, 2025 letter (the
"Letter"), and in furtherance of our letters dated April 23, 2025, May 2, 2025, June 3, 2025, July
17, 2025, and July 25, 2025.

      **A.      Outstanding Items Related to Trustee's Responses**

      Your assumption that "the Trive Defendants raised all items from their previous letters
that warranted a response at the July 22, 2025 meet-and-confer" is wrong and shows only that
you did not take the time to read closely our July 17, 2025 letter.  Ltr. at 1.  Our letter made clear
that we saw two areas of impasse between the parties:  (1) the production of documents related to
the Revocation Proceeding, and (2) the production of the Trustee's "ad hoc" collections from the
Noteholders.  *See* July 17, 2025 Ltr. from R. Firsenbaum to M. Gazzola (the "July 17 Letter" or
"July 17 Ltr."), at 2, 3.  We asked for a meet-and-confer on those issues because, as you likely
know, the Local Rules require the parties to confer before the filing of a motion to compel.  *See*
Del. Bankr. L.R. 7026-1(d).  By raising those two topics at the July 22, 2025 meet-and-confer,
we did not abandon the other issues raised in our July 17 Letter, all of which have been
outstanding for months.

      Specifically, the following issues raised in our July 17 Letter are outstanding and require a
response from the Trustee.  Please provide a response in writing to each of the below by no later
than **August 15, 2025.**

---

[1] Capitalized terms have the same meaning as in our prior correspondence regarding
these topics, unless otherwise defined herein.

**WilmerHale**

Mario Gazzola
August 8, 2025
Page 2

- In connection with Rule 2004 discovery, our request that the Trustee "produce to us all communications between your firm (and any other counsel for the Trustee), on the one hand, and any producing party (e.g., Arc Gaming, Shearman, Houlihan Lokey, the Management Defendants, and the Damani Defendants) on the other hand, concerning the scope of each producing party's search and/or production Rule 2004 subpoena," *see* July 17 Ltr. at 2, § B;

- In connection with the Trive Defendants' Request No. 3, our request that you "identify what categories of documents the Trustee intends to withhold from production in response to [Request No. 3] on the basis that such topics or categories are, in the Trustee's view, not relevant to the adversary proceeding," *id.* at 2-3, § D;

- In connection with hard copy materials from the Noteholders, our request that you "confirm whether the Trustee intends to rely on custodian say-so or do more (and if so what more) before concluding that there are no unique hard copy documents to be produced," *id.* at 3, § E ("Hard Copy Materials");

- In connection with the sources of your collections from the Noteholders, our request that you provide "(1) the 'anticipated volume of documents and information included in the deal files and/or shared drives of the Noteholders,' and (2) confirmation that the Noteholders will agree that 'the personal phones and other devices of custodians who are current Noteholder employees [will] be searched for relevant communications and information,'" *id.* at 5-6, § E ("Sources").[2]

**B.    Production of the Revocation Proceeding Documents**

We appreciate the Trustee's agreement to produce "any additional documents that were received by the Trustee as part of the Revocation Proceeding." Ltr. at 1.  However, it is unclear what you mean by "any additional documents."  We assume that you will produce *all* documents from the Revocation Proceeding that are responsive to the Requests.  You told us during the meet-and-confer that you believed Arc Gaming's production of documents in the Revocation Proceeding was likely relatively small, so, if that is true, there is no reason why you cannot review and produce such documents in short order.  Please do so as soon as possible, and no later than **August 15, 2025**.

---

[2]  The Trive Defendants reserve all rights to request additional information from the Trustee, including, but not limited to, information in connection with any of the Trive Defendants' Requests and/or any productions of documents made by the Trustee in response to those Requests.

WILMERHALE

Mario Gazzola
August 8, 2025
Page 3

### C.    Production of Ad Hoc Collections from the Noteholders

The statement in your letter that the Trustee agrees to produce the "ad hoc" collections from the Noteholders "with the Trustee's fulsome production of Noteholder documents" does not commit to a production date and therefore does not address our concern or resolve the impasse. Ltr. at 1.  As we explained during the meet-and-confer, there is no basis to refuse to produce those documents *now*, nearly five months after we served document requests.  The documents are already gathered, are not protected attorney work product, and your "reverse-engineering" theory—which you raised for the first time during the during the meet-and-confer—is meritless. *See* July 25, 2025 Ltr. from M. McGuinness to M. Gazzola, at 2-3.  Your failure to commit to producing them by a prompt date certain will leave us with no choice but to file a motion to compel.  Of course, if you commit in writing to doing so in the meantime, our preference would be to avoid burdening the Court with a dispute that the Trustee can easily avoid.

### D.    Rule 502(d) Stipulation

We are puzzled by your Letter's reference to the proposed 502(d) stipulation in connection with the "ad hoc" Noteholder collections.  That stipulation addresses purportedly privileged documents produced by Shearman to the Trustee in Rule 2004 Discovery.  It has no bearing on discovery from the Noteholders, who were counterparties to the Notes and are outside any such privilege.  We assume the Trustee is not taking the position that any Noteholder documents fall within an attorney-client privilege that belongs to Holdings and its former counsel.  But if that is the Trustee's position, please say so in writing.

In any event, we have provided our edits to the stipulation to other defense counsel, and we are currently waiting for their comments on the draft.

### E.    Trustee's July 22, 2025 Email and Mr. Searcy's Documents

We will respond to the questions raised in your July 22, 2025 email, and the Letter's request to add Mr. Searcy as a custodian, by separate correspondence.

We look forward to receiving your responses.

Best regards,

*/s/ Michael McGuinness*
Michael McGuinness