# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>**LUCKY BUCKS HOLDINGS LLC,**<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |

**RESPONSES AND OBJECTIONS OF NON-PARTIES
TRIVE CAPITAL MANAGEMENT, LLC, TRIVE CAPITAL HOLDINGS LLC,
TRIVE CAPITAL FUND III GP LLC, TRIVE CAPITAL FUND III-A GP LLC,
TCFIII LUCK SPV LP, AND TCFIII LUCK ACQUISITION LLC
TO THE TRUSTEE'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal rules of Civil Procedure, non-parties Trive Capital Management, LLC, Trive Capital Holdings LLC, Trive Capital Fund III GP LLC, Trive Capital Fund III-A GP LLC, TCFIII Luck SPV LP, and TCFIII Luck Acquisition LLC (together, "**Trive**"), through their undersigned counsel, hereby object and respond (through these "**Responses and Objections**") to the Requests for Production (the "**Requests**" or, individually, a "**Request**") attached as Exhibit A to the Subpoena for Rule 2004 Examination dated March 7, 2024 (the "**Subpoena**") served by Marc Abrams in his capacity as chapter 7 trustee (the "**Trustee**") for Lucky Bucks Holdings LLC (the "**Debtor**" or "**Lucky Bucks**") in this chapter 7 case (the "**Bankruptcy Proceeding**").

### GENERAL RESPONSES

1.     Trive's Responses and Objections to the Requests are based on the best information currently available to Trive.  Trive's Responses and Objections shall not be construed as a representation that documents responsive to the Requests exist or can be located.

2.      Nothing herein shall constitute, or be construed to be, a waiver of any rights, defenses, or additional objections that Trive may have in response to the Subpoena or the Requests.

3.      Any response that Trive makes to the Requests shall not be deemed an admission that any Request is proper; the response, information, document, or thing produced is relevant to a claim, defense, or the subject matter of any litigation; is reasonably calculated to lead to the discovery of admissible evidence; is material; or is admissible as evidence.

4.      Except where expressly stated, Trive does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization contained in the Requests, or any definition therein, even where Trive has not otherwise objected to a particular Request or definition, or has agreed (or in the future will agree) to provide documents or information responsive to a particular Request.  Trive does not intend any incidental or implied admission by these Responses.

5.      Any statement or indication that one or more of the Trive entities is willing to or will produce documents in response to any of the Requests is limited to non-privileged, responsive documents and is not intended to convey that such documents exist.

6.      To the extent Trive provides information or documents in response to the Requests, Trive does so without limiting or waiving any of the substantive objections that it may otherwise have available.

7.      To the extent Trive produces information or documents in response to the Requests, it will do so on a rolling basis.

8.      Trive reserves the right to amend, supplement, correct, or clarify Trive's Responses and Objections in accordance with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or other applicable rule, law, or court order

(together, the "**Rules**").  In doing so, Trive assumes no obligation not required by the Federal or Local Rules to supplement Trive's Responses and Objections to the Requests.  Trive further reserves the right to introduce at trial or any proceeding any evidence from any source and testimony from any witness.

9.      Trive reserves the right to seek to shift costs imposed by the Trustee's overbroad and unduly burdensome Requests from Trive to the Trustee as appropriate under applicable law.

## <u>GENERAL OBJECTIONS</u>

The following General Objections apply to and are incorporated into each Specific Response and Objection below, whether or not expressly incorporated by reference in each response.  Trive's failure to specify any General Objection in response to a particular Request is not intended to waive the General Objection.

1.      Trive objects to the Requests to the extent they seek to impose obligations on Trive beyond those required by the Rules.

2.      Trive objects to the Requests to the extent they seek the production of information or documents that are outside of Trive's possession, custody, or control or are not reasonably available to Trive.

3.      Trive objects to the Requests to the extent they require Trive to provide information or documents (a) outside of its possession, custody, or control; or (b) maintained by Trive's attorneys or representatives.  Trive further objects to the Requests to the extent they anticipate that Trive will collect documents from third parties.  Such Requests seek information outside of Trive's control, impose an undue burden, and are inconsistent with the obligations imposed by the Rules.

4.      Trive objects to the Requests to the extent they (a) are so vague, ambiguous, or confusing as not to be susceptible to a reasoned interpretation or response; (b) fail to identify with

reasonable particularity the information sought; (c) are overbroad, overly expansive, oppressive, or unduly burdensome and would thus impose on Trive an unreasonable burden of inquiry or unreasonable costs; and (d) are duplicative of other Requests.

5. Trive objects to the Requests to the extent they seek information or documents that are (a) already in the possession, custody, or control of the Trustee or his advisors; (b) obtainable from sources that are more convenient, less burdensome, or less expensive than Trive; or (c) a matter of public record.

6. Trive objects to the Requests to the extent they call for the disclosure or production of (a) information or documents that Trive is restricted from disclosing by law, regulation, contractual obligation, non-disclosure agreement, confidentiality agreement, court order, or other legal requirement; (b) confidential, proprietary and/or trade secret documents that are not sufficiently protected from disclosure to the parties, third parties, and/or the public; (c) personal information, and/or personally identifiable information, including, but not limited to, names and addresses; and/or (d) information or documents in violation of any individual's or entity's right to privacy under any applicable state, federal, or constitutional provisions or laws. Trive reserves all rights to take, or refrain from taking, any action as may be necessary to comply with any regulatory, contractual, or other legal obligations in connection therewith. Trive reserves the right to seek judicial intervention in connection with any such obligations or related issues.

7. Trive objects to the Requests to the extent they purport to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive does not intend to produce such information or documents, and any inadvertent production of documents containing privileged or otherwise protected

information shall not be deemed nor is it intended to constitute a waiver of the attorney-client privilege, work product doctrine, or any other applicable privileges, immunities, or protections.

8.      Trive objects to the Requests to the extent they seek information unlikely to lead to the discovery of evidence relevant to any issues in the Bankruptcy Proceeding.

## OBJECTIONS TO DEFINITIONS

1.      Trive objects to the definition of "Document" and "Documents" to the extent it exceeds the scope of Rule 34 of the Federal Rules of Civil Procedure. Trive further objects to this definition as it seeks to require Trive to collect and produce duplicative and needlessly cumulative discovery.

2.      Trive objections to the definition of "Electronically Stored Information" and "ESI" to the extent it exceeds the scope of Rule 34 of the Federal Rules of Civil Procedure. Trive further objects to this definition as it seeks to require Trive to collect and produce duplicative and needlessly cumulative discovery.

3.      Trive objects to the definition of "Location Owners" as vague and ambiguous in the meaning of "those with contracts."

4.      Trive objects to the definitions to the extent that they do not define "communication," "Independent Director," "OpCo Location Owner contracts," "PIK Notes," and "Transaction," despite those terms being used in the Requests. "Communications" (not capitalized) is used in every Request. "Independent Director" (capitalized) is used in Request Nos. 13 and 18. "OpCo Location Owner contracts" (partially capitalized) is used in Request No. 14. "PIK Notes" (capitalized) is used in the definitions of "Distribution Transactions," "Note Purchase Agreement," and "PIK Noteholders" and in Request Nos. 1, 5, and 6. "Transaction" (capitalized) is used in Request No. 8.

## OBJECTIONS TO INSTRUCTIONS

1.      Trive objects to the Instructions to the extent they seek to impose any burden on Trive greater than those encompassed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

2.      Trive objects to Instruction No. 2 as overbroad, unduly burdensome, and disproportionate to the extent it demands that Trive collect and produce "all responsive documents without any limitation with respect to date" at Trive's sole expense.  Trive will endeavor in good faith to search for, identify, collect, store, review, and produce documents responsive to the Requests from within a reasonable period of time.

3.      Trive objects to Instruction No. 4 as overbroad, unduly burdensome, disproportionate, vague, and ambiguous to the extent it demands that Trive produce "any and all file folders within which the document was contained."  To the extent Trive produces information or documents in response to the Requests, Trive will include metadate reflecting the file paths of the produced documents.

4.      Trive objects to Instruction No. 8 as overbroad, unduly burdensome, disproportionate, vague, and ambiguous to the extent it demands that Trive produce information and documents "in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s)."  To the extent Trive produces information or documents in response to the Requests, Trive will include metadate reflecting the file paths and custodians of the produced documents.

5.      Trive objects to Instruction No. 13 as overbroad, unduly burdensome, and disproportionate to the extent it demands that Trive produce documents in the possession, custody, or control of Trive's "directors, officers, agents, employees, representatives, subsidiaries,

managing agents, affiliates, accountants, investigators, or by [Trive's] attorneys or their agents, employees, representatives or investigators."

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**   All documents and communications relating to the decision to issue the PIK Notes.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "PIK Notes" are vague, ambiguous, and undefined.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 2:**   All documents and communications relating to the financial statements prepared in connection with the Distribution Transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "financial statements" are vague, ambiguous, and undefined.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 3:**  All board meeting minutes and all documents provided to and communications with Board Members between May 2020 and June 2023.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is overly broad in time and scope as it seeks documents from May 2020 to June 2023.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "board meeting minutes" are vague, ambiguous, and undefined.  Trive objects to the Request to the extent it purports to seek

the production of documents protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privileges, immunities, or protections that make the

information or documents non-discoverable.  Trive further objects to this Request to the extent it

calls for documents that are available from other sources that are less burdensome or less

expensive, including, in particular, from the Debtor and the Board Members.

Subject to and without waiver of the foregoing objections, Trive will produce responsive,

non-privileged documents responsive to this Request that it is able to identify after conducting a

reasonable search.


**DOCUMENT REQUEST NO. 4:**    All documents and communications relating to the operations and performance of B-Side businesses, and contracts between Lucky Bucks LLC and B-Side Businesses.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to

Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive

further objects on the grounds that this Request is ambiguous because the terms "communications"

and "operations and peformance" are vague, ambiguous, and undefined.  Trive also objects on the

grounds that this Request is confusing and subject to multiple interpretations because "B-Side

Businesses" is a defined term in the definitions, but in this Request, "B-Side businesses" is not

capitalized.  Trive assumes that "B-side businesses" has the same meaning as "B-Side Businesses."

Trive objects to the Request to the extent it purports to seek the production of documents protected

from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable

privileges, immunities, or protections that make the information or documents non-discoverable.

Trive further objects to this Request to the extent it calls for documents that are available from

other sources that are less burdensome or less expensive, including, in particular, from the Debtor

and the B-Side Businesses.

Subject to and without waiver of the foregoing objections, Trive will produce responsive,

non-privileged documents responsive to this Request that it is able to identify after conducting a

reasonable search.


**DOCUMENT REQUEST NO. 5:** All documents and communications relating to marketing materials and/or information provided to PIK Noteholders or potential PIK Noteholders related to the PIK Notes and/or the Distribution Transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to

Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive

further objects on the grounds that this Request is ambiguous because the terms PIK Notes,

communications, information, and "marketing materials" are vague, ambiguous, and undefined.

Trive also objects on the grounds that this Request is confusing and subject to multiple

interpretations because "PIK Noteholders" is a defined term, but "potential PIK Noteholders,"

while partially capitalized, is not a defined term.  Trive objects to the Request to the extent it

purports to seek the production of documents protected from disclosure by the attorney-client

privilege, the work product doctrine, or any other applicable privileges, immunities, or protections

that make the information or documents non-discoverable.  Trive further objects to this Request to

the extent it calls for documents that are available from other sources that are less burdensome or

less expensive, including, in particular, from the Debtor, PIK Noteholders, and potential PIK

Noteholders.

Subject to and without waiver of the foregoing objections, Trive will produce responsive,

non-privileged documents responsive to this Request that it is able to identify after conducting a

reasonable search.

**DOCUMENT REQUEST NO. 6:**    All    documents    and    communications    containing
information relevant to the PIK Notes, the Distribution Transactions, and/or the OpCo's financial
condition that were not provided to the PIK Noteholders.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to

Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive

further objects on the grounds that this Request is ambiguous because the terms "PIK Notes,"

communications, and "financial condition" are vague, ambiguous, and undefined.  Trive also

objects to this Request on the grounds that it assumes certain information exists but was not

provided to the PIK Noteholders.  Trive objects to the Request to the extent it purports to seek the

production of documents protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privileges, immunities, or protections that make the

information or documents non-discoverable.  Trive further objects to this Request to the extent it

calls for documents that are available from other sources that are less burdensome or less

expensive, including, in particular, from the Debtor and OpCo.

Subject to and without waiver of the foregoing objections, Trive will produce responsive,

non-privileged documents responsive to this Request that it is able to identify after conducting a

reasonable search.

**DOCUMENT REQUEST NO. 7:**    All documents and communications provided to or
exchanged with the Insiders regarding the materials provided to PIK Noteholders, including but
not limited to any assessments, analyses, or evaluations of the accuracy of those materials.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "materials" are vague, ambiguous, and undefined.  Trive also objects on the grounds that this Request assumes assessments, analyses, and evaluations were provided to the alleged Insiders. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and the Insiders.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 8:**   All documents and communications relating to the OpCo's financial position prior to and at the time of the Transaction and/or the Insiders' knowledge of such information.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications"

and "financial position" are vague, ambiguous, and undefined.  Trive also objects on the grounds

that this Request is confusing and subject to multiple interpretations because Transaction is

capitalized but is not a defined term.  Trive objects to the Request to the extent it purports to seek

the production of documents protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privileges, immunities, or protections that make the

information or documents non-discoverable.  Trive further objects to this Request to the extent it

calls for documents that are available from other sources that are less burdensome or less

expensive, including, in particular, from the Debtor and OpCo.

Subject to and without waiver of the foregoing objections, Trive will produce responsive,

non-privileged documents responsive to this Request that it is able to identify after conducting a

reasonable search.

**DOCUMENT REQUEST NO. 9**:    All documents and communications relating to the
purported reasons why OpCo's business outlook declined in 2022, including but not limited to
discussions about the foreseeability and/or likelihood of a decline in business outlook from those
trends.  For the avoidance of doubt, the purported reasons why OpCo's business outlook declined
in 2022 include but are not limited to criminal misconduct GLC enforcement, declines in stimulus-
related gaming, risk of recession, and interest rate trends.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to

Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive

further objects on the grounds that this Request is ambiguous because the terms

"communications," "business outlook," "those trends," "criminal misconduct GLC enforcement,"

"declines in stimulus-related gaming," "risk of recession," and "interest rate trends" are vague,

ambiguous, and undefined.  Trive also objects on the grounds that this Request assumes "criminal

misconduct GLC enforcement" occurred.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and OpCo.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 10:** All documents and communications related to inducements provided by OpCo's competitors or B-Side Businesses to Location Owners.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "inducements," and "competitors" are vague, ambiguous, and undefined. Trive also objects on the grounds that this Request seeks documents outside of its possession, custody, or control.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive,

including, in particular, from the Debtor, OpCo's competitors, B-Side Businesses, and Location Owners.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 11:** All documents and communications related to Shafik "Tony" Kassam's resignation from Lucky Bucks.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "resignation" are vague, ambiguous, and undefined. Trive also objects to the extent this Request seeks documents outside of its possession, custody, or control. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and Mr. Kassam.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 12:** All documents and communications between You and Anil Damani or Shafik "Tony" Kassam following Anil Damani's resignation from Lucky Bucks.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "resignation" are vague, ambiguous, and undefined. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 13:** All documents and communications relating to the engagement of Evercore and M3 in 2022, and relating to the work performed by Evercore and M3 on behalf of OpCo, the Debtors, and/or the Independent Director.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications" and "engagement" are vague, ambiguous, and undefined. Trive also objects on the grounds that this Request is confusing and subject to multiple interpretations because "Independent Director" is capitalized but is not a defined term. Trive also objects to the extent this Request seeks documents outside of its possession, custody, or control. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor, Evercore, M3, OpCo, and the Independent Director.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.


**DOCUMENT REQUEST NO. 14:** All OpCo Location Owner contracts, and all documents and communications regarding the terms of such contracts and any sale or termination of such contracts.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications"

and "engagement" are vague, ambiguous, and undefined.  Trive also objects to the extent this Request seeks documents outside of its possession, custody, or control.  Trive also objects on the grounds that this Request is confusing and subject to multiple interpretations because "OpCo Location Owner contracts," while partially capitalized, is not a defined term.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor, OpCo, and Location Owners.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.


**DOCUMENT REQUEST NO. 15:** All documents and communications regarding the GLC's revocation and termination of location owner licenses, including but not limited to all documents and communications regarding violations or alleged violations of GLC regulations by Location Owners.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "revocation," "termination," "violations," and "regulations" are vague, ambiguous, and undefined.  Trive also objects to this Request on the grounds that it assumes

violations of GLC regulations and/or revocation and termination of location owner's licenses. Along these same lines, Trive objects on the grounds that this Request seeks documents outside of its possession, custody, or control. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor, Location Owners, and the GLC.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 16:** All documents and communications relating to the Insiders' knowledge of violations or alleged violations of GLC regulations by Location Owners.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "violations," and "regulations" are vague, ambiguous, and undefined. Trive also objects to this Request on the grounds that it assumes violations of GLC regulations. Along these same lines, Trive objects on the grounds that this Request seeks documents outside of its possession, custody, or control. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and the Insiders.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 17:**  All documents and communications relating to the existence, nature, or timing of any subsequent transfers from the Insiders of dividends received through the Distribution Transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "subsequent transfers," and "dividends" are vague, ambiguous, and undefined. Trive also objects to this Request on the grounds that it assumes subsequent transfers.  Along these same lines, Trive objects on the grounds that this Request seeks documents outside of its possession, custody, or control.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and the Insiders.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 18**:  All documents provided to and communications with the Independent Director or his advisors in connection with the Independent Director's investigation into the Distribution Transactions.

**RESPONSE TO DOCUMENT REQUEST NO. 18**:

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope.  Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "advisors," and "investigation" are vague, ambiguous, and undefined.  Trive also objects on the grounds that this Request is confusing and subject to multiple interpretations because "Independent Director" is capitalized but is not a defined term.  Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable.  Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor and the Independent Director.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

**DOCUMENT REQUEST NO. 19:** All documents and communications regarding the proposed Chapter 11 plan and releases therein.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Trive incorporates the General Objections, Objections to Defintions, and Objections to Instructions.

Trive objects to this Request on the grounds that it is unlimited in time and scope. Trive further objects on the grounds that this Request is ambiguous because the terms "communications," "proposed Chapter 11 plan," and "releases" are vague, ambiguous, and undefined. Trive also objects on the grounds that this Request seeks documents outside of its possession, custody, or control. Trive objects to the Request to the extent it purports to seek the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, immunities, or protections that make the information or documents non-discoverable. Trive further objects to this Request to the extent it calls for documents that are available from other sources that are less burdensome or less expensive, including, in particular, from the Debtor.

Subject to and without waiver of the foregoing objections, Trive will produce responsive, non-privileged documents responsive to this Request that it is able to identify after conducting a reasonable search.

Dated: April 12, 2024
      Wilmington, Delaware

GREENBERG TRAURIG LLP

By: */s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
melorod@gtlaw.com

-and-

Brian E. Greer (*pro hac vice* forthcoming)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
greerb@gtlaw.com

-and-

Joseph P. Davis III (*pro hac vice* forthcoming)
Anne V. Dunne (*pro hac vice* forthcoming)
Alison T. Holdway (*pro hac vice* forthcoming)
One International Place, Suite 2000
Boston, Massachusetts 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
davisjo@gtlaw.com
anne.dunne@gtlaw.com
alison.holdway@gtlaw.com

*Counsel to Trive Capital Management LLC, Trive Capital Holdings LLC, Trive Capital Fund III GP LLC, Trive Capital Fund III-A GP LLC, TCFIII Luck SPV LP, and TCFIII Luck Acquisition LLC*