# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>Plaintiff,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII LUCK ACQUISITION LLC, SHRAVAN THADANI, LUCKY BUCKS VENTURES, INC., ANIL DAMANI, SOUTHERN STAR GAMING LLC, SHAFIK KASSAM, JAMES BOYDEN, RYAN BOUSKILL, RYAN C BOUSKILL PROFESSIONAL CORPORATION, 2786692 ONTARIO INC., MANU SEKHRI, STEPHANIE LIPPA, and HASSAN IJAZ,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. No. 24-50130 (KBO)<br><br>**Related Adv. Docket No. 127** |

## PLAINTIFF'S RESPONSE TO
## TRIVE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff respectfully submits this response to the Notice of Supplemental Authority (the "Notice") filed by the Trive Defendants[1] on September 29, 2025, ECF 127, regarding a recent decision from the United States District Court for the District of South Carolina in *Friedman v. Grant, et al.*, No. 24-00576-JDA (D.S.C. Sept. 23, 2025), Dkt. No. 37 ("Friedman").

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in Plaintiff's *Memorandum of Law in Opposition to the Trive Defendants' Motion to Dismiss the Amended Complaint* (ECF 89) (the "Opposition").

1.	The Trive Defendants assert in the Notice that *Friedman* lends support to their arguments for dismissal of the Trustee's fraudulent transfer claims (Counts I-IV) in the Amended Complaint, ECF 58.  Notice at 1-2.  Not so.  The Trive Defendants' contention (Notice ¶ 2) that the "facts in *Friedman* were essentially the same" is incorrect, and in any event the Trive Defendants' arguments should be rejected for the reasons set forth in Plaintiff's Opposition.

2.	First, there is no indication in *Friedman* that the lenders had anything less than full knowledge of the material facts or were misled in any manner when they entered into the loan agreement at issue.  In contrast, here, the Amended Complaint alleges that "material facts concerning Lucky Bucks' (and therefore Holdings') operational and financial condition" were concealed from the Noteholders, Opp. ¶ 35 (citing FAC ¶¶ 156-86), precluding any finding that the Noteholders "ratified" the challenged distributions at the pleadings stage.  Because the plaintiff in *Friedman* did not argue that the lenders were misled, the court had no occasion to address (let alone resolve) whether the defense of ratification requires knowledge of all material facts surrounding the transaction.  The overwhelming weight of authority confirms that it does.  *See* Opp. ¶ 33 (collecting cases).

3.	Second, in *Friedman*, the fraudulent transfer claims were brought a full *six years* after the challenged transfers, and, as the court noted, those debtors remained solvent for years after the transfers.  *Friedman* at 8.  Those facts naturally would have undermined any inference that the lenders in *Friedman* lacked full knowledge as to the borrower's financial condition at the time of the challenged dividends.  Here, to the contrary, Lucky Bucks' business did not continue successfully for years after the dividends, but rather Luck Bucks and Holdings filed for bankruptcy protection less than a year and a half after the challenged dividends.  FAC ¶¶ 14, 25.

4. Third, in *Friedman*, the two lenders that would otherwise serve as "triggering creditors" under Bankruptcy Code section 544 *actively solicited* the challenged dividends, and one of the lenders received a portion of them as a shareholder. *Friedman* at 6, 8. The court thus found that the lenders would be equitably estopped from avoiding the transfers. *Id.* at 20, 23. Here, there are no assertions that the Noteholders solicited or received any portion of the challenged dividends.

5. For the reasons discussed herein and in Plaintiff's Opposition, *Friedman* does nothing to support the Trive Defendants' ratification defense or any other arguments raised in its Motion to Dismiss.

Dated: September 30, 2025

WHITEFORD, TAYLOR & PRESTON LLC

By: /s/ *Bradley P. Lehman*
William F. Taylor, Jr. (DE No. 2936)
Bradley P. Lehman (DE No. 5921)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
Facsimile: (302) 357-3286
Email:  wtaylor@whitefordlaw.com
         blehman@whitefordlaw.com

-and-

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Susheel Kirpalani
Andrew J. Rossman
Mario O. Gazzola
295 Fifth Avenue, 9th Floor
New York, New York 10016

*Counsel to the Chapter 7 Trustee*