**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>        *Debtor.* | Chapter 7<br><br>No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky<br>Bucks Holdings LLC and as assignee,<br><br>        *Plaintiff,*<br><br>    v.<br><br>TRIVE CAPITAL MANAGEMENT LLC,<br>*et al.*,<br><br>        *Defendants.* | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO) |

**SCHEDULING ORDER**

**WHEREAS**, on October 2, 2025, the Court entered an order denying a motion to compel

filed by the Trive Defendants[1] and directing the Trustee[2] and each Defendant[3] (each a "Party"

and, collectively, the "Parties") to meet and confer regarding a Scheduling Order to govern the

discovery process in this adversary proceeding;

**WHEREAS**, the Parties have conferred and subsequently agreed to the following

discovery schedule;

---

[1] The "Trive Defendants" are Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

[2] The "Trustee" is Marc Abrams, in his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee.

[3] The "Defendants" are the Trive Defendants, Lucky Bucks Ventures, Inc. and Anil Damani (the "Damani Defendants"), and Manu Sekhri, Shafik Kassam, James Boyden, Ryan C. Bouskill Professional Corporation, Ryan Bouskill, Stephanie Lippa, 2786692 Ontario Inc., and Hassan Ijaz (the "Management Defendants").

**IT IS HEREBY ORDERED** that:

1.      Answer.  Defendants shall answer the Amended Complaint by March 4, 2026.

2.      Rule 7026(a)(1) Initial Disclosures.  Unless otherwise agreed to by the Parties, the Parties shall make their initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) within thirty (30) calendar days following the entry of this Scheduling Order.  If they have not already done so, the Parties are to review Local Rule 7026-3, Discovery of Electronic Documents, which is incorporated herein by reference.

3.      Fact Discovery.

   a.      The Parties are expected to conduct discovery consistent with Local Rule 7026-1 and Federal Rules of Civil Procedure 26 through 37.

   b.      Close of Fact Discovery.  Subject to the remaining terms of this Order, all fact discovery shall conclude on or before December 15, 2026.

   c.      Document Production.  Substantial completion of document production shall occur on or before June 2, 2026; provided, however, that any Party may serve subpoenas on non-parties after the deadline for the substantial completion of document production during the fact discovery period.

   d.      Third-Party Productions.  Any Party who receives documents provided by a non-party in response to a subpoena shall produce all documents received from the non-party to all other Parties within one week of the Party's receipt of electronic or hard copies of such a production.

   e.      Requests for Admission.  Each group of related Defendants may serve a maximum of 20 requests for admission each on the Plaintiff and each other group of related Defendants, and the Trustee may serve a maximum of 20 requests for admission on each group

of related Defendants.  For purposes of this Order only, the following shall be considered

separate groups of related Defendants:  the Trive Defendants, the Management Defendants, and

the Damani Defendants.  No requests for admission shall be served prior to March 4, 2026.

        f.      Interrogatories.  Each group of related Defendants may serve a maximum

of 25 interrogatories, inclusive of subparts and contention interrogatories, each on the Plaintiff

and each other groups of related Defendants, and the Trustee may serve a maximum of 25

interrogatories, inclusive of subparts and contention interrogatories, on each group of related

Defendants.  For purposes of this Order only, each of the following shall be considered a

separate group of related Defendants:  the Trive Defendants, the Management Defendants, and

the Damani Defendants.  No interrogatories shall be served prior to March 4, 2026.

        g.      Depositions.

        i.      Timing of Fact Depositions.  Depositions of fact witnesses may begin no sooner than August 2, 2026.

        ii.      Limitation on Depositions.  The Trustee and the Defendants may take up to 20 depositions of fact witnesses per side.  Any deposition noticed by one Party shall be deemed cross-noticed by all other Parties.  The Trustee's cross-noticing of a deposition shall not count against the Trustee's 20-deposition limit.  The Defendants' cross-noticing of a deposition shall not count against the Defendants' 20-deposition limit. All Parties reserve the right to request leave to take additional depositions (and to oppose any such request).

        1.      Non-Party Depositions.  Each deposition of a witness who is not a Party and not under the control of a Party (a "Non-Party Witness")

shall be no longer than seven hours on the record, provided that any Party may request an extension of that time limit, and any Party (or the Non-Party Witness) may oppose any such request.  If the Trustee notices the deposition of a Non-Party Witness, the Trustee shall have 2/3 of the seven hours of designated time on the record with that witness, and Defendants shall have 1/3 of the seven hours of designated time on the record with that witness.  If any Defendant notices the depositions of a Non-Party Witness, the Defendants shall have 2/3 of the seven hours of designated time on the record with the witness, and the Trustee shall have 1/3 of the seven hours of the designated time on the record with that witness.

2. Party Depositions.  The Parties reserve all rights regarding the length and allocation of time for the deposition of any Party or witness controlled by a Party.

iii. Completion of Depositions.  All depositions of fact witnesses shall be completed by the close of fact discovery.

h. Disclosure of Expert Testimony.

i. Expert Reports.  Parties offering affirmative expert opinions (regardless of which Party has the initial burden of proof on the subject matter) shall make their Federal Rule 26(a)(2) disclosure on or before March 1, 2027).  A Party offering rebuttal expert opinions on the same subject matter identified by the other side by that deadline shall make

their Rule 26(a)(2) disclosure of such expert testimony on or before April 30, 2027).

   ii. <u>Expert Discovery</u>.  Unless extended by the Court for good cause shown, all expert discovery shall be completed on or before June 15, 2027.

   i.    <u>Discovery Disputes</u>.  In the event of a dispute regarding discovery between any of the Parties, counsel must meet and confer in a good-faith effort to resolve the dispute before seeking relief from the Court.  In the event the Parties cannot resolve the dispute, it shall be resolved pursuant to Local Rule 7026-1.

4.    <u>Amendment</u>.  Any provision of this Order may be amended by mutual agreement of the Parties, by the Court, or for good cause shown.  The Defendants expressly reserve the right to seek to coordinate some or all discovery in the above-referenced adversary proceeding (including but not limited to depositions of fact witnesses) with discovery in the adversary proceeding captioned *LB NewHoldCo, LLC, et al. v. Trive Capital Management LLC et al.*, Adv. No. 25-50965 (KBO) (Bankr. D. Del.) (the "<u>Arc Gaming Adversary</u>") if any claims in the Arc Gaming Adversary survive the Defendants' motions to dismiss in the Arc Gaming Adversary. The Plaintiff reserves his right to oppose any such request.

5.    The Parties shall meet-and-confer on or before June 30, 2027 to discuss a schedule for motions for summary judgment and additional phases of the case, if any.

6.    Nothing in this Order shall prevent a Party from filing a motion seeking to withdraw the reference to this Court.  In the event any Party files any such motion, any deadline

in this Order that has not passed as of the time of that filing shall no longer have effect, and the

Parties may revisit any such deadlines in the District Court.

**Dated: February 17th, 2026**
**Wilmington, Delaware**

KAREN B. OWENS
CHIEF JUDGE

6