# EXHIBIT A

**From:**       Alison.Holdway@gtlaw.com
**Sent:**       Monday, June 3, 2024 10:44 AM
**To:**         Mario Gazzola; davisjo@GTLAW.com; MazurT@gtlaw.com
**Cc:**         greerb@gtlaw.com; Ankitha Mandava; Susheel Kirpalani; Andrew J. Rossman; Abraham
                Moussako; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com; QE-Lucky Bucks
**Subject:**    RE: Lucky Bucks - Time to Respond to Subpoena

[EXTERNAL EMAIL from alison.holdway@gtlaw.com]



Hi Mario,

We're available at 1:00 ET today. If that no longer works for the Quinn team, we're also available on Wednesday.

Thanks,
Ali

**Alison T. Holdway**
Associate

**Greenberg Traurig, LLP**
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Mario Gazzola
**Sent:** Friday, May 31, 2024 8:42 AM
**To:** Davis, Joseph P. (Shld-Bos-LT) ; Mazur, Todd (Shld-Chi-CP)
**Cc:** Holdway, Alison T. (Assoc-BOS-LT) ; Greer, Brian E. (Shld-NY-Bky) ; Ankitha Mandava ; Susheel Kirpalani ; Andrew J. Rossman ; Abraham Moussako ; Meloro, Dennis A. (Shld-Del-Bky) ; Dunne, Anne V. (Assoc-BOS-LT) ; QE-Lucky Bucks
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Counsel,

The fact that Trive Capital Management itself neither appointed nor controlled members of Lucky Bucks' board is inapposite, particularly in light of Trive Capital Management's control over entities beneficially owning over 50% of both Lucky Bucks LLC and Lucky Bucks Holdings LLC.

Trive itself and entities managed by Trive received over half of the net proceeds of the distribution transactions, in addition to being beneficial owners of over 50% of the equity interests in *both* Lucky Bucks LLC and Lucky Bucks Holdings LLC. Moreover, entities managed by Trive retained rights to designate 2 out of 3 members of *both* the Lucky Bucks LLC and Lucky Bucks Holdings LLC boards. Trive entity approval was also required to change the structure of the Lucky Bucks board, issue ownership interests in Lucky Bucks, or cause Lucky Bucks to declare or make distributions. *See* TCFIII LUCK

1

LP Partnership Agreement §5.16. Similarly, majority approval by the Trive-appointed board was required for a notes issuance at Lucky Bucks Holdings LLC.

For these reasons, the fact that Trive was not a creditor makes no difference. The Bankruptcy Code defines an affiliate—and statutory insider—of the debtor as a company that owns or controls at least 20 percent of the outstanding voting shares of the debtor. 11 U.S.C. § 101(2)(A) ("The term 'affiliate' means—(A) entity that directly or indirectly owns ... 20 percent or more of the outstanding voting securities of the debtor...."); *see also* 11 U.S.C. § 101(31)(E).

Indeed, documents produced by other parties reveal that entities controlled by Trive were not just "passive" equity holders, but rather actively participated in and dictated the Lucky Bucks companies' management of their debt. For example, documents produced by Lucky Bucks Holdings LLC's advisors in connection with the PIK Note Issuance indicate that Trive employees were directing counsel in connection with the PIK Note Issuance and related distribution transactions in 2021, including seeking advice on how to "take cash out of the business." Similarly, documents suggest that in 2022, when management and other equity holders were seeking avenues to rescue the Lucky Bucks entities, Trive was instead seeking a path to "walk away" and "protect its return."

As to your contention that the estate should bear the costs of production, courts have denied motions to shift costs for non-parties even for discovery expenses in the hundreds of thousands. *See Cornell v. Columbus McKinnon Corp.*, 2015 WL 4747260 at *5 (N.D. Cal. Aug. 11, 2025) (holding $227,597 did not impose a significant burden). Courts have made clear that determining what constitutes a significant cost "must be analyzed in light of the non-party's ability to pay." *Cornell*, 2015 WL 4747260, at *4 (internal citations omitted) (holding that over $200,000 in expenses for a large corporation was not significant). Trive Capital is a major private equity firm with over $7 billion in assets under management. Given this ability to pay, you cannot contend that $100,000 is a significant expense.

Courts also considered the extent to which a non-party is interested in the litigation. *Cornell*, 2015 WL 4747260, at *3-4. Trive's status as debtor affiliate and statutory insider, and role in directing the PIK Note Issuance in order to "take cash out of the business" so that Trive could line its own pockets suggests exposure to liability and thus, a high degree of interest in the litigation. *Id.* (holding nominal non-party was interested when it was impacted by case in part by its future exposure to liability).

The cases you cite are not to the contrary. *R.J. Reynolds* did not find that the expenses were significant; it simply remanded the case so that the district court could determine the magnitude of expenses. *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. Appx. 880, 883 (3d Cir. 2002). *In re Williams* is also inapposite: while it did require the estate to bear the cost of the subpoena, this case dealt with two individuals, the mothers of the debtors, for whom $2,000 was a significant expense. *Angell v. Williams (In re Williams)*, AP No. 08-00188-8-AP, 2009 WL 1609389, at *3-4 (Bankr. E.D.N.C. June 8, 2009). Trive Capital's ability to pay cannot be compared.

While we appreciate the efforts you have put in to reduce the hit count from the initial search term proposal, we disagree that a review burden of approximately 40,000 documents is unduly burdensome, particularly in light of the foregoing context. In any event, we take your response conditioning your review of 40,000 hits on the estate's incurrence of costs to mean that we are at an impasse, and will accordingly move to compel Trive's review and production of those documents. However, we can be available to meet and compel before 11am, between 12 and 2, or after 3 on Monday, or after 2 on Tuesday.

Best,

**Mario O. Gazzola**
212-849-7102 Direct
919-360-1686 Cell

---

**From:** davisjo@GTLAW.com <davisjo@GTLAW.com>
**Sent:** Wednesday, May 29, 2024 2:45 PM

**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>; MazurT@gtlaw.com
**Cc:** Alison.Holdway@gtlaw.com; greerb@gtlaw.com; Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from davisjo@gtlaw.com]**

Counsel,

I am writing in response to your below emails in connection with the subpoena served on Trive.

As an initial matter, your email alleges that Trive had a "key role with Lucky Bucks Holdings LLC." While I'm not sure what that means, as the Trustee is aware, Trive neither appointed nor controlled members of Lucky Bucks' board.

Your email further suggests that Trive is not in compliance with the subpoena. That is wrong. We have worked cooperatively – and communicated frequently – with you both before and after the subpoena was served to identify, collect, and produce responsive documents. We've exchanged numerous emails and phone calls concerning the subpoena's broad scope and the need to narrow the document requests, search terms, date range, or custodians. Trive's written objections and responses to the subpoena include multiple objections about the subpoena's overbreadth. For example, Trive objected that many document requests are unlimited in time or scope and seek documents that are available from other sources (including, the Debtor) that are less burdensome and less expensive than collecting from non-debtor Trive.

Based on the scope of the schedule of requested documents attached to the subpoena, our initial search terms yielded nearly 300,000 hits, including full families, which reflected the overbreadth of the subpoena. We repeatedly revised the search terms to bring the number of potentially responsive documents to a reasonable level. However, when we could not get the number of hits below 45,344, we reached out to you and sought your input on the identity of appropriate custodians and narrower modified search terms. To that end, we sent you hit reports reflecting the search terms we used and the number of responsive hits by custodian, date range, and other relevant metrics. We anticipated that the Trustee would provide us with suggested search term to help us zero in on the documents that are most important to the Trustee without overburdening Trive. The only responsive suggestion we received from you was to eliminate one custodian, which resulted in an insignificant reduction in the number of hits. We promptly informed you of the resulting modest reduction in the number of document hits based on your input to exclude a custodian. In response, you informed us in your May 21st and 24th emails that the Trustee is no longer willing to negotiate the scope of the document requests, search terms, date ranges, and custodians.

Consequently, the current set of search terms and custodians yields more than 40,000 documents that need to be reviewed for privilege, relevance, and responsiveness before production can occur. We applied a privilege screen to these documents, which identified 30,592 presumptively privileged documents. Our discovery vendor is in the process of threading the emails, which should reduce the total number of documents for review, but we do not yet know by how much.

We estimate that the costs of hiring contract reviewers and a project manager to conduct first-level reviews of non-privileged and presumptively privileged documents will cost over $60,000. This figure does not include the costs of collecting, processing, hosting, and producing the data or the costs for Greenberg Traurig lawyers to review seed sets, train contract reviewers, quality check the contract reviewers' work, make redactions, or prepare a privilege log. Our estimate for the cost of contract reviewers and project manager is based on the following:

- Review and Production of Non-Privileged Documents:

- o Greenberg Traurig lawyers will have to review seed sets to train the TAR system and contract reviewers.
  - o Contract reviewers will conduct a first-level review under the supervision of a project manager. We estimate this will cost over $10,000.
    - Contract reviewers' hourly rates for non-privilege review: $39–$49
    - Contract reviewers' estimated review pace: 60 documents/hour
      - Because we plan to use TAR, the review speed will be slower at first and should increase as non-responsive documents comprise greater percentages of the review sets.
    - Estimated time to review approximately 10,000 non-privileged documents: 170 hours
    - Project managers' hourly rates: $125–$135
  - o Greenberg Traurig lawyers will have to quality check the first-level review before production.
- Privilege Review:
  - o Greenberg Traurig lawyers will have to review seed sets to train contract reviewers.
  - o Contract reviewers will conduct a first-level privilege review under the supervision of a project manager. We estimate this will cost over $50,000.
    - Contract reviewers' hourly rates for privilege review: $42–$52
    - Contract reviewers' estimated review pace: 30 documents/hour
    - Estimated time to review approximately 30,000 presumptively privileged documents: 1,000 hours
    - Project managers' hourly rates: $125–$135
  - o Greenberg Traurig lawyers will have to quality check the privilege review before redactions are applied, apply redactions before production, and prepare a privilege log.

We estimate that the cost of processing for production and producing requested documents from the current responsive set of 40,000+ documents will exceed $100,000. That estimate does not include the fees and costs incurred to date to collect the existing document set. Trive already has incurred substantial fees and costs in collecting documents, drafting/revising search terms, objecting to the document requests, and negotiating with the Trustee over the scope of the production. Forcing Trive—a third party that is not even a creditor of the estate—to incur this substantial expense to respond to the Trustee's overbroad and burdensome document request is unreasonable and contrary to case law mandating the shifting of costs to the party serving the subpoena to protect a third party from incurring significant discovery expenses. *See R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. App'x 880, 883 (3rd Cir. 2002) (because Fed. R. Civ. P. 45 "'protect[s]' a nonparty from 'significant expense,'" "[s]ignificant expenses must be borne by the party seeking discovery"); *see also Angell v. Williams (In re Williams)*, AP No. 08-00188-8-AP, 2009 WL 1609389, at *4 (Bankr. E.D.N.C. June 8, 2009) ("The court finds that the cost of producing the bank account statements of Ms. Williams and Ms. Lorey should be borne by the estate.").

If the Trustee insists on going forward with a document production based on his overbroad document requests, Trive expects the estate to pay the remaining costs of production (i.e., the estimated $100,000 expense described above). We remain willing to work with you to bring the universe of potentially responsive documents to a reasonable level. But if the Trustee insists on compelling Trive to undergo unduly burdensome and needlessly expensive discovery, Trive will move the Court for an order shifting to the Trustee the resulting costs of reviewing 40,000+ documents and producing responsive documents.

Please let us know if you would like to discuss further. We are available later this week or next week for a call to discuss.

Best regards,

Jody

**Joseph P. Davis**
Shareholder

4

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.6204 | F +1 617.279.8403 | C +1 978.697.0961
davisjo@GTLAW.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Sent:** Friday, May 24, 2024 11:11 AM
**To:** Mazur, Todd (Shld-Chi-CP) <MazurT@gtlaw.com>
**Cc:** Holdway, Alison T. (Assoc-BOS-LT) <Alison.Holdway@gtlaw.com>; Greer, Brian E. (Shld-NY-Bky) <greerb@gtlaw.com>; Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Davis, Joseph P. (Shld-Bos-LT) <davisjo@GTLAW.com>; Meloro, Dennis A. (Shld-Del-Bky) <Dennis.Meloro@gtlaw.com>; Dunne, Anne V. (Assoc-BOS-LT) <Anne.Dunne@gtlaw.com>; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Counsel:

Following up on the below. Please let us know by Wednesday, 5/29 if you'll agree to review and produce responsive documents that hit upon the May 3 hit report, minus Austin Curley's hits. If we are at impasse, we are prepared to seek relief from the Court.

Best,
Mario

**Mario O. Gazzola**
212-849-7102 Direct
919-360-1686 Cell

---

**From:** MazurT@gtlaw.com <MazurT@gtlaw.com>
**Sent:** Tuesday, May 21, 2024 10:50 PM
**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Alison.Holdway@gtlaw.com; greerb@gtlaw.com; Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** Re: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from mazurt@gtlaw.com]**

---

Please stop with the "key role" rhetoric. You know that no one from Trive was on the Board at Lucky Bucks Holdings or any other Lucky Bucks entity.

On May 21, 2024, at 9:40 PM, Mario Gazzola <mariogazzola@quinnemanuel.com> wrote:

Ali,

In light of Trive's key role with Lucky Bucks LLC and involvement in the PIK Note issuance and receipt of funds from the subsequent distribution transactions, we do not believe that a review of approximately 40,000 terms is unduly burdensome. *See In re Washington Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) (scope of a Rule 2004 examination is "unfettered and broad").

We are confident the Court would agree, particularly in light of the fact that the Court has already found that "the trustee's requests under 2004 are appropriate and available under the statute's scope," in the face of OpCo's objection to virtually identical requests. March 20 H'rg Tr. 59:9-11. Please let us know if Trive will agree to review the documents reflected in Trive's May 3 hit report (minus Austin Curley's hits), or if we are at an impasse.

Best,
Mario

**Mario O. Gazzola**
212-849-7102 Direct
919-360-1686 Cell

**From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
**Sent:** Wednesday, May 15, 2024 1:29 PM
**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>; greerb@gtlaw.com
**Cc:** Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**

Hi Mario,

Austin Curley has only 2,964 unique hits (including full families), which means that dropping him as a custodian doesn't move the needle far enough. Do you have suggestions for modifying the substance of the search terms?

Thanks,
Ali

**Alison T. Holdway**
Associate

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Sent:** Wednesday, May 8, 2024 8:35 AM
**To:** Greer, Brian E. (Shld-NY-Bky) <greerb@gtlaw.com>
**Cc:** Holdway, Alison T. (Assoc-BOS-LT) <Alison.Holdway@gtlaw.com>; Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Davis, Joseph P. (Shld-Bos-LT) <davisjo@GTLAW.com>; Mazur, Todd (Shld-Chi-CP) <MazurT@gtlaw.com>; Meloro, Dennis A. (Shld-Del-Bky) <Dennis.Meloro@gtlaw.com>; Dunne, Anne V. (Assoc-BOS-LT) <Anne.Dunne@gtlaw.com>; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Got it, thanks Brian. We'd propose dropping Austin Curley as a custodian, without prejudice to our ability to request specific target documents based on our review. Please let us know if that works for your team.

**Mario O. Gazzola**
212-849-7102 Direct
919-360-1686 Cell

**From:** greerb@gtlaw.com <greerb@gtlaw.com>
**Sent:** Tuesday, May 7, 2024 10:39 PM
**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Alison.Holdway@gtlaw.com; Ankitha Mandava <ankithamandava@quinnemanuel.com>; Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com; QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** Re: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from greerb@gtlaw.com]**

Mario,

I mixed up my Conors. Apologies. Conor Anderson is junior to Shravan. Conor Searcy is a senior member of the fund. I defer to the litigation team as to whether Conor Searcy is a custodian.

Brian

**Brian E. Greer**
Shareholder

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T 212-801-9321 | C 917.586.9906
greerb@gtlaw.com | www.gtlaw.com | View GT Biography

On May 7, 2024, at 10:22 PM, Mario Gazzola <mariogazzola@quinnemanuel.com> wrote:


Counsel,

Following up on our call yesterday, I believe you suggested that Connor Anderson may be more senior than Shravan Thadani. Based on our review of Trive's website, it appears Mr. Anderson is an associate vice president, while Mr. Thadani is a partner, and the website lists AVPs below Partners. Can you please clarify Mr. Anderson and Mr. Curley's roles to help us consider whether to cut certain terms for either custodian?

Best,
Mario

**Mario O. Gazzola**
212-849-7102 Direct
919-360-1686 Cell

**From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
**Sent:** Monday, May 6, 2024 10:54 AM
**To:** Ankitha Mandava <ankithamandava@quinnemanuel.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**


Hi Mario and Ankitha,

Thanks for the call this morning. The hit reports by year for 2020-2023 are attached. There were no hits for 2024. These hit reports were generated using a prior set of search terms that generated 72,000 hits, including full families. As a result, the numbers in these reports are higher than they would be with our current set of search terms, but they should still give you a sense of the number of hits by year.

We'll get back to you about whether Trive has access to the Seven Aces email accounts.

Thanks,
Ali

**Alison T. Holdway**
Associate

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110

T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Ankitha Mandava <ankithamandava@quinnemanuel.com>
**Sent:** Friday, May 3, 2024 2:39 PM
**To:** Holdway, Alison T. (Assoc-BOS-LT) <Alison.Holdway@gtlaw.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Davis, Joseph P. (Shld-Bos-LT) <davisjo@GTLAW.com>; Greer, Brian E. (Shld-NY-Bky) <greerb@gtlaw.com>; Mazur, Todd (Shld-Chi-CP) <MazurT@gtlaw.com>; Meloro, Dennis A. (Shld-Del-Bky) <Dennis.Meloro@gtlaw.com>; Dunne, Anne V. (Assoc-BOS-LT) <Anne.Dunne@gtlaw.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

That works for us. I just sent an invite. Thanks!

---

**From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
**Sent:** Friday, May 3, 2024 1:11 PM
**To:** Ankitha Mandava <ankithamandava@quinnemanuel.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**

---

Hi Ankitha,

We're free at 10 ET on Monday morning. Does that still work?

The most recent hit report is attached. It identifies the custodians, the search terms, and the hit numbers.

Thanks,
Ali

**Alison T. Holdway**
Associate

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Ankitha Mandava <ankithamandava@quinnemanuel.com>
**Sent:** Thursday, May 2, 2024 10:28 AM
**To:** Holdway, Alison T. (Assoc-BOS-LT) <Alison.Holdway@gtlaw.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Davis, Joseph P. (Shld-Bos-LT) <davisjo@GTLAW.com>; Greer, Brian E. (Shld-NY-Bky) <greerb@gtlaw.com>; Mazur, Todd (Shld-Chi-CP) <MazurT@gtlaw.com>; Meloro, Dennis A. (Shld-Del-Bky) <Dennis.Meloro@gtlaw.com>; Dunne, Anne V. (Assoc-BOS-LT) <Anne.Dunne@gtlaw.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Thanks Ali. Is there a time between 9-11 AM on Monday, May 6 that works for your team?

Additionally, it would be helpful for us to see a hit report and list of custodians you used in advance so we can help narrow it down.

**From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
**Sent:** Wednesday, May 1, 2024 12:01 PM
**To:** Ankitha Mandava <ankithamandava@quinnemanuel.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**

Hi Ankitha,

We've been working hard with the client on collecting responsive documents. Despite our efforts to develop search terms that will result in the production of responsive documents, the number of hits plus full families is still over 45,000 documents. Please propose times for a call this week to discuss options for modifying the requests so as to result in a reasonable number of documents to be reviewed and produced.

Thanks,
Ali


**Alison T. Holdway**
Associate

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Ankitha Mandava <ankithamandava@quinnemanuel.com>
**Sent:** Tuesday, April 30, 2024 6:23 PM
**To:** Holdway, Alison T. (Assoc-BOS-LT) <Alison.Holdway@gtlaw.com>; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Davis, Joseph P. (Shld-Bos-LT) <davisjo@GTLAW.com>; Greer, Brian E. (Shld-NY-Bky) <greerb@gtlaw.com>; Mazur, Todd (Shld-Chi-CP) <MazurT@gtlaw.com>; Meloro, Dennis A. (Shld-Del-Bky) <Dennis.Meloro@gtlaw.com>; Dunne, Anne V. (Assoc-BOS-LT) <Anne.Dunne@gtlaw.com>
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Hi Ali,

Sending a gentle follow up on the below. Please let us know if you have an idea of when you may be able to produce responsive documents.

Best,
Ankitha

**From:** Ankitha Mandava
**Sent:** Tuesday, April 23, 2024 1:34 PM
**To:** Alison.Holdway@gtlaw.com; Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
**Subject:** RE: Lucky Bucks - Time to Respond to Subpoena

Hi Ali,

Thank you for sending responses and objections. We wanted to check in to see if you have an estimate of when you may be able to produce responsive documents. A general sense of your timeline would be helpful for our planning purposes.

Best,
Ankitha

**From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
**Sent:** Tuesday, March 19, 2024 8:59 AM
**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Ankitha Mandava <ankithamandava@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
**Subject:** Re: Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**

Thanks Mario.

Sent from my iPhone

> On Mar 18, 2024, at 7:47 PM, Mario Gazzola <mariogazzola@quinnemanuel.com> wrote:
>
> **\*EXTERNAL TO GT\***
>
> Hi Ali,
>
> That's fine with us.
>
> Best,
> Mario
>
> **Mario O. Gazzola**
> 212-849-7102 Direct
> 919-360-1686 Cell
>
> **From:** Alison.Holdway@gtlaw.com <Alison.Holdway@gtlaw.com>
> **Sent:** Monday, March 18, 2024 12:11 PM
> **To:** Mario Gazzola <mariogazzola@quinnemanuel.com>
> **Cc:** Susheel Kirpalani <susheelkirpalani@quinnemanuel.com>; Andrew J. Rossman <andrewrossman@quinnemanuel.com>; Abraham Moussako <abrahammoussako@quinnemanuel.com>; Ankitha Mandava <ankithamandava@quinnemanuel.com>; davisjo@GTLAW.com; greerb@gtlaw.com; MazurT@gtlaw.com; Dennis.Meloro@gtlaw.com; Anne.Dunne@gtlaw.com
> **Subject:** Lucky Bucks - Time to Respond to Subpoena

**[EXTERNAL EMAIL from alison.holdway@gtlaw.com]**

Hi Mario,

I hope you had a nice weekend. I'm reaching out about the time for Trive to respond to the subpoena. The subpoena refers to the stipulation for the response deadline, but the stipulation doesn't set a deadline. We propose Friday, April 12, which is 31 days after the date on which the stip was filed. Please let us know if that works for you.

Thanks,
Ali

**Alison T. Holdway**
Associate

Greenberg Traurig, LLP
One International Place | Suite 2000 | Boston, MA 02110
T +1 617.310.5233
Alison.Holdway@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

13