# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>   Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks<br>Holdings LLC and as assignee,<br><br>   Plaintiff,<br><br>   v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE<br>CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A<br>LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII<br>LUCK ACQUISITION LLC, SHRAVAN THADANI,<br>LUCKY BUCKS VENTURES, INC., ANIL DAMANI,<br>SOUTHERN STAR GAMING LLC, SHAFIK<br>KASSAM, JAMES BOYDEN, RYAN BOUSKILL,<br>RYAN C BOUSKILL PROFESSIONAL<br>CORPORATION, 2786692 ONTARIO INC., MANU<br>SEKHRI, STEPHANIE LIPPA, and HASSAN IJAZ,<br><br>   Defendants. | Adversary Proceeding<br><br>Adv. Proc. No. 24-50130<br>(KBO) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
<u>DOCUMENTS PROPOUNDED TO TRIVE DEFENDANTS</u>**

Plaintiff Marc Abrams ("Plaintiff" or the "Trustee"), solely in his capacity as Chapter 7

Trustee of Lucky Bucks Holdings LLC ("<u>Holdings</u>"), and as assignee of causes of action

previously belonging to Holdings's creditors, by and through his undersigned counsel, hereby

requests pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure,

incorporating Rules 26 and 34 of the Federal Rules of Civil Procedure, that Trive Capital

Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP,

TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming LLC, and Shravan Thadani (collectively, "Trive Defendants"), produce for inspection the documents and things set forth below at 10 a.m. on May 12, 2025.  Unless otherwise agreed to by counsel for Trive Defendants, the production and inspection shall occur at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 295 Fifth Avenue, 9th Floor, New York, NY 10016.

### Definitions

As used herein, the following terms shall have the meanings indicated below:

1.      "Any," "all," and "each" must each be construed as encompassing any and all, as specified in Local Rule 26.3(d)(1) and Local Bankruptcy Rule 7026-1.

2.      "B-Side Businesses" shall refer to Angel Amusements, LLC, Dynamic Gaming, LLC, Unique Amusement, LLC, AKS Amusements, Inc., Advance Amusement, LLC, Klass Amusement, LLC, Prestige Amusement, LLC, Lee Caudell, Inc., Pinball Amusement, LLC, Peak Amusement, LLC, Blue Georgia 1000, Inc, and Georgia Winners, LLC

3.      "Communication" means any transmittal of information, whether internal or external to Trive Defendants, and encompasses every medium of transmittal, including oral, written, graphic, and electronic communications.

4.      "Note Purchase" shall refer to the purchase of $250 million of PIK Notes issued by Lucky Bucks Holdings LLC in 2021 and 2022.

5.      "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation,

correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

6.      "Former Employees/Consultants" shall refer to Shafik "Tony" Kassam, James Boyden, Ryan C Bouskill, Hassan Ijaz, 2786692 Ontario Inc., and Stephanie Lippa née Polito.

7.      "Holdings Distributions" means the November 2021 distribution by Lucky Bucks Holdings LLC of approximately $185.2 million together with the January 2022 distribution by Lucky Bucks Holdings LLC of approximately $52.5 million.

8.      "Insiders" shall refer to Former Employees/Consultants, Trive Capital Management LLC, Trive Capital Holdings LLC, Trive Capital Fund III GP LLC, Trive Capital Fund III-A GP LLC, TCFIII Luck SPV LP, and TCFIII Luck Acquisition LLC, Anil Damani, Lucky Bucks Ventures Inc., and Seven Aces Holdings ULC.

9. "Location Contracts" shall refer to written agreements between OpCo and the store operators who house Lucky Bucks coin operated amusement machines.

10. "Location Owners" shall refer to those with contracts to operate Lucky Bucks coin operated amusement machines.

11. "OpCo" shall refer to Arc Gaming and Technologies, LLC, f/k/a Lucky Bucks, LLC.

12. "Person" means natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and any other organization or entity of any kind.

13. "PIK Noteholders" shall refer to the holders of the PIK Notes, including affiliates of Hamilton Lane Advisors LLC, First Trust Capital Management LP, Monarch Alternative Capital LP, BC Partners, Marathon Asset Management LP, and CION Investment Management, LLC.

14. "PIK Notes" shall refer to the 12.5% payable-in-kind notes issued by Lucky Bucks Holdings LLC in the aggregate principal amount of $250 million in November 2021 and January 2022.

15. "Independent Director" shall refer to Neal Goldman, who investigated the Note Purchase and Holdings Distributions.

16. The terms "You" and "Your" as used herein shall refer to the Trive Defendants, and each of their predecessors, successors, divisions, subsidiaries, affiliates, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in

part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

## Instructions

1.    Unless otherwise indicated, the documents requested to be produced herein include all documents in Your possession, custody, or control or the possession, custody, or control of anyone acting on Your behalf.  If any requested document was, but no longer is, in Your possession, custody, or control, state the disposition of each such document.

2.    Responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, including producing the requested documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the documents were produced.

3.    You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

4.    Electronic records and computerized information must be produced in their native format with all metadata preserved and intact.

5.    Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

6.    File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

7.    A document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or

deletions.  The term "original" includes the file copy and copies of any document if there is no actual original or ribbon copy.

8.      The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."  Any ambiguity in a discovery request shall be construed to bring within the scope of discovery request all responses that otherwise could be construed to be outside of its scope.

9.      If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product, You should provide the following information with respect to such document:  (a) the date of the document; (b) the title of the document; (c) the name of its author(s) or preparer(s) and an identification by employment and title of each such person; (d) the name of each person who was sent or furnished with, received, viewed, or has custody of the document or a copy thereof together with an identification by employment and title of each such person; (e) the request to which the document relates; (f) the title and description of the document to identify it sufficiently without revealing the information for which privilege is claimed; (g) the claim of privilege under which it is withheld; and (h) a description of the subject matter of the document in sufficient detail to support Your contention that the document is privileged.

10.     If, after exercising due diligence to secure them, You cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for Your inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced.

11.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

12.     If an objection is made to any request, state Your objection and the ground or grounds with particularity in Your written response.  If an objection is made only to part of the request, identify that part in Your written response and state Your objection and the ground(s) therefore.

13.     This request is a continuing one.  If, after producing the requested documents, You obtain or become aware of any further documents responsive to this request, You are required to produce such additional documents.  Supplemental responses should be served within thirty (30) days after such information or documents become known to You.

14.     Unless otherwise specified, the time period covered by these requests is from January 1, 2020 to the present, and shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to that date.

## Requests for Production

### Request for Production No. 1.

All Documents and Communications regarding or relating to the PIK Notes and the Note Purchase.

### Request for Production No. 2.

All Documents and Communications relating to or regarding the Holdings Distributions, including financial statements prepared in connection with the Holdings Distributions, drafts of said financial statements, analyses or discussions of Holdings' debt capacity and ability to repay its debts, analyses or discussions of OpCo's debt capacity and ability to repay its debts, and  all other financial information concerning Holdings and OpCo not shared externally.

### Request for Production No. 3.

All Documents and Communications relating to board meetings of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC, including all board meeting minutes, and board meeting materials, and Communications between board members of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC between May 2020 and June 2023.

### Request for Production No. 4.

All Documents and Communications relating to the operations and performance of B-Side Businesses, as well as any Documents and Communications concerning contracts, business dealings, or negotiations between Lucky Bucks LLC and B-Side Businesses.

**Request for Production No. 5.**

All Documents and Communications relating to marketing materials and/or information provided to PIK Noteholders, potential PIK Noteholders, or any other third party related to the PIK Notes and/or the Note Purchase.  For the avoidance of doubt, this request includes in draft materials and information that was considered to be sent but was not distributed to PIK Noteholders, potential PIK Noteholders, or other third parties.

**Request for Production No. 6.**

All Documents and Communications regarding or relating to the OpCo's financial condition, including its solvency, capitalization, and ability to pay its debts as they come due between June 1, 2021 and August 31, 2022, and all Documents and Communications regarding, relating to, evidencing or reflecting Thadani's and the Insiders' knowledge thereof.

**Request for Production No. 7.**

All Documents and Communications provided to or exchanged with Thadani or the Insiders, between the Insiders, or between the Insiders and Thadani, relating to the PIK Noteholders, the PIK Notes, the Note Purchase, and the Holdings Distributions, including but not limited to any assessments, analyses, or evaluations of the accuracy of any materials related to the PIK Noteholders, the PIK Notes, the Note Purchase, and/or the Holdings Distributions.

**Request for Production No. 8.**

All Documents and Communications relating to the purported reasons why OpCo's business outlook declined in 2022, including but not limited to discussions about knowledge of, the foreseeability and/or likelihood of a decline in business outlook from those trends.  For the avoidance of doubt, the purported reasons why OpCo's business outlook declined in 2022

include but are not limited to criminal or civil misconduct, Georgia Lottery Corporation enforcement, declines in stimulus-related gaming, risk of recession, and interest rate trends.

**Request for Production No. 9.**

All Documents and Communications relating to inducements provided by OpCo's competitors or B-Side Businesses to Location Owners.

**Request for Production No. 10.**

All Documents and Communications relating to Shafik "Tony" Kassam's resignation from Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.

**Request for Production No. 11.**

All Documents and Communications between Trive Capital Management LLC, Trive Capital Holdings LLC, Trive Capital Fund III GP LLC, Trive Capital Fund III-A GP LLC, TCFIII Luck SPV LP, and/or TCFIII Luck Acquisition LLC and Anil Damani or Shafik "Tony" Kassam following Anil Damani's resignation from Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.

**Request for Production No. 12.**

All Documents and Communications reflecting the OpCo Location Owner contracts, and all Documents and Communications relating to the terms of such contracts and any sale or termination of such contracts.

**Request for Production No. 13.**

All Documents and Communications relating to the Georgia Lottery Corporation's revocation and termination of location owner licenses, including but not limited to all Documents and Communications relating to violations or alleged violations of Georgia Lottery Corporation's regulations by Location Owners.

**<u>Request for Production No. 14.</u>**

All Documents and Communications relating to alleged violations of Georgia Lottery Corporation regulations by Location Owners, including the Insiders' and Thadani's knowledge of such violations.

**<u>Request for Production No. 15.</u>**

All Documents and Communications relating to any subsequent transfers from the Insiders of the Holdings Distributions, including the existence, nature, and timing of such subsequent transfers.

**<u>Request for Production No. 16.</u>**

All Documents provided to and Communications with the Independent Director or his advisors in connection with the Independent Director's investigation into the Note Purchase and Holdings Distributions.

**<u>Request for Production No. 17.</u>**

All Documents and Communications relating to the proposed Chapter 11 plan of Holdings and the releases contained therein.

**<u>Request for Production No. 18.</u>**

All Documents and Communications relating to any transfers of proceeds in connection with the Holdings Distributions received by or transferred from any of the Trive Defendants during the period of November 1, 2021 to present, including the amount, date, ultimate recipient, and the disclosure of any such transfers.

**<u>Request for Production No. 19.</u>**

All Documents and Communications relating to any transfers of proceeds in connection with the Holdings Distributions received by or transferred from any of the limited partners of

funds managed by the Trive Defendants and/or their affiliates during the period of November 1, 2021 to present, including the amount, date, ultimate recipient, and the disclosure of any such transfers.

**Request for Production No. 20.**

All Documents and Communications sufficient to identify all initial, intermediate, and subsequent transferees of the proceeds from the Holdings Distributions during the period of November 1, 2021 to present.

**Request for Production No. 21.**

All Documents and Communications relating to any value or consideration given by all initial, intermediate, and subsequent transferors in exchange for receiving proceeds from the Holdings Distributions during the period of November 1, 2021 to present.

**Request for Production No. 22.**

All Documents and Communications relating to any distributions by any of the Trive Defendants including, for each distribution, the amount, date, ultimate recipient, and disclosure of any such distributions.

**Request for Production No. 23.**

All Documents and Communications relating to any intentions, plans, or predictions relating to any future distributions by any of the Trive Defendants, including, for each potential or actual future distribution, the amount, date, ultimate recipient, and disclosure of any such distributions.

**Request for Production No. 24.**

All Documents sufficient to show the current assets, whether liquid or illiquid, of Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.

**Request for Production No. 25.**

All Documents relating to the governance and formation of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.

**Request for Production No. 26.**

All Documents sufficient to identify all board members or managers of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.

**Request for Production No. 27.**

All Documents which reflect the organizational structure chart, capital structure chart, or the ownership structure of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC, and the Trive Defendants' ownership of shares of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC at the following times: (a) as of January 1, 2020, (b) as of January 1, 2021, (c) as of July 31, 2021, (d) as of December 1, 2021, and (e) as of February 1, 2022.

**Request for Production No. 28.**

All Documents and Communications relating to Shravran Thadani's promotion from Vice President to Partner that refer to his role and responsibilities in the Trive Defendants' investments in Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.

**Request for Production No. 29.**

All Documents and Communications regarding the solvency, insolvency, financial condition, or financial status of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC between May 2020 and June 2023.

**Request for Production No. 30.**

All Documents and Communications regarding any transactions—including but not limited to financial payments or distributions—between the Insiders and Thadani on one hand and Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC on the other hand, between January 2021 and June 2023.

**Request for Production No. 31.**

All Documents sufficient to identify and describe any and all travel to the Georgia by You, on Your behalf, or by anyone employed by You, including any travel logs and/or documents sufficient to identify (a) the date, duration, purpose, and location of the trip; and (b) the name and job title of the traveler.

**Request for Production No. 32.**

All Documents and Communications sufficient to identify and describe any and all meetings relating to Lucky Bucks LLC, Lucky Bucks Holdco LLC, and/or Lucky Bucks Holdings LLC held in Georgia or with persons in Georgia (including the date, identity of the participants, purpose, and subject matter of the meeting) that You, or any person acting on Your

behalf, attended or participated in, whether in person or by Skype, telephone, teleconference, Internet, or any other means.

**Request for Production No. 33.**

All Documents sufficient to identify and describe your interest in any and all property located in Georgia, including any property owned, leased, or rented by You or on Your behalf, or which You occupy or have occupied in whole or in part for any period of time.

Dated: April 11, 2025

WHITEFORD TAYLOR & PRESTON LLP
By: /s/  *William F. Taylor, Jr.*
William F. Taylor, Jr. (DE No. 2936)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
Facsimile: (302) 357-3286

-and-

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Susheel Kirpalani
Andrew J. Rossman
Mario O. Gazzola
295 Fifth Avenue, 9th Floor
New York, New York 10016

*Counsel to the Trustee*