# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LUCKY BUCKS HOLDINGS LLC, | No. 23-10756 (KBO) |
| *Debtor*. | |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee, | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO) |
| *Plaintiff*, | |
| v. | |
| TRIVE CAPITAL MANAGEMENT LLC,<br>*et al.*, | **TRIVE DEFENDANTS' RESPONSES AND OBJECTIONS TO THE TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| *Defendants*. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable here by Federal Rules of Bankruptcy Procedure 7026 and 7034, Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani (together, the "Trive Defendants"), by and through their undersigned counsel, hereby submit the following responses and objections (the "Responses and Objections") to the *First Set of Requests for Production of Documents Propounded to Trive Defendants* (the "Requests") of Marc Abrams (the "Trustee" or "Plaintiff"), in his capacity as the trustee for the estate of Lucky Bucks Holdings LLC ("Holdings"), and in his capacity as assignee of claims of funds managed by Hamilton Lane Advisors LLC ("Hamilton"), by First Trust Capital Management LP ("First Trust"), by Monarch Alternative Capital LP ("Monarch"), by BC Partners ("BCP"), by Marathon Asset Management

LP ("Marathon"), and by CION Investment Management, LLC ("CION", collectively with Hamilton, First Trust, Monarch, BCP, and Marathon, the "Noteholders").

These Responses and Objections are based solely upon information reasonably and specifically known at this time to the Trive Defendants after conducting a reasonable investigation. The Trive Defendants reserve the right to supplement, amend, or otherwise modify these Responses and Objections, pursuant to Federal Rule of Civil Procedure 26(e) and Federal Rule of Bankruptcy Procedure 7026, including after considering any information obtained through further investigation.  Nothing in these Responses and Objections should be construed as waiving any rights that otherwise might be available to the Trive Defendants, nor should the Trive Defendants' answering of any Request or agreement to produce be deemed an admission of the existence, relevance, authenticity, or admissibility in evidence of the Documents requested or these Responses and Objections.

Counsel for the Trive Defendants are prepared to meet and confer with counsel for the Trustee concerning the Responses and Objections, upon request.

## GENERAL OBJECTIONS

The Trive Defendants make the following general objections (the "General Objections") and Specific Objections to the Requests.  The General Objections shall be, and hereby are, incorporated by reference into each Specific Objection below as though set forth fully therein. The assertion of the same, similar, or additional objections or partial responses to the individual Requests below does not waive any of the General Objections.  For avoidance of doubt, the Trive Defendants reserve all rights and objections not herein stated.

**General Objection No. 1**:  The Trive Defendants object to the Requests as unduly burdensome and not proportional to the needs of the case to the extent they purport to require the Trive Defendants to search for, collect, review, and produce Documents beyond the Documents

that the Trive Defendants searched for, collected, reviewed, and produced to Plaintiff in response to his *Subpoena for Rule 2004 Examination*, dated March 7, 2024 (the "Rule 2004 Subpoena"). *See* Stipulation Pursuant to Local Bankruptcy Rule 2004-1(a), *In re Lucky Bucks Holdings LLC*, No. 23-10756, ECF No. 53 (Bankr. D. Del. Mar. 12, 2024).  In response to the Rule 2004 Subpoena, the Trive Defendants searched electronic communications (including both email communications and messages from any other relevant messaging apps) from three custodians, as well as Documents and Communications on the personal and work devices of two custodians, over a four-year period spanning from January 2020 to April 2024.  Based on that search, and in response to the Rule 2004 Subpoena, the Trive Defendants produced to the Trustee 197,926 pages of documents and logged, across two privilege logs, 1,061 additional documents (the "Trive Rule 2004 Production").[1]  The Trustee has not explained, nor could he explain, why any additional searches, collection, or production by the Trive Defendants are warranted.

**General Objection No. 2**:  The Trive Defendants object to the Requests to the extent they purport to require the Trive Defendants to produce Documents at "the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 295 Fifth Avenue, 9th Floor, New York, NY 10016."  To the extent the Trive Defendants produce any Documents in response to the Requests, the Trive Defendants will do so through a File Transfer Protocol or equivalent electronic document-sharing tool, via email.  The Trive Defendants further object to the Requests as unduly burdensome to the extent they purport to require production by "10 a.m. on May 12, 2025."  The Trive Defendants are willing to meet and confer through counsel should Plaintiff wish to discuss the form or timing of any forthcoming production in response to the Requests.

---

[1]     The vast majority of the Trive Rule 2004 Production was complete by November 2024, months before the Trustee served his Requests.

**General Objection No. 3**:    The Trive Defendants object to the "Definitions" and "Instructions" in the Requests and to each of the Requests to the extent they seek to impose any obligation in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), the Local Rules for the U.S. Bankruptcy Court for the District of Delaware, the U.S. District Court for the District of Delaware (the "Local Rules"), or any other applicable rule or law.

**General Objection No. 4**:  The Trive Defendants object to the Requests to the extent they are vague, ambiguous, lacking in particularity, overbroad, unduly burdensome, or not proportional to the needs of the case, or to the extent they purport to seek Documents that are not relevant to the claims or defenses in the Adversary Proceeding.

**General Objection No. 5**:  The Trive Defendants object to the Requests to the extent they seek Documents that may be obtained from other sources and/or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. In particular, the Trive Defendants object to the Requests to the extent they seek Documents that are publicly available, already available to Plaintiff, more easily obtainable from one or more other parties to the Adversary Proceeding, otherwise available from sources to which Plaintiff has equal or greater access, or obtainable from other sources and/or through other means of discovery that are more convenient, less burdensome, or less expensive.

**General Objection No. 6**:  The Trive Defendants object to the Requests to the extent they seek Documents revealing trade secrets or confidential, proprietary, or sensitive business information of the Trive Defendants, their employees, and/or their clients.  Any production of Documents by the Trive Defendants in response to the Requests shall be subject to the terms of

the *Stipulated Confidentiality and Protective Order*, entered as docket entry 82 in the Adversary Proceeding (the "Protective Order").

**General Objection No. 7**:  The Trive Defendants object to the Requests to the extent they seek Documents protected from disclosure by any privilege, immunity, or exemption from disclosure, including any applicable attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, privacy law, or any other applicable privilege or discovery immunity.  Nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or discovery immunity.  Specific objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that the Trive Defendants do not object to a Request on the basis of an applicable privilege.  Any inadvertent disclosure of privileged Documents to the Trustee shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, and/or the Trive Defendants' right to object to the use of any Documents inadvertently disclosed.  Any inadvertent disclosure of privileged Documents shall be governed in the manner provided by the Protective Order.

**General Objection No. 8**:  The Trive Defendants object to the Requests to the extent they seek Documents containing business or personal information that the Trive Defendants are legally or contractually obligated to keep confidential, or the unauthorized disclosure of which may subject the Trive Defendants to civil or other liability or penalty.  The Trive Defendants' production of any Documents in response to the Requests shall be governed in the manner provided by the Protective Order.

**General Objection No. 9**:  The Trive Defendants object to the Requests to the extent they require the production of "all" or "any" Documents under circumstances in which a subset of all

Documents would be sufficient to show the pertinent information, on the ground that requests for "all" or "any" Documents are overbroad and unduly burdensome and not proportional to the needs of the case, especially in light of the Trive Rule 2004 Production already made to the Trustee.

**General Objection No. 10**:  The Trive Defendants object to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to impose on the Trive Defendants a duty to do more than meet and confer with Plaintiff's counsel as to why the Trustee believes that any additional searches and/or productions are necessary in light of the Trive Rule 2004 Production already produced to the Trustee, or to the extent they call for the restoration of Documents and information from inaccessible backup tapes and other inaccessible sources of electronically stored information.

**General Objection No. 11**:  The Trive Defendants object to the Requests to the extent they mischaracterize the pleadings, claims, defenses or factual matters in or involving the Adversary Proceeding, the Bankruptcy Proceeding, or any other related proceeding.  Neither the General Objections, nor the Specific Objections and Responses set forth below or later supplemented, are an admission as to the truth or accuracy of any statement or characterization contained in any particular Request.

**OBJECTIONS TO DEFINITIONS**

**Objection to Trustee's Definition No. 1**:  The Trive Defendants object to the definition of "[a]ny," "all," and "each" as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Trive Defendants further object to the definition insofar as it refers to "Local Rule 26.3(d)(1)," a rule that does not exist in the District of Delaware.

**Objection to Trustee's Definition No. 5**:  The Trive Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports

6

to seek "without limitation," a voluminous list of categories of information and Documents.  The Trive Defendants further object to the definition as vague and ambiguous, to the extent it purports to include any "representation," "symbols," any "combination thereof," "tangible thing," "data cells," "compilations" from which information can be obtained, and "preliminary versions."  The Trive Defendants further object to the definition as unduly burdensome and overbroad to the extent it purports to require the Trive Defendants to "translat[e], if necessary, . . . through detection devices" Documents, and to the extent the definition of Documents includes "preliminary versions," "drafts" or "revisions."  In responding to the Requests, the Trive Defendants will consider "Documents" in a manner consistent with the Local Rules and the Federal Rules.

**Objection to Trustee's Definition No. 9**:  The Trive Defendants object to the definition of "Location Contracts" as vague and ambiguous to the extent it purports to include "store operators" that "house" Lucky Bucks coin operated amusement machines.  In responding to the Requests, the Trive Defendants shall consider "Location Contracts" to include written agreements between OpCo and individuals and entities for the operation of Lucky Bucks coin operated amusement machines.

**Objection to Trustee's Definition No. 10**:  The Trive Defendants object to the definition of "Location Owners" as vague and ambiguous to the extent it purports to include "those with contracts."  In responding to the Requests, the Trive Defendants will consider "Location Owners" as individuals and entities that had contracts with OpCo to operate Lucky Bucks coin operated amusement machines.

**Objection to Trustee's Definition No. 16**:  The Trive Defendants object to the definition of "You" and "Your" as overly broad and unduly burdensome to the extent it purports to include unidentified "predecessors, successors, divisions, subsidiaries, affiliates, and joint ventures," and

7

"their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf."  In responding to the Requests, the Trive Defendants will construe "You" or "Your" as referring to Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

**OBJECTIONS TO INSTRUCTIONS**

**Objection to Trustee's Instruction No. 1**:  The Trive Defendants object to Instruction Number 1 as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it purports to request Documents in the "control of anyone acting on Your behalf," and to the extent it purports to require the Trive Defendants to "state the disposition of each [] document" that "was, but longer is, in Your possession, custody, or control."  In responding to the Requests, counsel for the Trive Defendants is prepared to meet and confer with Plaintiff's counsel as to why the Trustee believes that any additional searches and/or productions are necessary in light of the Trive Rule 2004 Production already produced to the Trustee.  Should the Trive Defendants agree to conduct any additional searches and/or produce any additional documents, they agree only to conduct a reasonable search for Documents within their possession, custody, and control, consistent with the Local Rules and the Federal Rules, and otherwise object to the extent the Requests purport to require the Trive Defendants to do anything more.

**Objection to Trustee's Instruction No. 2**:  The Trive Defendants object to Instruction Number 2 as unduly burdensome to the extent it purports to require the Trive Defendants to produce Documents "labeled to correspond with the categories in the requests."  The Trive

8

Defendants will respond to the Requests in a manner consistent with the Local Rules and the Federal Rules.

**Objection to Trustee's Instruction No. 4**: The Trive Defendants object to Instruction Number 4 as unduly burdensome to the extent it purports to require the Trive Defendants to produce "[e]lectronic records and computerized information . . . in their native format." In responding to the Requests, to the extent the Trive Defendants agree to produce any Documents beyond the Trive Rule 2004 Production, they will do so in conformity with the ESI specifications attached as Appendix A to these Responses and Objections and consistent with the Local Rules and the Federal Rules, and otherwise object to the extent the Requests purport to require the Trive Defendants to do anything more.

**Objection to Trustee's Instruction No. 5**: The Trive Defendants object to Instruction Number 5 as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to require the "numbering" of Documents. The Trive Defendants will use industry-standard bates stamps as set forth in Appendix A.

**Objection to Trustee's Instruction No. 6**: The Trive Defendants object to Instruction Number 6 as unduly burdensome, overbroad, and vague and ambiguous to the extent it purports to require the Trive Defendants to produce "labels" of Documents and "directories of files."

**Objection to Trustee's Instruction No. 7**: The Trive Defendants object to Instruction Number 7 as vague and ambiguous to the extent it requires the production of "copy and copies" of Documents, an "actual original" of a Document, and "ribbon cop[ies]" of Documents.

**Objection to Trustee's Instruction No. 8**: The Trive Defendants object to Instruction Number 8 as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to

9

require that "Any ambiguity in a discovery request shall be construed to bring within the scope of discovery request all responses that otherwise could be construed to be outside of its scope."

**Objection to Trustee's Instruction No. 9**:  The Trive Defendants object to Instruction Number 9 as overbroad, unduly burdensome, inconsistent with the Local Rules and the Federal Rules, and as improperly seeking information protected by privilege, including the attorney-client privilege, to the extent it purports to require the Trive Defendants to provide "the following information with respect to" any document "withheld under any claim of privilege":  "an identification by employment and title of each such person"; "the name of each person who . . . was sent or furnished with, received, viewed, or has custody of the document or a copy thereof," to the extent such information is not evident from a document's metadata or associated transmittal email;  and "the request to which the document relates."  In responding to the Requests, the Trive Defendants will, if necessary, prepare a privilege log that complies with the Local Rules and the Federal Rules.

**Objection to Trustee's Instruction No. 10**:  The Trive Defendants object to Instruction Number 10 as overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Local Rules and the Federal Rules, to the extent it purports to require the Trive Defendants to "state and provide all documents to the extent possible, specifying the reason for [the Trive Defendants'] inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced," in the event they "cannot provide some or any of the requested documents."  In responding to the Requests, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production, which includes a privilege log, and state that they will comply with the Local Rules and the Federal Rules to the extent they make any additional production(s) in response to the Requests.

**Objection to Trustee's Instruction No. 13**: The Trive Defendants object to Instruction Number 13 as unduly burdensome to the extent it purports to require that "[s]upplemental responses should be served within thirty (30) days after such information or documents become known to" the Trive Defendants. In responding to the Requests, the Trive Defendants will, to the extent necessary, comply with Federal Rule of Civil Procedure 26(e).

**Objection to Trustee's Instruction No. 14**: The Trive Defendants object to Instruction Number 14 as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information irrelevant to the claims and defenses in the Adversary Proceeding, to the extent it purports to assert that "the time period covered by these requests is from January 1, 2020 to the present, and shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to that date." In responding to the Requests, the Trive Defendants will apply a time period of January 1, 2020 to March 31, 2024.

## SPECIFIC OBJECTIONS

**Request For Production No. 1:**

**All Documents and Communications regarding or relating to the PIK Notes and the Note Purchase.**

**Response to Request No. 1:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. *See, e.g.*, Rule 2004 Subpoena, Request Nos. 1-2, 5-8.

11

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding or relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 2:**

**All Documents and Communications relating to or regarding the Holdings Distributions, including financial statements prepared in connection with the Holdings Distributions, drafts of said financial statements, analyses or discussions of Holdings' debt capacity and ability to repay its debts, analyses or discussions of OpCo's debt capacity and ability to repay its debts, and all other financial information concerning Holdings and OpCo not shared externally.**

**Response to Request No. 2:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. *See, e.g.*, Rule 2004 Subpoena Request Nos. 1-2, 5-8.

The Trive Defendants further object to the Request to the extent it seeks Documents that may be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive—including without limitation from the Trustee, from Arc Gaming, or from other Defendants in the Adversary Proceeding.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to or

12

regarding" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to or regarding "analyses or discussions" and "all other" financial information.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 3:**

**All Documents and Communications relating to board meetings of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC, including all board meeting minutes, and board meeting materials, and Communications between board members of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC between May 2020 and June 2023.**

**Response to Request No. 3:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.  *See, e.g.*, Rule 2004 Subpoena, Request No. 3.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek board meeting "materials."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 4:**

All Documents and Communications relating to the operations and performance of B-Side Businesses, as well as any Documents and Communications concerning contracts, business dealings, or negotiations between Lucky Bucks LLC and B-Side Businesses.

**Response to Request No. 4:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request Nos. 4, 10, 14, and to the extent it purports to seek Documents and Communications requested by Request No. 1.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications concerning "business dealings."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 5:**

All Documents and Communications relating to marketing materials and/or information provided to PIK Noteholders, potential PIK Noteholders, or any other third party related to the PIK Notes and/or the Note Purchase. For the avoidance of doubt, this request includes in draft materials and information that was considered to be sent but was not distributed to PIK Noteholders, potential PIK Noteholders, or other third parties.

**Response to Request No. 5:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request Nos. 5-7, and to the extent it purports to seek Documents and Communications requested by Request No. 1.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the Request as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to seek materials and information that were "considered to be sent" but were not "distributed" to PIK Noteholders, potential PIK Noteholders, or other third parties.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 6:**

**All Documents and Communications regarding or relating to the OpCo's financial condition, including its solvency, capitalization, and ability to pay its debts as they come due between June 1, 2021 and August 31, 2022, and all Documents and Communications regarding, relating to, evidencing or reflecting Thadani's and the Insiders' knowledge thereof.**

**Response to Request No. 6:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly

15

burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.  *See, e.g.*, Rule 2004 Subpoena, Request Nos. 8-9.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding or relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 7:**

**All Documents and Communications provided to or exchanged with Thadani or the Insiders, between the Insiders, or between the Insiders and Thadani, relating to the PIK Noteholders, the PIK Notes, the Note Purchase, and the Holdings Distributions, including but not limited to any assessments, analyses, or evaluations of the accuracy of any materials related to the PIK Noteholders, the PIK Notes, the Note Purchase, and/or the Holdings Distributions.**

**Response to Request No. 7**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request Nos. 5-7, and to the extent it purports to seek Documents and Communications requested by Request No. 1.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek "assessments", "analyses", or "evaluations" of "materials".

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 8:**

**All Documents and Communications relating to the purported reasons why OpCo's business outlook declined in 2022, including but not limited to discussions about knowledge of, the foreseeability and/or likelihood of a decline in business outlook from those trends. For the avoidance of doubt, the purported reasons why OpCo's business outlook declined in 2022 include but are not limited to criminal or civil misconduct, Georgia Lottery Corporation enforcement, declines in stimulus-related gaming, risk of recession, and interest rate trends.**

**Response to Request No. 8:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. *See, e.g.*, Rule 2004 Subpoena, Request No. 9.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the

17

Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to the "purported reasons" why OpCo's business outlook declined in 2022.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 9:**

**All Documents and Communications relating to inducements provided by OpCo's competitors or B-Side Businesses to Location Owners.**

**Response to Request No. 9:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. *See, e.g.*, Rule 2004 Subpoena, Request No. 10.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to "inducements" provided by OpCo's "competitors".

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

18

**Request for Production No. 10:**

All Documents and Communications relating to Shafik "Tony" Kassam's resignation from Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.

**Response to Request No. 10:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 11, and to the extent it purports to seek Documents and Communications requested by Request No. 11.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 11:**

All Documents and Communications between Trive Capital Management LLC, Trive Capital Holdings LLC, Trive Capital Fund III GP LLC, Trive Capital Fund III-A GP LLC, TCFIII Luck SPV LP, and/or TCFIII Luck Acquisition LLC and Anil Damani or Shafik "Tony" Kassam following Anil Damani's resignation from Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.

**Response to Request No. 11:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly

19

burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 12, and to the extent it purports to seek Documents and Communications requested by Request No. 10.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications on the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 12:**

**All Documents and Communications reflecting the OpCo Location Owner contracts, and all Documents and Communications relating to the terms of such contracts and any sale or termination of such contracts.**

**Response to Request No. 12:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.  *See, e.g.*, Rule 2004 Subpoena, Request No. 14.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "reflecting" or "relating to" the specified topics.

20

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 13:**

**All Documents and Communications relating to the Georgia Lottery Corporation's revocation and termination of location owner licenses, including but not limited to all Documents and Communications relating to violations or alleged violations of Georgia Lottery Corporation's regulations by Location Owners.**

**Response to Request No. 13:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 15, and to the extent it purports to seek Documents and Communications requested by Request No. 14.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 14:**

**All Documents and Communications relating to alleged violations of Georgia Lottery Corporation regulations by Location Owners, including the Insiders' and Thadani's knowledge of such violations.**

21

**Response to Request No. 14**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request Nos. 15-16, and to the extent it purports to seek Documents and Communications requested by Request No. 13.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 15:**

**All Documents and Communications relating to any subsequent transfers from the Insiders of the Holdings Distributions, including the existence, nature, and timing of such subsequent transfers.**

**Response to Request No. 15:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek Documents and information already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No.

22

17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 18, 19, 20, 21, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 16:**

**All Documents provided to and Communications with the Independent Director or his advisors in connection with the Independent Director's investigation into the Note Purchase and Holdings Distributions.**

**Response to Request No. 16**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. *See, e.g.*, Rule 2004 Subpoena, Request No. 18.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents provided to and Communications with the Independent Director or his advisors "in connection with" the specified topics. The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications concerning the Independent Director's unspecified "advisors" or the Independent Director's undefined "investigation."

23

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 17:**

**All Documents and Communications relating to the proposed Chapter 11 plan of Holdings and the releases contained therein.**

**Response to Request No. 17**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.  *See, e.g.*, Rule 2004 Subpoena, Request No. 19.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to the undefined term "releases."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 18:**

**All Documents and Communications relating to any transfers of proceeds in connection with the Holdings Distributions received by or transferred from any of the Trive**

24

**Defendants during the period of November 1, 2021 to present, including the amount, date, ultimate recipient, and the disclosure of any such transfers.**

**Response to Request No. 18**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and information already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 19, 20, 21, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 19:**

**All Documents and Communications relating to any transfers of proceeds in connection with the Holdings Distributions received by or transferred from any of the limited partners of funds managed by the Trive Defendants and/or their affiliates during the period of November 1, 2021 to present, including the amount, date, ultimate recipient, and the disclosure of any such transfers.**

**Response to Request No. 19:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly

burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 18, 20, 21, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics. The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to the "disclosure" of any such transfers.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 20:**

**All Documents and Communications sufficient to identify all initial, intermediate, and subsequent transferees of the proceeds from the Holdings Distributions during the period of November 1, 2021 to present.**

**Response to Request No. 20:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No.

17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 18, 19, 21, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications on the specified topics, and as vague and ambiguous to the extent it purports to seek "All Documents and Communications sufficient to identify" the specified transferees.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 21:**

**All Documents and Communications relating to any value or consideration given by all initial, intermediate, and subsequent transferors in exchange for receiving proceeds from the Holdings Distributions during the period of November 1, 2021 to present.**

**Response to Request No. 21:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 18, 19, 20, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents

27

and Communications "relating to" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to any "value or consideration" given, and to the extent it presumes that any "transferors" "receiv[ed]" proceeds from the alleged transfers.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 22:**

**All Documents and Communications relating to any distributions by any of the Trive Defendants including, for each distribution, the amount, date, ultimate recipient, and disclosure of any such distributions.**

**Response to Request No. 22:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17,  and to the extent it purports to seek Documents or information requested by Request Nos. 15, 18, 19, 20, 21, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to any "disclosure" of such distributions.

28

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 23:**

**All Documents and Communications relating to any intentions, plans, or predictions relating to any future distributions by any of the Trive Defendants, including, for each potential or actual future distribution, the amount, date, ultimate recipient, and disclosure of any such distributions.**

**Response to Request No. 23**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17,  and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 18, 19, 20, 21, and 22.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking Documents not relevant to the claims and defenses in the Adversary Proceeding, including to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.  The Trive Defendants further object to the Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to "intentions", "plans", or "predictions" and any and "potential" or "actual future" distribution, the "ultimate" recipient of the distribution, and "disclosure" of such distributions.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 24:**

**All Documents sufficient to show the current assets, whether liquid or illiquid, of Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.**

**Response to Request No. 24:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding, and as vague and ambiguous to the extent it purports to seek "All Documents sufficient to show" the specified information.

Subject to and without waiving the foregoing General Objections and specific objections, and subject to any meet and confer Plaintiff may request, the Trive Defendants decline to search for or produce Documents in response to this Request.

**Request for Production No. 25:**

**All Documents relating to the governance and formation of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.**

**Response to Request No. 25**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding.

30

The Trive Defendants further object to the Request as cumulative and duplicative to the extent it purports to seek Documents requested by Request Nos. 26 and 27.

Subject to and without waiving the foregoing General Objections and specific objections, and subject to any meet and confer Plaintiff may request, the Trive Defendants decline to search for or produce Documents in response to this Request.

**Request for Production No. 26:**

**All Documents sufficient to identify all board members or managers of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC.**

**Response to Request No. 26**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.   The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding, and as vague and ambiguous to the extent it purports to seek "All Documents sufficient to identify" the specified individuals.

The Trive Defendants further object to the Request as cumulative and duplicative to the extent it purports to seek Documents requested by Request Nos. 25 and 27.

Subject to and without waiving the foregoing General Objections and specific objections, and subject to any meet and confer Plaintiff may request, the Trive Defendants decline to search for or produce Documents in response to this Request.

**Request for Production No. 27:**

**All Documents which reflect the organizational structure chart, capital structure chart, or the ownership structure of Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming LLC, and the Trive Defendants' ownership of shares of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC at the following times: (a) as of January 1, 2020, (b) as of January 1, 2021, (c) as of July 31, 2021, (d) as of December 1, 2021, and (e) as of February 1, 2022.**

31

**Response to Request No. 27**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.

The Trive Defendants further object to the Request as cumulative and duplicative to the extent it purports to seek Documents and Communications requested by Request Nos. 25 and 26.

Subject to and without waiving the foregoing General Objections and specific objections, and subject to any meet and confer Plaintiff may request, the Trive Defendants decline to search for or produce Documents in response to this Request.

**Request for Production No. 28:**

**All Documents and Communications relating to Shravan Thadani's promotion from Vice President to Partner that refer to his role and responsibilities in the Trive Defendants' investments in Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC.**

**Response to Request No. 28:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding.

32

Subject to and without waiving the foregoing General Objections and specific objections, and subject to any meet and confer Plaintiff may request, the Trive Defendants decline to search for or produce Documents in response to this Request.

**Request for Production No. 29:**

**All Documents and Communications regarding the solvency, insolvency, financial condition, or financial status of Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC between May 2020 and June 2023.**

**Response to Request No. 29**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena.  *See, e.g.*, Rule 2004 Subpoena, Request Nos. 2, 8-9.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 30:**

**All Documents and Communications regarding any transactions—including but not limited to financial payments or distributions—between the Insiders and Thadani on one hand and Lucky Bucks LLC, Lucky Bucks Holdco LLC, and Lucky Bucks Holdings LLC on the other hand, between January 2021 and June 2023.**

**Response to Request No. 30:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena, Request No. 17, and to the extent it purports to seek Documents and Communications requested by Request Nos. 15, 18, 19, 20, 21, 22, and 23.

The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 31:**

**All Documents sufficient to identify and describe any and all travel to the Georgia by You, on Your behalf, or by anyone employed by You, including any travel logs and/or documents sufficient to identify (a) the date, duration, purpose, and location of the trip; and (b) the name and job title of the traveler.**

**Response to Request No. 31**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding to the extent it requests Documents concerning anything other than the PIK Notes or the Note Purchase and to the extent

the Request seeks Documents over an unlimited period of time.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents on the specified topics, and as vague and ambiguous to the extent it purports to seek "All Documents sufficient to identify and describe" the specified information.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production for Documents concerning the PIK Notes or the Note Purchase responsive to this Request, if any, and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 32:**

**All Documents and Communications sufficient to identify and describe any and all meetings relating to Lucky Bucks LLC, Lucky Bucks Holdco LLC, and/or Lucky Bucks Holdings LLC held in Georgia or with persons in Georgia (including the date, identity of the participants, purpose, and subject matter of the meeting) that You, or any person acting on Your behalf, attended or participated in, whether in person or by Skype, telephone, teleconference, Internet, or any other means.**

**Response to Request No. 32**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding to the extent it requests Documents concerning anything other than the PIK Notes or the Note Purchase.  The Trive

Defendants further object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications on the specified topics, and to the extent the Request seeks Documents over an unlimited period of time, and as vague and ambiguous to the extent it purports to seek "All Documents and Communications sufficient to identify and describe" the specified information.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production for Documents concerning the PIK Notes or the Note Purchase responsive to this Request, if any, and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

**Request for Production No. 33:**

**All Documents sufficient to identify and describe your interest in any and all property located in Georgia, including any property owned, leased, or rented by You or on Your behalf, or which You occupy or have occupied in whole or in part for any period of time.**

**Response to Request No. 33**:

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to the Request as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking Documents that are not relevant to the claims and defenses in the Adversary Proceeding to the extent it requests Documents concerning anything other than the PIK Notes or the Note Purchase and to the extent the Request seeks Documents over an unlimited period of time. The Trive Defendants further

36

object to the Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Trive Rule 2004 Production in response to the Rule 2004 Subpoena. The Trive Defendants further object to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents on the specified topics, and as vague and ambiguous to the extent it purports to seek "All Documents sufficient to identify and describe" the specified information.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Trive Rule 2004 Production for Documents concerning the PIK Notes or the Note Purchase responsive to this Request, if any, and, subject to any meet and confer Plaintiff may request, decline to conduct additional searches in response to this Request.

Dated: May 12, 2025

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(t) (212) 230-8800
(f) (212) 230-8888
philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com

*Counsel for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Lucky LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400

*Counsel for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Lucky LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani*

37

**Appendix A**

The following Metadata should be extracted from original native documents and provided in the .DAT file, to the extent they exist:

| FIELD NAME | DESCRIPTION | EXAMPLE | HARD COPY | ESI |
|---|---|---|---|---|
| BEGBATES | Starting bates number. | SAMPLE00000001 | Include | Include |
| ENDBATES | Ending bates number. | SAMPLE00000003 | Include | Include |
| BEGATTACH | First bates number for family. | SAMPLE00000001 | Include | Include |
| ENDATTACH | Ending bates number for family. | SAMPLE00000007 | Include | Include |
| ATTACHCOUNT | Number of attachments. | 3 | | Include |
| CUSTODIAN(S) | Name of Custodian from whom data was collected.  If Global deduplication was used, then primary and dupe custodian should be included. | Custodian-A; Custodian-B | Include | Include |
| FILENAME | Name of original native file. | SampleDocument.xlsx | | Include |
| FILEEXT | Extension of original native file. | xlsx | | Include |
| FILESIZE | Size of original native file (KB). | 6,090 | | Include |
| TITLE | Title of original native. | Sample Title | | Include |
| ORIGFILEPATH | Path of original file from either the container level or the parent folder it was processed. | S:\Shred\JDOE\SampleDocument.xlsx | | |
| EMAILFOLDER | Original folder location of email | SamplePST\Inbox\sampleEmail | Include | Include |
| PAGECOUNT | Number of pages provided. | 10 | Include | Include |
| APPLICATION | Application used to create the native file | Example: Excel, Outlook, Word etc. | Include | Include |
| MD5HASH | Unique Hash of the native document | F8513974280E2A7FE8660FE132EF0BED | | Include |
| CREATEDATE | Date original document was created. | 2/23/2019 | | Include |
| CREATETIME | Time original document was created. | 11:25:00 AM | | Include |
| MODDATE | Last modified date of the original document. | 4/23/2019 | | Include |
| MODTIME | Last modified time of the original document | 10:25:00 PM | | Include |
| ACCESSDATE | Last access date of the original document | 4/23/2019 | | Include |
| ACCESSTIME | Last access time of the original document | 10:25:00 PM | | Include |

| AUTHOR | Author of the original document. | *John Doe* | | Include |
|---|---|---|---|---|
| TO | Email recipient(s) | *jdoe@sampledomain.com* | | Include |
| FROM | Email sender | *janedoe@sample2domain.com* | | Include |
| CC | Email carbon copy of reciepient(s) | *Johns_mith@test.com; JaneSmith@test2.com* | | Include |
| BCC | Email blind carbon copy of reciepient(s) | *John.Cain@test3.com* | | Include |
| EMAILSUBJECT | Email subject | *RE: Reports* | | Include |
| SENTDATE | Email sent date | *1/20/2018* | | Include |
| SENTTIME | Email sent time | *11:12:14 PM* | | Include |
| RECEIVEDDATE | Email received date | *1/20/2018* | | Include |
| RECEIVETIME | Email received time | *11:12:14 PM* | | Include |
| NATIVELINK | Link to native file provided | *NATIVES\NATIVES001\ SAMPLE00000001.DOC* | | Include |
| TEXTLINK | Link to text file provided | *TEXTS\TEXT001\ SAMPLE00000001.txt* | Include | Include |