# EXHIBIT F

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>          Debtor. | Chapter 7<br><br>Case No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks<br>Holdings LLC and as assignee,<br><br>          Plaintiff,<br><br>     v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TRIVE<br>CAPITAL FUND III LP, TRIVE CAPITAL FUND III-A<br>LP, TCFIII LUCK LP, TCFIII LUCK SPV LP, TCFIII<br>LUCK ACQUISITION LLC, SHRAVAN THADANI,<br>LUCKY BUCKS VENTURES, INC., ANIL DAMANI,<br>SOUTHERN STAR GAMING LLC, SHAFIK<br>KASSAM, JAMES BOYDEN, RYAN BOUSKILL,<br>RYAN C BOUSKILL PROFESSIONAL<br>CORPORATION, 2786692 ONTARIO INC., MANU<br>SEKHRI, STEPHANIE LIPPA, and HASSAN IJAZ,<br><br>          Defendants. | Adversary Proceeding<br><br>Adv. Proc. No. 24-50130<br>(KBO) |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS PROPOUNDED TO TRIVE DEFENDANTS**

Plaintiff Marc Abrams ("Plaintiff" or the "Trustee"), solely in his capacity as Chapter 7

Trustee of Lucky Bucks Holdings LLC ("Holdings"), and as assignee of causes of action

previously belonging to Holdings' creditors, by and through his undersigned counsel, hereby

requests pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure,

incorporating Rules 26 and 34 of the Federal Rules of Civil Procedure, that Trive Capital

Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP,

TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming LLC, and Shravan Thadani (collectively, the "Trive Defendants"), produce for inspection the documents and things set forth below at 10 a.m. on September 1, 2025. Unless otherwise agreed to by counsel for Trive Defendants, the production and inspection shall occur at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 295 Fifth Avenue, 9th Floor, New York, NY 10016.

### Definitions

As used herein, the following terms shall have the meanings indicated below:

1.      "Any," "all," and "each" must each be construed as encompassing any and all.

2.      "Communication" means any transmittal of information, whether internal or external to the Trive Defendants, and encompasses every medium of transmittal, including oral, written, graphic, and electronic communications.

3.      "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data

processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

4.      "Financial Position" means financial performance, including but not limited to, gross and net revenues, gross and net accounts receivable, net income, adjusted and unadjusted EBITDA, profitability, assets, liabilities, solvency or insolvency, capitalization, capital expenditures, liquidity, and ability to pay debts as they come due.

5.      "PIK Noteholders" shall refer to the holders of the PIK Notes, including affiliates of and funds managed by Hamilton Lane Advisors LLC, First Trust Capital Management LP, Monarch Alternative Capital LP, BC Partners, Marathon Asset Management LP, and CION Investment Management, LLC.

6.      "PIK Notes" means the $250,000,000 in aggregate principal amount of Notes issued pursuant to that certain Note Purchase Agreement dated as of November 29, 2021 by and among Lucky Bucks Holdings LLC, as Issuer, the Purchasers from time to time party thereto, and Alter Domus (US) LLC as Administrative Agent and Collateral Agent.

7.      "Person" means natural person, individual, firm, corporation, partnership, limited liability company, proprietorship, joint venture, unincorporated association, government agency, and any other organization or entity of any kind.

8.      The terms "You" and "Your" as used herein shall refer to the Trive Defendants, and each of their predecessors, successors, divisions, subsidiaries, affiliates, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants,

employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

### Instructions

1.      Unless otherwise indicated, the documents requested to be produced herein include all documents in Your possession, custody, or control or the possession, custody, or control of anyone acting on Your behalf.  If any requested document was, but no longer is, in Your possession, custody, or control, state the disposition of each such document.

2.      Responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, including producing the requested documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests, and identifying the name of the person from whose files the documents were produced.

3.      You are to produce the original and all non-identical copies, including all drafts, of each document requested.  If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

4.      Electronic records and computerized information must be produced in their native format with all metadata preserved and intact.

5.      Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

6.      File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

7.      A document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any document if there is no actual original or ribbon copy.

8.      The singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; reference to any gender includes the other gender; the words "any" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."  Any ambiguity in a discovery request shall be construed to bring within the scope of discovery request all responses that otherwise could be construed to be outside of its scope.

9.      If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product, You should provide the following information with respect to such document:  (a) the date of the document; (b) the title of the document; (c) the name of its author(s) or preparer(s) and an identification by employment and title of each such person; (d) the name of each person who was sent or furnished with, received, viewed, or has custody of the document or a copy thereof together with an identification by employment and title of each such person; (e) the request to which the document relates; (f) the title and description of the document to identify it sufficiently without revealing the information for which privilege is claimed; (g) the claim of privilege under which it is withheld; and (h) a description of the subject matter of the document in sufficient detail to support Your contention that the document is privileged.

10.     If, after exercising due diligence to secure them, You cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for Your inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced.

11.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

12.     If an objection is made to any request, state Your objection and the ground or grounds with particularity in Your written response.  If an objection is made only to part of the request, identify that part in Your written response and state Your objection and the ground(s) therefore.

13.     This request is a continuing one.  If, after producing the requested documents, You obtain or become aware of any further documents responsive to this request, You are required to produce such additional documents.  Supplemental responses should be served within thirty (30) days after such information or documents become known to You.

14.     Unless otherwise specified, the time period covered by these requests is from January 1, 2020 to the present, and shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to that date.

**Requests for Production**

**Request for Production No. 34.**

All Documents and Communications regarding or relating to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC shared with the investors and/or limited partners of the investment funds managed by Trive Capital Management LLC or its affiliates.

**Request for Production No. 35.**

All Documents and Communications relating to or regarding Your investment in or ownership of Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC, including but not limited to any investment analyses, investment theses, investment strategies, internal models, presentations, investment committee memoranda, 100-day plans, portfolio review memoranda, exit strategy memoranda, and Communications relating to or regarding the same.

**Request for Production No. 36.**

All Documents and Communications relating to Trive Capital Management LLC's (and any affiliate entity's) board meeting minutes, board meeting materials, investment committee minutes, or investment committee materials, to the extent such materials relate to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, the PIK Noteholders, and/or the PIK Notes.

**Request for Production No. 37.**

All Communications between Trive Capital Management LLC's (and any affiliate entity's) board or investment committee members, wherein Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, the PIK Noteholders, and/or the PIK Notes is discussed.

**Request for Production No. 38.**

All Documents and Communications regarding or relating to Your decision to invest or not invest additional capital in Lucky Bucks LLC, Lucky Bucks HoldCo LLC, and/or Lucky Bucks Holdings LLC following your initial investment, including but not limited to all Documents and Communications regarding whether or not to invest additional equity or debt capital in 2021.

**Request for Production No. 39**

All Documents and Communications regarding the Financial Position of Lucky Bucks LLC, Lucky Bucks HoldCo LLC, and/or Lucky Bucks Holdings LLC, including any analysis of market or other trends bearing thereon.

Dated: August 1, 2025                             WHITEFORD TAYLOR & PRESTON LLC

By: /s/  *Bradley P. Lehman*
William F. Taylor, Jr. (DE No. 2936)
Bradley P. Lehman (DE No. 5921)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
Facsimile: (302) 357-3286

-and-

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Susheel Kirpalani
Andrew J. Rossman
Mario O. Gazzola
295 Fifth Avenue, 9th Floor
New York, New York 10016

*Counsel to the Trustee*