# EXHIBIT G

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>*Debtor.* | Chapter 7<br><br>No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>*Plaintiff,*<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, *et al.*,<br><br>*Defendants.* | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO)<br><br><br>**TRIVE DEFENDANTS' RESPONSES AND OBJECTIONS TO THE TRUSTEE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable here by Federal Rules of Bankruptcy Procedure 7026 and 7034, Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani (together, the "Trive Defendants"), by and through their undersigned counsel, hereby submit the following responses and objections (the "Responses and Objections") to the *Second Set of Requests for Production of Documents Propounded to Trive Defendants*, dated August 1, 2025 (the "Requests") of Marc Abrams (the "Trustee" or "Plaintiff"), in his capacity as the trustee for the estate of Lucky Bucks Holdings LLC ("Holdings"), and in his capacity as assignee of claims of funds managed by Hamilton Lane Advisors LLC ("Hamilton"), by First Trust Capital Management LP ("First Trust"), by Monarch Alternative Capital LP ("Monarch"), by BC Partners ("BCP"), by Marathon

1

Asset Management LP ("Marathon"), and by CION Investment Management, LLC ("CION", collectively with Hamilton, First Trust, Monarch, BCP, and Marathon, the "Noteholders").

These Responses and Objections are based solely upon information reasonably and specifically known at this time to the Trive Defendants after conducting a reasonable investigation. The Trive Defendants reserve the right to supplement, amend, or otherwise modify these Responses and Objections, pursuant to Federal Rule of Civil Procedure 26(e) and Federal Rule of Bankruptcy Procedure 7026, including after considering any information obtained through further investigation. Nothing in these Responses and Objections should be construed as waiving any rights reserved or objections asserted in the Trive Defendants' *Responses and Objections to the Trustee's First Set of Requests for Production of Documents*, dated May 12, 2025 (the "Prior R&Os"), or any other rights or objections that otherwise might be available to the Trive Defendants, nor should the Trive Defendants' answering of any Request or agreement to produce be deemed an admission of the existence, relevance, authenticity, or admissibility in evidence of the Documents requested or these Responses and Objections.

Counsel for the Trive Defendants are prepared to meet and confer with counsel for the Trustee concerning the Responses and Objections, upon request.

### **GENERAL OBJECTIONS**

The Trive Defendants make the following general objections (the "General Objections") and specific objections to the Requests. The General Objections shall be, and hereby are, incorporated by reference into each specific objection below as though set forth fully therein. The assertion of the same, similar, or additional objections or partial responses to the individual Requests below does not waive any of the General Objections. For avoidance of doubt, the Trive Defendants reserve all rights and objections not herein stated.

**General Objection No. 1**:   The Trive Defendants object to the Requests as unduly burdensome and not proportional to the needs of the case to the extent they purport to require the Trive Defendants to search for, collect, review, and produce Documents beyond the Documents that the Trive Defendants searched for, collected, reviewed, and produced to Plaintiff in response to his *Subpoena for Rule 2004 Examination*, dated March 7, 2024 (the "Rule 2004 Subpoena"). *See* Stipulation Pursuant to Local Bankruptcy Rule 2004-1(a), *In re Lucky Bucks Holdings LLC*, No. 23-10756, ECF No. 53 (Bankr. D. Del. Mar. 12, 2024).   In response to the Rule 2004 Subpoena, the Trive Defendants searched electronic communications from three custodians (including both email communications and messages from any other relevant messaging apps, as well as Documents and Communications on their personal and work mobile devices), over a period spanning more than four years, from January 2020 to April 2024.   Based on that search, and in response to the Rule 2004 Subpoena, the Trive Defendants produced to the Trustee 21,341 documents (totaling 197,926 pages) and logged, across two privilege logs, 1,061 additional documents (the "Prior Productions").[1]   The Trustee has not explained, nor could he explain, why any additional searches, collection, or production by the Trive Defendants are warranted.

**General Objection No. 2**:   The Trive Defendants object to the Requests to the extent they purport to require the Trive Defendants to produce Documents at "the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 295 Fifth Avenue, 9th Floor, New York, NY 10016."   To the extent the Trive Defendants produce any Documents in response to the Requests, the Trive Defendants will do so through a File Transfer Protocol or equivalent electronic document-sharing tool, via email.   The Trive Defendants further object to the Requests as unduly burdensome to the

---

[1]   The vast majority of the Prior Productions were complete by November 2024, nearly nine months before the Trustee served his Requests.

extent they purport to require production by "10 a.m. on September 1, 2025." The Trive Defendants are willing to meet and confer through counsel should Plaintiff wish to discuss the form or timing of any forthcoming production in response to the Requests.

**General Objection No. 3**:   The Trive Defendants object to the "Definitions" and "Instructions" in the Requests and to each of the Requests to the extent they seek to impose any obligation in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), the Local Rules for the U.S. Bankruptcy Court for the District of Delaware, the U.S. District Court for the District of Delaware (the "Local Rules"), or any other applicable rule or law.

**General Objection No. 4**:  The Trive Defendants object to the Requests to the extent they are vague, ambiguous, lacking in particularity, overbroad, unduly burdensome, or not proportional to the needs of the case, or to the extent they purport to seek Documents that are not relevant to the claims or defenses in the Adversary Proceeding.

**General Objection No. 5**:  The Trive Defendants object to the Requests to the extent they seek Documents that may be obtained from other sources and/or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. In particular, the Trive Defendants object to the Requests to the extent they seek Documents that are publicly available, already available to Plaintiff, more easily obtainable from one or more other parties to the Adversary Proceeding, otherwise available from sources to which Plaintiff has equal or greater access, or obtainable from other sources and/or through other means of discovery that are more convenient, less burdensome, or less expensive.

**General Objection No. 6**:  The Trive Defendants object to the Requests to the extent they seek Documents revealing trade secrets or confidential, proprietary, or sensitive business

information of the Trive Defendants, their employees, and/or their clients. Any production of Documents by the Trive Defendants in response to the Requests shall be subject to the terms of the *Stipulated Confidentiality and Protective Order*, entered as docket entry 82 in the Adversary Proceeding (the "Protective Order").

**General Objection No. 7**: The Trive Defendants object to the Requests to the extent they seek Documents protected from disclosure by any privilege, immunity, or exemption from disclosure, including any applicable attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, privacy law, or any other applicable privilege or discovery immunity. Nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or discovery immunity. Specific objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that the Trive Defendants do not object to a Request on the basis of an applicable privilege. Any inadvertent disclosure of privileged Documents to the Trustee shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, and/or the Trive Defendants' right to object to the use of any Documents inadvertently disclosed. Any inadvertent disclosure of privileged Documents shall be governed in the manner provided by the Protective Order.

**General Objection No. 8**: The Trive Defendants object to the Requests to the extent they seek Documents containing business or personal information that the Trive Defendants are legally or contractually obligated to keep confidential, or the unauthorized disclosure of which may subject the Trive Defendants to civil or other liability or penalty. The Trive Defendants' production of any Documents in response to the Requests shall be governed in the manner provided by the Protective Order.

**General Objection No. 9**:  The Trive Defendants object to the Requests to the extent they require the production of "all" or "any" Documents under circumstances in which a subset of all Documents would be sufficient to show the pertinent information, on the ground that requests for "all" or "any" Documents are overbroad and unduly burdensome and not proportional to the needs of the case, especially in light of the Prior Productions already made to the Trustee.

**General Objection No. 10**:  The Trive Defendants object to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to impose on the Trive Defendants a duty to do more than meet and confer with Plaintiff's counsel as to why the Trustee believes that any additional searches and/or productions are necessary in light of the Prior Productions already produced to the Trustee, or to the extent they call for the restoration of Documents and information from inaccessible backup tapes and other inaccessible sources of electronically stored information.

**General Objection No. 11**:  The Trive Defendants object to the Requests to the extent they mischaracterize the pleadings, claims, defenses, or factual matters in or involving the Adversary Proceeding, the Bankruptcy Proceeding, or any other related proceeding.  Neither the General Objections, nor the specific objections and responses set forth below or later supplemented, are an admission as to the truth or accuracy of any statement or characterization contained in any particular Request.

**General Objection No. 12**:  The Trive Defendants object to the Requests to the extent they are unreasonably cumulative or duplicative of the Rule 2004 Subpoena and/or the Trustee's *First Set of Requests for Production of Documents Propounded to Trive Defendants* (the "Prior Requests").

6

**OBJECTIONS TO DEFINITIONS**

**Objection to Trustee's Definition No. 1**:  The Trive Defendants object to the definition of "[a]ny," "all," and "each" as overbroad, unduly burdensome, and not proportional to the needs of the case.

**Objection to Trustee's Definition No. 3**:  The Trive Defendants object to the definition of "Document" as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to seek, "without limitation," a voluminous list of categories of information and Documents.  The Trive Defendants further object to the definition as vague and ambiguous, to the extent it purports to include any "representation," "symbols," any "combination thereof," "tangible thing," "data cells," "compilations" from which information can be obtained, and "preliminary versions."  The Trive Defendants further object to the definition as unduly burdensome and overbroad to the extent it purports to require the Trive Defendants to "translat[e], if necessary, . . . through detection devices" Documents, and to the extent the definition of Documents includes "preliminary versions," "drafts" or "revisions."  In responding to the Requests, the Trive Defendants will consider "Documents" in a manner consistent with the Local Rules and the Federal Rules.

**Objection to Trustee's Definition No. 4**:  The Trive Defendants object to the definition of "Financial Position" as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to "includ[e,] but not [be] limited to, gross and net revenues, gross and net accounts receivable, net income, adjusted and unadjusted EBITDA, profitability, assets, liabilities, solvency or insolvency, capitalization, capital expenditures, liquidity, and ability to pay debts as they come due."  In responding to the Requests, the Trive Defendants will consider "Financial Position" to mean "financial performance" in accordance with its plain and ordinary meaning.

**Objection to Trustee's Definition No. 8**:  The Trive Defendants object to the definition of "You" and "Your" as overly broad and unduly burdensome to the extent it purports to include unidentified "predecessors, successors, divisions, subsidiaries, affiliates, and joint ventures," and "their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf."  In responding to the Requests, the Trive Defendants will construe "You" or "Your" as referring to Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani.

**OBJECTIONS TO INSTRUCTIONS**

**Objection to Trustee's Instruction No. 1**:  The Trive Defendants object to Instruction Number 1 as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it purports to request Documents in the "control of anyone acting on Your behalf," and to the extent it purports to require the Trive Defendants to "state the disposition of each [] document" that "was, but longer is, in Your possession, custody, or control."  In responding to the Requests, counsel for the Trive Defendants is prepared to meet and confer with Plaintiff's counsel as to why the Trustee believes that any additional searches and/or productions are necessary in light of the Prior Productions already produced to the Trustee.  Should the Trive Defendants agree to conduct any additional searches and/or produce any additional documents, they agree only to conduct a reasonable search for Documents within their possession, custody, and control, consistent with the Local Rules and the Federal Rules, and otherwise object to the extent the Requests purport to require the Trive Defendants to do anything more.

8

**Objection to Trustee's Instruction No. 2**:  The Trive Defendants object to Instruction Number 2 as unduly burdensome to the extent it purports to require the Trive Defendants to produce Documents "labeled to correspond with the categories in the requests."  The Trive Defendants will respond to the Requests in a manner consistent with the Local Rules and the Federal Rules.

**Objection to Trustee's Instruction No. 4**:  The Trive Defendants object to Instruction Number 4 as unduly burdensome to the extent it purports to require the Trive Defendants to produce "[e]lectronic records and computerized information . . . in their native format."  In responding to the Requests, to the extent the Trive Defendants agree to produce any Documents beyond the Prior Productions, they will do so in conformity with the ESI specifications attached as Appendix A to the Prior R&Os and consistent with the Local Rules and the Federal Rules, and otherwise object to the extent the Requests purport to require the Trive Defendants to do anything more.

**Objection to Trustee's Instruction No. 5**:  The Trive Defendants object to Instruction Number 5 as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to require the "numbering" of Documents.  The Trive Defendants will use industry-standard Bates stamps as set forth in Appendix A to the Prior R&Os.

**Objection to Trustee's Instruction No. 6**:  The Trive Defendants object to Instruction Number 6 as unduly burdensome, overbroad, and vague and ambiguous to the extent it purports to require the Trive Defendants to produce "labels" of Documents and "directories of files."

**Objection to Trustee's Instruction No. 7**:  The Trive Defendants object to Instruction Number 7 as vague and ambiguous to the extent it requires the production of "copy and copies" of Documents, an "actual original" of a Document, and "ribbon cop[ies]" of Documents.

9

**Objection to Trustee's Instruction No. 8**:  The Trive Defendants object to Instruction Number 8 as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to require that "Any ambiguity in a discovery request shall be construed to bring within the scope of discovery request all responses that otherwise could be construed to be outside of its scope."

**Objection to Trustee's Instruction No. 9**:  The Trive Defendants object to Instruction Number 9 as overbroad, unduly burdensome, inconsistent with the Local Rules and the Federal Rules, and as improperly seeking information protected by privilege, including the attorney-client privilege, to the extent it purports to require the Trive Defendants to provide "the following information with respect to" any document "withheld under any claim of privilege":  "an identification by employment and title of each such person"; "the name of each person who . . . was sent or furnished with, received, viewed, or has custody of the document or a copy thereof," to the extent such information is not evident from a document's metadata or associated transmittal email;  and "the request to which the document relates."  In responding to the Requests, the Trive Defendants will, if necessary, prepare a privilege log that complies with the Local Rules and the Federal Rules.

**Objection to Trustee's Instruction No. 10**:  The Trive Defendants object to Instruction Number 10 as overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Local Rules and the Federal Rules, to the extent it purports to require the Trive Defendants to "state and provide all documents to the extent possible, specifying the reason for [the Trive Defendants'] inability to produce the remainder of the documents, and stating whatever information or knowledge You have concerning each document not produced," in the event they "cannot provide some or any of the requested documents."  In responding to the Requests, the Trive Defendants refer the Trustee to the Prior Productions, which include privilege

10

logs, and state that they will comply with the Local Rules and the Federal Rules to the extent they make any additional production(s) in response to the Requests.

**Objection to Trustee's Instruction No. 13**: The Trive Defendants object to Instruction Number 13 as unduly burdensome to the extent it purports to require that "[s]upplemental responses should be served within thirty (30) days after such information or documents become known to" the Trive Defendants. In responding to the Requests, the Trive Defendants will, to the extent necessary, comply with Federal Rule of Civil Procedure 26(e).

**Objection to Trustee's Instruction No. 14**: The Trive Defendants object to Instruction Number 14 as overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information irrelevant to the claims and defenses in the Adversary Proceeding, to the extent it purports to assert that "the time period covered by these requests is from January 1, 2020 to the present, and shall encompass all documents and information relating in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior to that date." The Trive Defendants further object to Instruction No. 14 to the extent it purports to require the Trive Defendants to search for, review, and produce documents dated after the Trustee's service of the Rule 2004 Subpoena and/or the Trustee's filing of his initial Complaint in this adversary proceeding, on the grounds that such documents are likely to be disproportionately subject to attorney-client privilege and/or attorney work product protection and preparing a privilege log for such time period would be unduly burdensome and not proportional to the needs of the case. In responding to the Requests, the Trive Defendants will apply a time period of January 1, 2020, to March 31, 2024 (the "Responsive Time Period").

11

**SPECIFIC OBJECTIONS**

**Request For Production No. 34:**

**All Documents and Communications regarding or relating to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC shared with the investors and/or limited partners of the investment funds managed by Trive Capital Management LLC or its affiliates.**

**Response to Request No. 34:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications revealing the identities of Trive's external investors, since the burdens and harms associated with disclosure of such sensitive, proprietary, and personal customer information far "outweigh[] its likely benefit" or any claimed relevance that information has to the Trustee's claims against the Trive Defendants. Fed. R. Civ. P. 26(b)(1). The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Prior Productions in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 1, 2, 8, 9, to the extent it purports to seek Documents and Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 1-2, 29, and to the extent it purports to seek Documents and Communications requested by Request Nos. 35-39.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding or relating to" the specified topics.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants state that they will conduct a reasonable search for additional responsive

12

Communications from any Trive Defendant to all of any Trive Defendant's "investors and/or limited partners" regarding Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC during the Responsive Time Period, and will produce such additional non-privileged Communications, if any, located through that search. The Trive Defendants otherwise refer the Trustee to the Prior Productions for documents responsive to this Request.

**Request for Production No. 35:**

**All Documents and Communications relating to or regarding Your investment in or ownership of Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC, including but not limited to any investment analyses, investment theses, investment strategies, internal models, presentations, investment committee memoranda, 100-day plans, portfolio review memoranda, exit strategy memoranda, and Communications relating to or regarding the same.**

**Response to Request No. 35:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to this Request as seeking information not relevant to the claims and defenses asserted in this adversary proceeding, and as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications revealing the identities of Trive's external investors, since the burdens and harms associated with disclosure of such sensitive, proprietary, and personal customer information far "outweigh[] its likely benefit" or any claimed relevance that information has to the Trustee's claims against the Trive Defendants. Fed. R. Civ. P. 26(b)(1). The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Prior Productions in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 1, 8, to the extent it purports to seek Documents and Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 1-3, 6, 29, and to

13

the extent it purports to seek Documents and Communications requested by Request Nos. 34, 36-39.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to or regarding" the specified topics. The Trive Defendants further object to this Request as vague and ambiguous to the extent it purports to seek Documents and Communications relating to or regarding "investment analyses," "investment theses," "investment strategies," "internal models," and "presentations."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants state that they will conduct a reasonable search for additional responsive portfolio review slides relating to their "investment in or ownership of Lucky Bucks LLC, Lucky Bucks HoldCo LLC, or Lucky Bucks Holdings LLC" during the Responsive Time Period, and will produce such additional non-privileged slides, if any, located through that search. The Trive Defendants otherwise refer the Trustee to the Prior Productions for documents responsive to this Request.

**Request for Production No. 36:**

**All Documents and Communications relating to Trive Capital Management LLC's (and any affiliate entity's) board meeting minutes, board meeting materials, investment committee minutes, or investment committee materials, to the extent such materials relate to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, the PIK Noteholders, and/or the PIK Notes.**

**Response to Request No. 36:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein. The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Prior Productions in

14

response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 1, 8, to the extent it purports to seek Documents and Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 1-2, 6, 29, and to the extent it purports to seek Documents and Communications requested by Request Nos. 34-35, 37-39.  The Trive Defendants further object to this Request as overbroad and unduly burdensome to the extent it purports to seek Documents and Communications not within the Trive Defendants' possession, custody, or control.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "relating to" the specified topics.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications relating to materials and minutes "to the extent such materials relate to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, the PIK Noteholders, and/or the PIK Notes," to the extent it seeks production of Documents and Communications that concern portions of those materials and minutes that are entirely unrelated to Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, or the PIK Notes.

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants state that they will conduct a reasonable search for board-meeting minutes and presentations, and investment-committee minutes and memoranda for Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, and Southern Star Gaming, LLC during the Responsive Time Period and will produce such, non-privileged materials, if any, located through that search to the extent such materials discuss Lucky Bucks LLC, Lucky Bucks HoldCo LLC,

15

Lucky Bucks Holdings LLC, or the PIK Notes.  The Trive Defendants otherwise refer the Trustee to the Prior Productions for documents responsive to this Request.

**Request for Production No. 37:**

**All Communications between Trive Capital Management LLC's (and any affiliate entity's) board or investment committee members, wherein Lucky Bucks LLC, Lucky Bucks HoldCo LLC, Lucky Bucks Holdings LLC, the PIK Noteholders, and/or the PIK Notes is discussed.**

**Response to Request No. 37:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require the Trive Defendants to collect and search from additional custodians beyond the three custodians already agreed upon and the searches for board and investment committee materials that the Trive Defendants have agreed to conduct in response to Request Nos. 34 and 36 above.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Communications already produced to Plaintiff in the Prior Productions in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 1, 8, to the extent it purports to seek Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 1-2, 6, 29, and to the extent it purports to seek Communications requested by Request Nos. 34-36, 38-39.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Communications involving discussion of any of the specified topics.  The Trive Defendants further object to this Request as overbroad and unduly burdensome to the extent it purports to seek Documents and Communications not within the Trive Defendants' possession, custody, or control.

16

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Prior Productions for documents responsive to this Request and the Trive Defendants' responses to the other Requests.

**Request for Production No. 38:**

**All Documents and Communications regarding or relating to Your decision to invest or not invest additional capital in Lucky Bucks LLC, Lucky Bucks HoldCo LLC, and/or Lucky Bucks Holdings LLC following your initial investment, including but not limited to all Documents and Communications regarding whether or not to invest additional equity or debt capital in 2021.**

**Response to Request No. 38:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Prior Productions in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 1, 8, to the extent it purports to seek Documents and Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 6, 29, and to the extent it purports to seek Documents and Communications requested by Request Nos. 34-37, 39.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding or relating to" the specified topics.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, and vague and ambiguous to the extent it purports to seek Documents and Communications regarding or relating to any "decision to invest or not invest additional capital."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Prior Productions for documents responsive to this Request and the Trive Defendants' responses to the other Requests.

**Request for Production No. 39:**

**All Documents and Communications regarding the Financial Position of Lucky Bucks LLC, Lucky Bucks HoldCo LLC, and/or Lucky Bucks Holdings LLC, including any analysis of market or other trends bearing thereon.**

**Response to Request No. 39:**

The Trive Defendants incorporate by reference each of their General Objections as if fully set forth herein.  The Trive Defendants further object to this Request as overbroad, unduly burdensome, duplicative, and not proportional to the needs of the case to the extent it purports to seek Documents and Communications already produced to Plaintiff in the Prior Productions in response to the Rule 2004 Subpoena, *see, e.g.*, Rule 2004 Subpoena Request Nos. 2, 8-9, to the extent it purports to seek Documents and Communications requested by the Prior Requests, *see, e.g.*, Prior Request Nos. 6, 8, 29, and to the extent it purports to seek Documents and Communications requested by Request Nos. 34-38.

The Trive Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek "All" Documents and Communications "regarding" the specified topics.  The Trive Defendants further object to this Request as vague and ambiguous to the extent it purports to seek Documents and Communications regarding "any analysis of market or other trends bearing []on" "the Financial Position."

Subject to and without waiving the foregoing General Objections and specific objections, the Trive Defendants refer the Trustee to the Prior Productions for documents responsive to this Request and the Trive Defendants' responses to the other Requests.

18

Dated:  September 2, 2025

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(t) (212) 230-8800
(f) (212) 230-8888
philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com

*Counsel for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Lucky LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400

*Counsel for Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Lucky LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani*

19