# EXHIBIT L

**WILMERHALE**

September 5, 2025

**Michael McGuinness**

+1 212 230 8873 (t)
+1 212 230 8888 (f)
Mike.McGuinness@wilmerhale.com

**(Via Email)**
Mario Gazzola, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com

Re: *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO)
(Bankr. D. Del.)

Dear Mario:

We write on behalf of the Trive Defendants[1] in response to your August 29, 2025 letter (the "Letter"), and in furtherance of our letters dated April 23, 2025, May 2, 2025, June 3, 2025, July 17, 2025, July 25, 2025, August 8, 2025, and August 22, 2025. To the extent this letter requests a response, please provide such response by no later than September 12, 2025.

### A.      Trive Defendants' Request No. 3

We understand your Letter to confirm that the Trustee is not objecting to any of the categories in Request No. 3 and will produce all non-privileged documents responsive to all categories in the Request identified after a reasonable search, subject to negotiation of a reasonable set of search terms that will constitute the reasonable search. Please let us know promptly if we are mistaken.

As to the search terms to be used, your letter offers no support for the conclusory assertions that it would be "unduly burdensome and disproportionate to the needs of this case" for the Noteholders to collect and review the 661,540 documents hitting on the parties' agreed-upon search terms or that many of such documents "are likely unresponsive" to the Requests. Ltr. at 1. Applying the Trustee's own argument (Ltr. at 3) to its own production, the fact that the agreed-upon search terms generated large numbers of hits means that the Noteholders are in possession of a significant amount of responsive material that they must review and produce.

Your Letter does not provide the Trive Defendants with sufficient information to determine whether, and if so to what extent, any of the agreed-upon search terms needs to be revised as to any Noteholder. Your Letter only identifies the number of documents the Noteholders must review *collectively*, rather than *individually*. Each of the six Noteholders

---

[1] Capitalized terms have the same meaning as in our prior correspondence regarding these topics, unless otherwise defined herein.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

Mario Gazzola
September 5, 2025
Page 2

employed separate deal teams comprised of multiple members who, according to your prior representations, played different roles in the Notes Transactions.  *See* May 12, 2025 Ltr. from M. Gazzola to R. Firsenbaum, at 2-3; *see also* May 2, 2025 Ltr. from R. Firsenbaum to M. Gazzola, at 2-3.  Please provide hit reports—on a Noteholder-by-Noteholder basis—showing the total document (and unique document) hits generated by each of the proposed search terms by **September 12, 2025**.  You have made the same request of the Trive Defendants with respect to Mr. Searcy's documents, and the Trive Defendants are prepared to make a mutual exchange of search term hit reports at such time.  Please let us know in advance if the Trustee agrees to this proposal.

### B.    Personal Devices of the Noteholders' Custodians

Your Letter provides incomplete and, in some instances, alarming, information about the Noteholders' collection (and potentially destruction) of relevant information from their personal devices.  We address each Noteholder in turn:

- **First Trust and BC Partners:**  Your Letter indicates that First Trust and BC Partners have not collected from the personal devices of the Trustee's proposed custodians because "[First Trust and BC Partners'] company policies prohibit employees from using personal devices for work."  Ltr. at 3.  But your Letter does not indicate what such policy was, what steps (if any) the Trustee has taken to confirm that each Noteholder custodian complied with their employer's purported policy, whether each Noteholder timely preserved relevant information on personal devices, and whether each Noteholder agrees to search their custodians' personal devices.  The Trive Defendants request the following:

  - Production of First Trust and BC Partners' policies that purportedly "prohibit[ed]" the Trustee's proposed custodians "from using personal devices for work" during the relevant time period;

  - A description of what steps (if any) the Trustee has taken to confirm that each proposed custodian complied with their employer's purported policy;

  - Confirmation that litigation holds—which you represented were in place for each of the Noteholders, *see* Jan. 17, 2025 Ltr. from M. Gazzola to P. Anker—were distributed to each of the Trustee's proposed custodians for First Trust and BC Partners, and, if so, when, and that each covered the custodians' personal devices; and

  - Confirmation that First Trust and BC Partners are in the process of collecting and searching the personal devices of the Trustee's proposed custodians for relevant information, and a description of what search is being conducted.

**WILMERHALE**

Mario Gazzola
September 5, 2025
Page 3

- **Hamilton Lane**:  Your Letter indicates that Hamilton Lane "did not collect from its custodians' personal devices," but does not explain why.  Ltr. at 3. The Trive Defendants request the same information from Hamilton Lane as set forth above from First Trust and BC Partners, including without limitation production of any policy or procedure governing the use of personal devices in place during the relevant time period.

- **CION**:  Your Letter indicates that CION "is collecting documents from its custodians' personal devices," Ltr. at 3, but provides no information as to whether a litigation hold was timely implemented for such devices and the nature of those collections.  The Trive Defendants therefore request the following information:

  o  Confirmation that a litigation hold—was distributed to each of the Trustee's proposed custodians for CION, and, if so, when, and that each covered the custodians' personal devices;

  o  When the collections took place;

  o  Whether each of the proposed custodians' personal devices was imaged and collected in full, or whether only certain text messaging applications were collected and searched; and

  o  If only certain text messaging applications were collected and searched, which messaging applications were (and were not) collected from and searched, and how CION implemented any search.

- **Monarch and Marathon**:  Your Letter indicates that "[t]exts and messaging applications were collected for" Monarch and Marathon's proposed custodians, Ltr. at 3, but provides no information as to whether a litigation hold was timely implemented for such devices and the nature of such collections.  The Trive Defendants request the same information from Monarch and Marathon as set forth above from CION.

C.     **Noteholder Deal Files**

We appreciate that the Trustee has "collected or is in the process of collecting documents from all of the Noteholders' deal files or shared drives,"  Ltr. at 3, but do not believe that it is appropriate for the Trustee to implement search terms for the collection and search of documents that the Noteholders stored in deal files or shared drives for the Notes Transactions, where this case is about the Notes Transactions and the Trustee has not asserted that such locations would have documents about anything other than the Notes Transaction.  We asked you over four months ago to provide us with the "anticipated volume of documents and information included in the deal files and/or shared drives of the Noteholders," Aug. 22, 2025 Ltr. from M. McGuinness to M. Gazzola, but you still have not provided that amount to us or otherwise provided any justification for not reviewing all of the documents in these locations.  Please confirm that you

Mario Gazzola
September 5, 2025
Page 4

will collect and review for responsiveness the Noteholders' deal folders and/or shared drives in their entirety.

### D. Conner Searcy Documents

Your Letter rejects the Trive Defendants' reasonable offer to search Mr. Searcy's custodial documents, without raising any basis to ask for broader searches because of the large hit count resulting from the Trustee's overbroad and unduly burdensome search terms. In our August 22, 2025 letter, we explained how many of Trustee's proposed search terms are overbroad and likely to capture irrelevant information because they are not reasonably tailored to the Notes Transactions (or Lucky Bucks at all), *see* Aug. 22, 2025 Ltr. from R. Firsenbaum to M. Gazzola, at 1-2, and your Letter does not (and cannot) defend those terms.

Nevertheless, as noted above, the Trive Defendants are willing to provide the Trustee with the requested hit report by September 12, 2025, in exchange for the Trustee's production of individual hit reports from the Noteholders. *See supra* at 2.

### E. The Trustee's Non-Party Discovery

We appreciate your Letter's confirmation that the Trustee will produce "promptly" any documents he receives from Macquarie Capital (USA) Inc., Barclays Capital Inc., the Georgia Lottery Corporation, or Mohammad Azam Chisti in response to the Rule 45 subpoenas, Ltr. at 3, but do not understand why the Trustee cannot agree to producing such documents within three days of receipt, as proposed in our August 27, 2025 letter. *See* Aug. 27, 2025 Ltr. from M. McGuinness to M. Gazzola, at 1-2. It would be easier for both sides to avoid future disputes about what "promptly" means by agreeing to a date certain in advance. If, of course, the Trustee needs additional time in a particular instance because of, for example, an intervening holiday or technical difficulties with a production he received, the Trive Defendants will agree to reasonable extensions. The Trive Defendants therefore renew their request that the Trustee agree to produce documents received within three days of receipt.

We look forward to receiving your responses.

Best regards,

*/s/ Michael McGuinness*
Michael McGuinness