# EXHIBIT N

| From: | Bridge, Charles <Charles.Bridge@wilmerhale.com> |
|---|---|
| Sent: | Friday, December 19, 2025 8:23 PM |
| To: | Olivia Probetts; Mario Gazzola; QE-Lucky Bucks |
| Cc: | Anker, Phil; Firsenbaum, Ross; McGuinness, Mike |
| Subject: | RE: Abrams v. Trive Capital Management LLC, et al., AP No. 24-50130 (KBO) |

**[EXTERNAL EMAIL from charles.bridge@wilmerhale.com]**

 **This message needs your attention**

• Some Recipients have never replied to this person.

Olivia,

I write in response to your email below, and in further response to Mario's December 4 email below.

To start, I note that the Trive Defendants already responded to the December 4 email via a letter sent to you later that same day. *See* Ltr. from M. McGuinness to O. Probetts (Dec. 4, 2025) (the "12/4 Letter"), at 1. Mario's December 4 email asked for a hit report using certain search terms "for both of Trive's existing custodians, as well as Mr. Searcy," that would disclose "how many additional/incremental hits they generate compared to the population Trive has already reviewed." As we stated in the 12/4 Letter, the search terms used for the Trive Defendants' productions in response to the Rule 2004 subpoena (the "Prior Productions") "have long been known to the Trustee," they "were negotiated extensively between your firm and the prior counsel for the Trive Defendants (Greenberg Traurig)," and your firm "has had the final, agreed-upon set of search terms since May 2024." 12/4 Letter at 2. In addition, we reminded you in that letter that WilmerHale "confirmed for the Trustee, several months ago, exactly which set of search terms was used to create Greenberg Traurig's review population for the Prior Productions." *Id.* In sum, "re-visiting search terms agreed to by the parties over a year ago is improper and would impose undue costs on the Trive Defendants." *Id.* at 2-3. Our position remains the same today.

Since our 12/4 Letter, the Trustee finally made an initial production of Noteholder documents on December 8—over nine months after we served our document requests on March 5, and on the eve of a court appearance. Still, as to the parties' document productions, the disparity remains stark. The Trive Defendants long ago made their productions of over 20,000 custodial documents, using a broad set of search terms that are likely to have captured nearly all conceivably relevant documents (and have made supplemental productions more recently). In contrast, the Trustee has (very recently) produced approximately 4,200 Noteholder documents—including hardly any documents from First Trust and Hamilton Lane, as to which the Trustee has produced only 24 documents and 94 documents, respectively. It is fundamentally imbalanced and disproportionate for the Trustee to seek to impose additional burdens on the Trive Defendants while continuing to slow-play his productions of the Noteholder documents that we requested some nine months ago and that are at the center of this case. (The Trustee's recent assertion in a December 9 email that he has produced "270,000 documents"

1

credits the Trustee with re-producing documents he received from other litigants—which obviously imposed no burden on the Trustee.)

Relatedly, in his opposition to the Trive Defendants' motion to compel, the Trustee represented to the Court that his "first general production of Noteholder documents" would include the "ad hoc" Noteholder documents—i.e., "the specific documents compiled by the Noteholders at the request of the Trustee's counsel" when the Trustee was preparing his amended complaint, which were the subject of the Trive Defendants' motion to compel.  Dkt. 118 ¶ 4.  (The Trustee also represented to the Court, on August 26, that this production would occur "promptly," *id.*, before delaying the promised production for approximately 3.5 additional months.)  The Trustee did not include any information with its December 8 production allowing us to identify whether, in fact, such documents were included; please confirm whether they were.

In short, as we have stated repeatedly in past correspondence, the Trive Defendants view it as unreasonable and disproportionate for the Trustee to reopen long-settled negotiations over search terms for Trive custodians, especially until the Trustee makes more substantial progress in responding to the Trive Defendants' long-outstanding document requests to the Noteholders.  Upon receiving a substantially complete production of the Noteholders' documents, we are willing to meet and confer further about your proposal that the Trive Defendants run additional hit reports and review additional documents from the Trive custodians. That substantially complete production must include all documents from each Noteholder's dedicated deal file(s) for the Lucky Bucks transaction, which are presumptively responsive.  *See* Ltr. from M. McGuinness to O. Probetts (Oct. 17, 2025), at 5.

We note that any future meet-and-confer on this topic also would need to address the fact that certain search terms are facially inappropriate for Trive custodians.  For example, search terms consisting of Mr. Thadani's or Mr. Anderson's names are inappropriate for their respective custodial documents.  We would also seek to understand the Trustee's addition of the lengthy search string beginning with "Goldstar*," which does not mirror any term proposed by Trive to the Noteholders.

Finally, with respect to Mr. Searcy, we have not received a response to my October 21 letter, in which we explained that the hit report attached to our prior September 19 letter (to which the Trustee also did not respond) suggested that certain terms were likely generating a high number of irrelevant hits, and in which we asked the Trustee to propose a "significantly narrowed" set of search terms in light of the Trustee's narrow theory of the relevance of Mr. Searcy's documents.  Ltr. from C. Bridge to O. Probetts (Oct. 21, 2025), at 3.  As I said in that letter, the Trive Defendants "remain willing to discuss and consider compromise solutions on this topic," but we view the ball as being in the Trustee's court—where it has been for nearly two months now.  And we reiterate that the Trustee must further fulfill his own, basic production obligations before the Trive Defendants will agree to expand theirs.

Best,
Charlie


**Charles C. Bridge | WilmerHale**
+1 212 295 6418 (t)

---

**From:** Olivia Probetts <oliviaprobetts@quinnemanuel.com>
**Sent:** Tuesday, December 16, 2025 6:44 PM

**To:** Mario Gazzola <mariogazzola@quinnemanuel.com>; McGuinness, Mike <Mike.McGuinness@wilmerhale.com>; Anker, Phil <Philip.Anker@wilmerhale.com>; Bridge, Charles <Charles.Bridge@wilmerhale.com>; Firsenbaum, Ross <Ross.Firsenbaum@wilmerhale.com>
**Cc:** QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** RE: Abrams v. Trive Capital Management LLC, et al., AP No. 24-50130 (KBO)

**EXTERNAL SENDER**

Counsel,

We are following up on the below email. It has been nearly two weeks, and you have failed to provide us with hit reports for the below search terms. As explained below, Trive is no longer a third-party but is instead a defendant in this action. Accordingly, the more limited set of search terms Trive specifically negotiated for during Rule 2004 discovery on the basis that Trive was purportedly a third party are no longer sufficient for the needs of the case. As you know, the Trustee applied much more expansive terms to the Noteholders' documents per Trive's request, and the terms below are drawn from Trive's requested search terms.

Please provide hit reports for the below terms for Trive's existing custodians as well as Mr. Searcy by this Friday, December 19, and let us know how many additional hits they generate compared to the population of documents Trive has already reviewed.

If we do not receive hit reports by Friday, we will assume that Trive refuses to run any additional search terms, and we will seek relief from the Court.

Olivia

**Olivia Probetts**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7623 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
oliviaprobetts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Mario Gazzola <mariogazzola@quinnemanuel.com>
**Sent:** Thursday, December 4, 2025 8:11 PM
**To:** McGuinness, Mike <mike.mcguinness@wilmerhale.com>; Anker, Phil <Philip.Anker@wilmerhale.com>; Bridge, Charles <Charles.Bridge@wilmerhale.com>; Bridge, Charles <Charles.Bridge@wilmerhale.com>
**Cc:** QE-Lucky Bucks <qe-luckybucks@quinnemanuel.com>
**Subject:** Abrams v. Trive Capital Management LLC, et al., AP No. 24-50130 (KBO)

Counsel,

We are following up regarding Trive's document production, and early discussions where we mentioned we may ask you to run additional terms.  In particular, upon comparing the terms Trive used to respond to 2004 discovery and the terms Trive demanded the Trustee apply to the Noteholder documents, we noticed a stark difference in breadth.  Trive's prior counsel justified narrow terms by arguing that Trive was just a third-party recipient of a subpoena (and at one point even demanded the Trustee cover Trive's expenses of responding).

However, now that Trive is a party to a case instead of a third party responding to Rule 2004 discovery, we believe Trive should broaden the terms it applied to match those applied to the Noteholders.  Below are the Trustee's proposed search terms for the Trive custodians.  These search terms mostly mirror those proposed by Trive to the Noteholders, except we have removed/modified terms that resulted in large numbers of false positives in the Noteholder documents.

Please share a hit report using these terms for both of Trive's existing custodians, as well as Mr. Searcy, and let us know how many **additional/incremental** hits they generate compared to the population Trive has already reviewed.

- "Project Lucky*"
- "Southern Star"
- "2786692 Ontario"
- "27th Invest*"
- "Anand" OR "Vaswani"
- "Arc Gaming"
- "Bouskill" OR "rbouskill@djb.com"
- "Boyden" OR "jamie@luckybucksga.com" OR "jamie@sevenaces.com"
- "B-Side" OR "Angel Amus*" OR "Dynamic Gam*" OR "Unique Amus*" OR "AKS Amus*" OR "Advance Amus*" OR "Klass" OR "Prestige" OR "Lee Caudell" OR "Pinball" OR "Blue Georgia" OR "Georgia Winner*"
- "Charm*"
- "Chisti" OR "Chishti" OR "georgiawinnersLLC@gmail.com"
- "Coin-operated" OR "Coin operated" OR "COAM" OR "coinop" OR "coinop" OR "coin op"
- "Damani" OR "Anil" OR "anil@27invest.com" OR "27success@gmail.com"
- "Derrick" w/30 "Smith"
- "Farm Team"
- "Georgia Lotter*" OR "GLC"
- "Goldstar" OR "Gold Star" OR "Georgia Winner*" OR "Universal Games" OR "Topaz" OR "Spectrum" OR "Shivsena" OR "Narayani" OR "Just Play" OR "Jiya*" OR "Infinite" OR Lucky" OR "Far East" OR "Aarya"
- "Hassan" OR "Ijaz" OR "hassan@luckybucksga.com"
- "Imran" OR "Ali"
- "Jackpot*"
- "Jonathan" w/30 "Howard"
- "LB"
- "LBVI"
- "Location contract*" OR "master license*" OR "location license*" OR "location owner*"
- "Lucky Buck*" OR "*@luckybucksga.com"
- "Marc Abrams" OR ("Abrams" w/30
- ("Lucky Bucks" OR "LB")) OR ("Trustee" w/30 ("Lucky Bucks" OR "LB"))"
- "Mohubil" OR "Motin"
- "put option*" AND ("Lucky Buck*" OR "LB" OR "@luckybucksga.com")
- "Sayani" OR "Al Amin"
- "Sekhri" OR "manu@sekhri.ca" OR "manu@sevenaces.com"

- "Seven Aces*" OR "*@sevenaces.com" OR "quantum gaming*"
- "Shafik" OR "Kassam" OR "kassam@luckybucksga.com" OR "tony@luckybucksga.com"
- "Shakeel" OR "Haque"
- "Shravan" OR "Thadani"
- ("Arnaldo" OR "Jonathan" OR "Linares") w/30 "Perez"
- ("Connor" w/20 "Anderson") OR "Curley"
- ("Neal" w/20 "Goldman") OR "neal.p.goldman@gmail.com"
- ("Stephanie" w/30 ("Lippa" OR "Alito")) OR "stephanie@sevenaces.com"

Best,
Mario

**Mario O. Gazzola**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7102 Direct
919-360-1686 Cell
mariogazzola@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.