**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>*Debtor*. | Chapter 7<br><br>No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC,<br>*et al.*,<br><br>*Defendants*. | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO) |

**DECLARATION OF SHRAVAN THADANI IN SUPPORT OF THE TRIVE DEFENDANTS' CROSS-MOTION TO COMPEL AND THE TRIVE DEFENDANTS' OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL**

I, Shravan Thadani, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a partner of Defendant Trive Capital Management LLC ("TCM"). I have been employed by TCM since 2016 and have worked in the private equity industry for 16 years. I am also a Defendant in the above-captioned adversary proceeding. I submit this declaration in support of the *Trive Defendants' Cross-Motion to Compel and the Trive Defendants' Opposition to the Trustee's Motion to Compel*, filed contemporaneously herewith on June 18, 2026.[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Memorandum of Law in Support of the Trive Defendants' Cross-Motion to Compel and the Trive Defendants' Opposition to the Trustee's Motion to Compel*, filed contemporaneously herewith on June 18, 2026.

2.      The aggregate amount of proceeds from the Holdings Distribution received by the Trive Defendants, net of expenses, was $119,047,461.46.  Defendant Trive Capital Fund III LP ("Fund III") ultimately received $76,640,183.93 of that amount and Defendant Trive Capital Fund III-A LP ("Fund III-A" and, together with Fund III, the "Trive Funds") ultimately received $42,407,277.53 of that amount.

3.      TCM is a private equity firm and is the management company for the Trive Funds. Attached as **Exhibit A** is a true and accurate copy of TCM's most recently filed Form ADV, dated as of April 27, 2026, which is a publicly available document.  It reflects that:  (a) TCM has over $8 billion in regulatory assets under management; (b) Fund III has a gross asset value of over $660 million; and (c) Fund III-A has a gross asset value of over $354 million.  These amounts are substantially greater than the total distributions received by the Trive Defendants at issue in the above-captioned adversary proceeding.

4.      Moreover, and consistent with industry-wide practice based on my experience in the private equity industry, the limited partnership agreements for the Trive Funds include provisions pursuant to which the Trive Funds' limited partners would be obligated to return certain distributions previously made by the Trive Funds to such limited partners, including in circumstances where the fund incurs a liability or obligation and the fund does not have sufficient available funds to satisfy any such liability or obligation.

5.      In addition, I understand that on March 19, 2026, the Trive Defendants served their Rule 26(a) Disclosures on Plaintiff, which disclosed the insurance agreements under which insurers may be liable to satisfy all or part of a possible judgment against the Trive Defendants in the above-captioned adversary proceeding.  I further understand that on June 16, 2026, the Trive Defendants produced to Plaintiff copies of those insurance agreements.  I understand that the

2

aggregate coverage under those agreements is approximately $43 million, though the limits in that coverage may have eroded to some extent to date for defense costs.

6.      I thus cannot see any legitimate reason why Plaintiff would need to know the identities of third-party limited partners of the Trive Funds.  TCM considers the identities of those partners to be highly sensitive, proprietary information and treats such information as trade secrets, which, based on my experience, is consistent with industry-wide practice.  The limited partners of the Trive Funds include, among others, pensions and retirement plans, hospital systems, university endowments, philanthropic foundations, and private investors, and have, in some cases, contractually restricted TCM's ability to disclose their identities.  TCM has a vested business interest in protecting these third-party limited partners from, among other things, harassment. Moreover, I believe that disclosure of the identities of these limited partners would subject TCM and its funds to business risks from its competitors (*i.e.*, other private equity firms and investment management firms).

Dated: June 18, 2026
        Dallas, Texas

*/s/ Shravan Thadani*
Shravan Thadani