# Exhibit 51

WILMERHALE

June 2, 2026

**Ross E. Firsenbaum**

+1 212 295 6323 (t)
+1 212 230 8888 (f)
ross.firsenbaum@wilmerhale.com

**CONFIDENTIAL**

**(Via Email)**

Mario Gazzola, Esq.
Olivia Probetts, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com
oliviaprobetts@quinnemanuel.com

**Re: *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO) (Bankr. D. Del.)**

Dear Mario and Olivia:

I write on behalf of the Trive Defendants[1] in response to *Plaintiff's First Set of Requests for Production of Documents Propounded to Trive Defendants* (dated April 11, 2025), *Plaintiff's Second Set of Requests for Production of Documents Propounded to Trive Defendants* (dated August 1, 2025), and *Plaintiff's Third Set of Requests for Production of Documents Propounded to the Trive Defendants* (dated April 10, 2026). Subject to and without waiving any of the Trive Defendants' responses and objections to the first set of requests (dated May 12, 2025), the second set of requests (dated September 2, 2025), or the third set of requests (dated May 11, 2026), the Trive Defendants are producing today documents bearing Bates numbers Trive_200601 to Trive_216143. You will receive a separate email with a link to access the production. The production is encrypted. The password to access the production is in the cover email you just received.

In accordance with the *Stipulated Confidentiality and Protective Order* [Adv. D.I. 82], this production contains documents that have been designated as "Confidential – Subject to Protective Order."

The productions that the Trive Defendants have agreed to make to date in response to the Trustee's document requests are now substantially complete. The Trive Defendants reserve the right to make additional productions, including of any responsive, non-privileged documents

[1] Capitalized terms have the same meaning as in my prior correspondence regarding these topics, unless otherwise defined herein.

identified as the Trive Defendants continue preparing the privilege log that will be provided to the Trustee by Tuesday, June 16.

This production is not intended to waive any applicable privileges or other legal protections pursuant to which the Trive Defendants' information may not be subject to production. If the Trive Defendants produce any privileged or protected information, such disclosure is inadvertent. The Trive Defendants reserve all rights.

Please do not hesitate to contact me if you have any questions.

Best regards,

*<u>/s/ Ross E. Firsenbaum</u>*

Ross E. Firsenbaum

# Exhibit 52

**From:** Young, Jason in Teams[noreply@email.teams.microsoft.com]
**Sent:** Wed 12/8/2021 12:54:22 AM (UTC-05:00)
**To:** ivelin.Dimitrov@bcpartners.com[ivelin.Dimitrov@bcpartners.com]
**Subject:** Jason sent a message
**Attachment:** ATT00001.png
**Attachment:** ATT00002.png
**Attachment:** ATT00003.png
**Attachment:** ATT00004.png
**Attachment:** ATT00005.png

## Hi,

Your teammates are trying to reach you in **Microsoft Teams**.



**Jason sent a message in Lucky Bucks**

https://www.13wmaz.com/article/news/crime/bibb-commissioner-proposes-distance-restrictions-on-coin-operated-gambling-machines-2/93-b253c52b-5350-4441-8e6c-3cee6f1166b8...

**Reply in Teams**

Install Microsoft Teams now

iOS Android

This email was sent from an unmonitored mailbox. Update your email preferences in Teams. Activity > Settings (Gear Icon) > Notifications.

© 2019 Microsoft Corporation, One Microsoft Way, Redmond WA 98052-7329
Read our privacy policy

Microsoft

# Exhibit 53

Message

**From**: Nayef Perry [nperry@hamiltonlane.com]
**Sent**: 11/29/2021 8:58:41 AM
**To**: Ryan Nassib [rnassib@hamiltonlane.com]
**Subject**: RE: [EXT] RE: Lucky Bucks Wiring Information

That makes sense. thanks

---

**From:** Ryan Nassib <rnassib@hamiltonlane.com>
**Sent:** Monday, November 29, 2021 8:57 AM
**To:** Nayef Perry <nperry@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Thanks, Nayef. I passed along that note to Patrick via slack. My thought was to reply to Patrick's email request in the thread once we receive the confirmation contact so that we have both pieces of information in one email. Please let me know if you think otherwise.

---

**From:** Nayef Perry <nperry@hamiltonlane.com>
**Sent:** Monday, November 29, 2021 8:41 AM
**To:** Ryan Nassib <rnassib@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Ryan – you probably saw Clare's note, but the wire detail is in the excel file 'Detailed Wire Information' tab. I just checked the net funding and it appears right given the 2% OID.

---

**From:** Ryan Nassib <rnassib@hamiltonlane.com>
**Sent:** Monday, November 29, 2021 8:24 AM
**To:** Clare Kim <clare.kim@bcpartners.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Thanks so much, Clare. Also, if you please send across the wiring instructions and a confirmation contact when you have a moment, that'd be much appreciated. Thanks

---

**From:** Clare Kim <clare.kim@bcpartners.com>
**Sent:** Sunday, November 28, 2021 10:45 PM
**To:** Ryan Nassib <rnassib@hamiltonlane.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Great, sounds good. Shearman just sent across the attached NPA with some minor clean ups and I am attaching the last few redlines that should help track the changes made in the last few turns. New changes from the last caught up include adding a opco leverage governor for incremental debt, MFN on the additional $50mm that Trive/LB may place after close, and some consent rights of all purchasers which are all detailed in the attached. Let me know if any questions, thanks.

**From:** Ryan Nassib <rnassib@hamiltonlane.com>
**Sent:** Sunday, November 28, 2021 9:28 PM
**To:** Clare Kim <clare.kim@bcpartners.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** [EXTERNAL] RE: [EXT] RE: Lucky Bucks Wiring Information

Thanks so much, Clare. We can send across our signature page tomorrow AM. If there have been any changes to the NPA, would it be possible to see changed pages against the 11/16 K&E draft that was shared before closing?

Many thanks,
Ryan

---

**From:** Clare Kim <clare.kim@bcpartners.com>
**Sent:** Sunday, November 28, 2021 4:25 PM
**To:** Ryan Nassib <rnassib@hamiltonlane.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Hi Ryan,

See attached for the latest funds flow, with expectations to sign/close/fund tomorrow. I am also attaching the sig packet to the NPA attached, with our signatures executed. Could you please execute on pg. 3 at your earliest convenience? Let us know if you have any questions, thank you!

---

**From:** Clare Kim
**Sent:** Friday, November 26, 2021 4:25 PM
**To:** Ryan Nassib <rnassib@hamiltonlane.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** RE: [EXT] RE: Lucky Bucks Wiring Information

Hi Ryan,

Please find the latest draft of the funds flow attached from Houlihan. Wire details are included in there. Let us know if any issues, thanks.

---

**From:** Ryan Nassib <rnassib@hamiltonlane.com>
**Sent:** Tuesday, November 23, 2021 12:21 PM
**To:** Clare Kim <clare.kim@bcpartners.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** [EXTERNAL] RE: [EXT] RE: Lucky Bucks Wiring Information

Okay great, we'll be on the lookout. Thanks so much for the update, Clare. Much appreciated.

---

**From:** Clare Kim <clare.kim@bcpartners.com>
**Sent:** Tuesday, November 23, 2021 11:29 AM

**To:** Ryan Nassib <rnassib@hamiltonlane.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** [EXT] RE: Lucky Bucks Wiring Information

Hi Ryan,

Good to meet you, we have not seen wire details yet, but will follow up with you. We are targeting 29th/30th for closing and will send you the next turn of the NPA as well. We are getting close.

Thanks,
Clare

---

**From:** Ryan Nassib <rnassib@hamiltonlane.com>
**Sent:** Tuesday, November 23, 2021 11:04 AM
**To:** Clare Kim <clare.kim@bcpartners.com>
**Cc:** Dimitrov, Ivelin <Ivelin.Dimitrov@bcpartners.com>; Nayef Perry <nperry@hamiltonlane.com>; Holly Power <hpower@hamiltonlane.com>
**Subject:** [EXTERNAL] Lucky Bucks Wiring Information

Hello Clare,

Hope all is well. My name is Ryan Nassib and I'm part of the Lucky Bucks deal team for Hamilton Lane. When you have a moment, could you please help us track down the wiring details for this transaction? Also, is there a specific contact at BC that we should plan on coordinating with regarding the wires?

Thanks so much for help.
Best,
Ryan

---

**Ryan Nassib**
| **M:** 6104168805

**Hamilton Lane**
*"Best Places to Work in Money Management" - P&I, 2012-2019*

Web | LinkedIn | Twitter | Facebook | Instagram | YouTube

**Disclaimer**

This email is confidential and may be privileged or otherwise protected from disclosure. It may be read, copied and used only by the intended recipient. If you have received it in error, please notify the sender immediately by reply e-mail (or telephone +44 (0) 20 7009 4800) and then delete this message from your system; you are kindly requested not to copy or use it for any purpose or disclose its contents to any person. Email is not a secure method of communication, and emails may be interfered with or intercepted, or contain defects, and may not be successfully replicated on other systems. BC Partners do not warrant that this e-mail, and any attachments, are virus free. You should take full responsibility for virus checking. If you have any doubts about the authenticity of an email purportedly sent by us, please contact us immediately. Unless otherwise stated any views or opinions presented are solely those of the author and do not represent those of BC Partners LLP. This email is intended for informational purposes only and is not a solicitation or offer to buy or sell investments of any type. BC Partners LLP is authorised and regulated by the Financial Conduct Authority.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

**Disclaimer**

This email is confidential and may be privileged or otherwise protected from disclosure. It may be read, copied and used only by the intended recipient. If you have received it in error, please notify the sender immediately by reply e-mail (or telephone +44 (0) 20 7009 4800) and then delete this message from your system; you are kindly requested not to copy or use it for any purpose or disclose its contents to any person. Email is not a secure method of communication, and emails may be interfered with or intercepted, or contain defects, and may not be successfully replicated on other systems. BC Partners do not warrant that this e-mail, and any attachments, are virus free. You should take full responsibility for virus checking. If you have any doubts about the authenticity of an email purportedly sent by us, please contact us immediately. Unless otherwise stated any views or opinions presented are solely those of the author and do not represent those of BC Partners LLP. This email is intended for informational purposes only and is not a solicitation or offer to buy or sell investments of any type. BC Partners LLP is authorised and regulated by the Financial Conduct Authority.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

**Disclaimer**

This email is confidential and may be privileged or otherwise protected from disclosure. It may be read, copied and used only by the intended recipient. If you have received it in error, please notify the sender immediately by reply e-mail (or telephone +44 (0) 20 7009 4800) and then delete this message from your system; you are kindly requested not to copy or use it for any purpose or disclose its contents to any person. Email is not a secure method of communication, and emails may be interfered with or intercepted, or contain defects, and may not be successfully replicated on other systems. BC Partners do not warrant that this e-mail, and any attachments, are virus free. You should take full responsibility for virus checking. If you have any doubts about the authenticity of an email purportedly sent by us, please contact us immediately. Unless otherwise stated any views or opinions presented are solely those of the author and do not represent those of BC Partners LLP. This email is intended for informational purposes only and is not a solicitation or offer to buy or sell investments of any type. BC Partners LLP is authorised and regulated by the Financial Conduct Authority.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

# Exhibit 54

Message

**From:** Slack [notification@slack.com]
**Sent:** 11/23/2021 10:34:43 AM
**To:** nperry@hamiltonlane.com
**Subject:** [EXT] [Slack] Pat Kotras sent you a message

slack

# You have a new direct message in Hamilton Lane (hl.slack.com)

## From your conversation with Pat Kotras



**Pat Kotras** November 23rd at 10:32 AM
Hi Nayef - on Lucky Bucks - given the holiday, if we could get wire instructions today with a confirmation contact that would be helpful (if we're still targeting to fund on Monday)

Open in Slack

Reply

**Manage your notifications**
Snooze them for an hour, eight hours, a day, three days, or the next week. Or, turn email notifications off. For more detailed preferences, see your account page.

Workspace name: Hamilton Lane
**Hamilton Lane**
Workspace URL: hl.enterprise.slack.com
Email: nperry@hamiltonlane.com

Sign In

**Made by Slack Technologies, LLC**

500 Howard Street, San Francisco, CA 94105

slack.com

Our Blog | Policies

# Exhibit 55

**From:** Slack[notification@slack.com]
**Sent:** Fri 6/9/2023 3:32:22 PM (UTC-04:00)
**To:** nperry@hamiltonlane.com[nperry@hamiltonlane.com]
**Subject:** [EXT] [Slack] Bill Toner sent you a message

**Caution:** This email is from an external source. Please use caution with any links or attachments.

# You have a new direct message in Hamilton Lane (hl.slack.com)

**From your conversation with Bill Toner**

**Bill Toner** June 9th at 3:24 PM

Nayef - I put together the draft update below on the LB situation. Let me know if you think it's worthwhile to send to the broader group.Team – We want to provide an update on the Lucky Bucks situation. The Company filed Chapter 11 bankruptcy on the evening of June 8th. As part of the filing, the OpCo Lenders are providing an $82MM DIP financing, comprised of $20.5MM of new capital and the roll up of $61.5MM of existing first lien term loans. The OpCo lenders are backing the existing management team in the business restructuring plan.Notably, the filing proposes a reorganization of the operating company entity (issuer of the OpCo debt) and a proposed settlement and liquidation plan for the holding company entity (issuer of the HoldCo PIK notes). Redacted - Privilege

Redacted - Privilege

OPEN IN SLACK

REPLY

## Manage your notifications

Snooze them for an hour, eight hours, a day, three days, or the next week. Or, turn email notifications off. For more detailed preferences, see your account page.

**Hamilton Lane**

Workspace URL: hl.enterprise.slack.com

Email: nperry@hamiltonlane.com

SIGN IN

Our Blog | Policies | Help Center | Slack Community

©2023 Slack Technologies, LLC, a Salesforce company.
415 Mission Street, San Francisco, CA 94105

All rights reserved.

# Exhibit 56

WILMERHALE

September 30, 2025

**Michael McGuinness**

+1 212 230 8873 (t)
+1 212 230 8888 (f)
Mike.McGuinness@wilmerhale.com

**(Via Email)**
Mario Gazzola, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
mariogazzola@quinnemanuel.com

**Re: *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO) (Bankr. D. Del.)**

Dear Mario:

We write on behalf of the Trive Defendants[1] in response to your September 15, 2025 letter (the "Letter"), and in furtherance of our letters dated April 23, 2025, May 2, 2025, June 3, 2025, July 17, 2025, July 25, 2025, August 8, 2025, August 22, 2025, and September 5, 2025. To the extent this letter requests a response, please provide such response, in writing, by no later than October 7, 2025.

**A. Trive Defendants' Request No. 3**

Your Letter makes multiple inaccurate claims regarding the parties' search term negotiations and productions.

First, the Trustee did not "already sen[d]" the hit reports we requested in our September 5, 2025 letter. Ltr. at 1. In that letter, we requested hit reports for the proposal that the Trustee made on August 29. *See* Sept. 5, 2025 Ltr. from M. McGuinness to M. Gazzola, at 2. You did not provide us with such reports until you attached them to your September 15 letter.

Second, your comparison of the 660,000 documents from the Noteholders' files with the approximately 40,000 documents the Trive Defendants reviewed in response to the Subpoena, *see* Ltr. at 1, is inapt. Each of the Noteholders employed a separate deal team that, presumably, performed their own diligence on the Notes. It should come as no surprise that six sets of Noteholder deal teams yielded more documents about the Notes Transactions than one set of defendants, the Trive Defendants, did.

In any event, we have reviewed the reports you provided us on September 15, 2025, and have proposed revisions to certain terms, which are reflected in Appendix A attached to this

[1] Capitalized terms have the same meaning as in our prior correspondence regarding these topics, unless otherwise defined herein.

letter. Please provide hit reports, on a Noteholder-by-Noteholder basis, showing the total and unique document hits generated for each of the terms listed in Appendix A.[2]

**B. Noteholders Custodians' Personal Devices**

The Trustee's position that the Noteholders' custodians' personal phones need not be searched is undermined by the Trustee's own actions in this case. As you no doubt recall, the Trustee demanded that the Trive Defendants collect and search the personal devices of Trive's custodians. That request is, itself, a concession that the Trive Defendants' request for the collection and review of the Noteholder custodians' personal devices is proper.

Contrary to your assertion, case law supports the Trive Defendants' request. Courts frequently require litigants to collect and review the personal devices of a party's custodians. *See, e.g.*, *Stewart v. First Transit, Inc.*, 2019 WL 13027112, at *2-3 (E.D. Pa. Sept. 3, 2019) (ordering production of text messages, call logs, and gps data from personal devices of custodians); *Miramontex v. Peraton, Inc.*, 2023 WL 3855603, at *5 (N.D. Tex. June 6, 2023) (ordering party to collect and review documents from the personal devices of custodians). The cases cited in your Letter for the proposition that such devices are not in the Noteholders' possession, custody, or control are readily distinguishable. None of them involved registered investment advisers such as the Noteholders, which are legally obligated to maintain records of all business-related communications, including those on the personal devices of their employees.[3] *See* 17 C.F.R. § 275.204-2(a)(7). Thus, any work-related communications on the Noteholder custodians' personal devices are within the Noteholders' possession, custody, and control.

In refusing searches by First Trust, BC Partners, and Hamilton Lane, the Trustee does not cite any legal authority supporting its contention that an employer lacks possession, custody, or control over cell phones "where company policy forbids the use of personal cellular devices for work purposes." And, even if that were the law (it is not), the Trustee has provided no evidence establishing that these Noteholders' policies "forbid" employees from using their personal devices for work-related purposes.

Moreover, the Trustee has provided no factual basis for his assertion that no Noteholder custodians used their personal devices for work purposes. What steps were taken before each Noteholder reached that conclusion? The statement that each of the Noteholders had in place policies forbidding the use of personal devices for work-related purposes, even if accurate, does

---

[2] Your letter requested that the Trive Defendants provide a search term hit report for Conner Searcy. The Trive Defendants provided that to your firm on September 19, 2025.

[3] *See* D.I. 29-4—D.I. 29-9.

not mean that the custodians followed that policy. *See Goldstein v. Denner*, 310 A.3d 548, 581 (Del. Ch. 2024) ("Outside counsel should have given little weight to DiPaolo's representation that no one used texts because it was contrary to Sarissa policy.").

Finally, the mere assertion that the Noteholders "properly preserved documents" is insufficient, given that you have failed to provide us with any of the basic facts we asked for regarding the Noteholders' claimed preservation efforts. The Trive Defendants are entitled to know "when a litigation hold was implemented, who received the litigation hold, what categories of ESI the recipients were instructed to preserve and collect[,] and what specific actions the recipients were instructed to take." *LifeScan, Inc. v. Smith*, 2024 WL 3823488, at *5 (D.N.J. July 11, 2024); *accord Brewer v. BNSF Ry. Co*., 2015 WL 13883901, at *6 (D. Mont. Nov. 20, 2015); *Major Tours, Inc. v. Colonel,* 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009); *In re eBay Seller Antitrust Litig.*, 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007). None of this information is protected work product. *See Doe LS 340 v. Uber Techs., Inc.*, 710 F. Supp. 3d 794, 802 (N.D. Cal. 2024) ("The basic details surrounding the litigation hold are not protected by the attorney-client privilege and the work product doctrine." (brackets and quotation marks omitted)); *accord Boyington v. Percheron Field Servs., LLC*, 2016 WL 6068813, at *11 (W.D. Pa. Oct. 14, 2016); *Butterworth v. Lab'y Corp. of Am. Holdings*, 2010 WL 11470894, at *6 (M.D. Fla. June 15, 2010).

The two cases you cite in the Letter are inapposite. We are not asking for the Trustee to "disclose the manner in which documents were collected, reviewed and produced in response to" document requests. *Cf.* Ltr. at 2 (quoting *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020)). Instead, we are asking for basic information regarding the nature of litigation holds implemented by the Noteholders. Such preservation information does not seek "discovery on discovery"—which was at issue in *Roche Freedman LLP v. Cyrulnik*, 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023). *Roche Freedman* dealt with a defendants' request for the plaintiffs' "contingency practice," which has nothing to do with litigation holds. *See id.*

For these reasons, the Trustee must seek and obtain the information requested in our September 5 letter from the Noteholders regarding the collection of their custodians' personal devices. If the Trustee refuses to provide additional information, we will be forced to seek relief from the Court.

**C. Noteholders' Deal Files**

Your Letter does not explain what information in any of the Noteholders' deal file for the Notes Transactions would not be relevant to a case alleging that those transactions were fraudulent transfers and that the Noteholders were supposedly defrauded in connection with the transactions, nor could there be one. Please confirm that the Trustee will provide the entire deal

files from the Noteholders. If the Trustee continues to refuse to do so, the Trive Defendants will also be forced to seek relief from the Court.

**D. Third-Party Productions**

Finally, the Trustee's continued refusal to commit to a date certain by which the Trustee will produce any documents he receives from third parties is baffling, especially given the professional courtesies that we offered in our September 5 Letter. As we stated in that Letter, it is unproductive for the Trustee to continue to use the term "prompt"—a term that is subject to different interpretations—when only the Trustee will know when he has received documents. We expect that the Trustee will produce any documents he receives from third parties within three days of his receipt of such productions and reserve all rights on this issue.

Best regards,

*<u>/s/ Michael McGuinness</u>*
Michael McGuinness

**Appendix A**

| Number | Search Term |
|---|---|
| 1. | "LB" |
| 2. | "Lucky Buck*" OR "@luckybucksga.com" |
| 3. | "Seven Ace*" OR "*@sevenaces.com" OR "quantum gaming*" |
| 4. | "Arc Gaming" |
| 5. | "Charm*" |
| 6. | "Jackpot*" |
| 7. | "Project Lucky*" |
| 8. | "B-Side" OR "Ange Amus*" OR "Dynamic Gam*"OR "Unique Amus*" OR "AKS Amus*" OR "Advance Amus*" OR "Klass" OR "KA" OR "Prestige" OR "Lee Caudell" OR "LC" OR "Pinball" OR "Blue Georgia" OR "Georgia Winner*" |
| 9. | "LBVI" |
| 10. | "Trive" OR "TCM" OR "TCF" |
| 11. | "Damani" OR "Anil" OR "anil@27invest.com" OR "27success@gmail.com" |
| 12. | "Shravan" OR "Thadani" |
| 13. | "*@trivecapital.com" |
| 14. | ("Connor" w/20 "Anderson") OR "Curley" |
| 15. | "Bouskill" or "rbouskill@djb.com" |
| 16. | "Manu" OR Sekhri" OR "manu@sekhri.ca" OR "manu@sevenaces.com" |
| 17. | "Shafik" OR "Kassam" OR "kassam@luckybucksga.com" OR "tony@luckybucksga.com" |
| 18. | "Hassan" OR "Ijaz" OR "hassan@luckybucksga.com" |
| 19. | "Boyden" OR "jamie@luckybucksga.com" OR "jamie@sevenaces.com" |
| 20. | ("Stephanie" w/30 ("Lippa" OR "Alito")) OR "stephanie@sevenaces.com" |
| 21. | "Georgia Lotter*" OR "GLC" |
| 22. | "Coin-operated" OR "Coin operated" OR "COAM" OR "coinop" OR "coin-op" OR "coin op" |
| 23. | "Southern Star" |
| 24. | "Location contract*" OR "master license*" OR "location license*" OR "location owner*" |
| 25. | "Farm Team" |
| 26. | "Chisti" OR "georgiawinnersLLC@gmail.com" |
| 27. | "Anand" OR "Vaswani" |
| 28. | "Shakeel" OR Haque |
| 29. | "Mohubil" OR "Motin" |
| 30. | ("Arnaldo" OR "Jonathan" OR "Linares") w/30 "Perez" |
| 31. | "Jonathan" w/30 "Howard" |
| 32. | "Derrick" w/30 "Smith" |
| 33. | "Sayani" OR "Al Amin" |
| 34. | "Ali" or "IMRAN@luckybucksga.com" *for the Noteholders Monarch and Marathon*; *otherwise* "Imran" OR "Ali" |
| 35. | "27th Invest*" |

| Number | Search Term |
|---|---|
| 36. | "2786692 Ontario" |
| 37. | ("Neal" w/20 "Goldman") OR "neal.p.goldman@gmail.com" |
| 38. | "Marc Abrams" OR ("Abrams" w/30 ("Lucky Bucks" OR "LB")) OR ("Trustee" w/30 ("Lucky Bucks" OR "LB")) |
| 39. | "put option*" AND ("Trive" OR "TCM" OR "TCF") |
| 40. | "put option*" AND ("Lucky Buck*" OR "LB" OR "@luckybucksga.com") |

# Exhibit 57

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**mariogazzola@quinnemanuel.com**

September 15, 2025

**VIA E-MAIL**

Ross E. Firsenbaum
Michael McGuinness
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

Re: *Abrams v. Trive Capital Management LLC, et al.*, No. 24-ap-50130 (KBO) (Bankr. D. Del.)

Counsel:

The Trustee writes this letter in response to Mr. McGuinness's September 5, 2025 letter (the "Letter").

Trive Request for Production No. 3

Your Letter requests hit reports on a Noteholder-by-Noteholder basis showing the total and unique document hits generated by each of your proposed search terms. We already sent this information to you via email from Mario Gazzola to Mike McGuinness, Phil Anker, Ross Firsenbaum, and Charles Bridge at 1:59 PM Eastern Time on August 26, 2025. We have also attached the hit reports for the revised search terms proposed in our August 29 letter to illustrate the changes to the hit counts. Accordingly, as you proposed in your Letter (Ltr. at 2), we expect you to provide hit reports for each of the proposed search terms for Mr. Searcy's documents promptly.

Regarding your attempt to "[a]pply[] the Trustee's own argument … to its own production," (Ltr. at 1), the burden the Trustee faces in reviewing over 660,000 documents clearly exceeds Trive's purported burden of reviewing approximately 10,000 documents in Mr. Searcy's mailbox, particularly given that Trive has only reviewed about 40,000 documents to date. *See* Aug. 22, 2025 Ltr. from R. Firsenbaum. As the hit reports sent to you on August 26 demonstrate, many of the original search terms hit on documents that are very likely unresponsive. For example,

use of the search term "Mohammed"—one of most common names in the world—in addition to "Chisti" yielded an additional 36,987 document hits within the Monarch document collection alone.

<u>Noteholder Personal Devices</u>

The Trustee is aware that he is obligated to conduct a reasonable and diligent search of custodial documents. However, where there is no reasonable belief that custodians were using text messaging on their cellular devices for work purposes, the Trustee is not required to conduct a search of such custodians' cell phones. *Volpe v. Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022) ("[I]n order to require search and production of those text messages, some evidence that [the individual] used his personal cell phone for work or work-related texts is required."). Various courts have found that an employer lacks possession, custody, and control over their employees' personal cellular devices. *Lalumiere v. Willow Springs Care, Inc.*, 2017 WL 6943148, at *2 (E.D. Wash. Sept. 18, 2017) ("Other district courts have held, and this Court agrees, that a company does not possess or control the text messages from the personal phones of its employees and may not be compelled to disclose text messages from employees' personal phones."); *Halabu Holdings, LLC v. Old Nat'l Bancorp.*, 2020 WL 12676263 at *1-3 (E.D. Mich. June 9, 2020) (similar); *Stafford v. Bojangles' Restaurants Inc.*, 2022 WL 2680040, at *1 (W.D.N.C. July 11, 2022) (similar); *Shackleford v. Vivint Solar Developer, LLC*, 2020 WL 6273892, at *5 (D. Md. Oct. 26, 2020) (denying motion to compel collection of employees' personal cell phones); *In re Pork Antitrust Litig.*, 2022 WL 972401, at *4-7 (D. Minn. Mar. 31, 2022) (devices used for work under a "bring your own device" policy are *not* within the possession, custody, or control of the employer). This is particularly true where company policy forbids the use of personal cellular devices for work purposes, which is the case for at least three Noteholders: (1) First Trust, (2) BC Partners, and (3) Hamilton Lane.

As a courtesy to Defendants, the Trustee has agreed to collect text messages from those Noteholder custodians whose company policies did not preclude use of text messaging for work purposes. As the Trustee has previously communicated, the Noteholders have all properly preserved documents. Beyond that affirmation, the Trustee is not required to provide Defendants with insight into the particular applications searched nor the methods of collection of any such text messages. *See e.g., Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (Liman, J.) ("[C]ounsel is not required 'to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request.'"); *Roche Freedman LLP v. Cyrulnik*, 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023) ("[D]iscovery on discovery is disfavored absent a showing of abuse.").

<u>Noteholders' Deal Files</u>

Per our prior discussions, the Trustee will use the agreed-upon search terms to search *all* Noteholder files, including any deal-specific folders. The negotiated search terms have been crafted for the express purpose of capturing responsive materials. Further, the discovery rules require the Trustee to produce responsive documents—not entire deal files containing both responsive and unresponsive materials. Application of the negotiated search terms strikes the appropriate balance between comprehensive discovery and proportionality.

Connor Searcy Custodial Documents

As discussed above, Trive received hit counts on the Trustee's proposed search terms via email on August 26, 2025. Accordingly, please provide hit reports for the Trustee's proposed search terms by **September 19**.

Third Party Documents

The Trustee reiterates that he has already agreed to produce non-privileged and responsive documents that he receives in response to the Rule 45 subpoenas he issues in this proceeding, and he will do so promptly.

Sincerely,

*/s/ Mario O. Gazzola*

Mario O. Gazzola

# Exhibit 58

# Document Filed Under Seal