# Exhibit 73

**WILMERHALE**

October 21, 2025

**CONFIDENTIAL**

**(Via Email)**
Olivia Probetts
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
oliviaprobetts@quinnemanuel.com

**Charles Bridge**

+1 212 295 6418 (t)
+1 212 230 8888 (f)
charles.bridge@wilmerhale.com

> Re: ***Abrams v. Trive Capital Management LLC, et al.,***
> **No. 24-ap-50130 (KBO) (Bankr. D. Del.)**

Dear Olivia:

I write in response to your letter dated October 15, 2025, insofar as your letter addressed (1) our October 9, 2025 meet-and-confer about the Trive Defendants' September 2, 2025 Responses and Objections ("R&Os") to the Trustee's Second Set of Requests for Production ("RFPs"), and (2) the Trustee's request to add Conner Searcy as an additional Trive document custodian.

Trustee's RFP Nos. 34 & 36

We re-affirm below the Trive Defendants' position, as we stated it during the meet-and-confer.

In our R&Os, the Trive Defendants stated that they have already produced most (or perhaps all) documents responsive to RFP No. 34 and RFP No. 36 through document productions made in Rule 2004 discovery (the "Prior Productions"). Nonetheless, as to RFP No. 34, they agreed to "conduct a reasonable search for additional responsive Communications from any Trive Defendant to all of any Trive Defendant's 'investors and/or limited partners' regarding [Lucky Bucks] during the Responsive Time Period" and agreed to produce "additional non-privileged Communications, if any, located through that search." Similarly, as to RFP No. 36, they agreed to "conduct a reasonable search for board-meeting minutes and presentations, and investment-committee minutes and memoranda" for any Trive Defendant (minus Mr. Thadani) "during the Responsive Time Period" and agreed to produce "non-privileged materials, if any, located through that search to the extent such materials discuss [Lucky Bucks] or the PIK Notes." The Trive Defendants are not categorically excluding "documents pertaining to the proceeds from the Lucky Bucks investments and any distributions thereof" from the searches described in the preceding paragraph, and they would view any such documents resulting from such searches as responsive if they fell into one of the categories described in the preceding paragraph.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

Olivia Probetts
October 21, 2025
Page 2

Trustee's RFP No. 35

We re-affirm below the Trive Defendants' position, as we stated it during the meet-and-confer.

In our R&Os, the Trive Defendants stated that they have already produced most documents responsive to RFP No. 35 in the Prior Productions.  Nonetheless, as to RFP No. 35, they agreed to "conduct a reasonable search for additional responsive portfolio review slides relating to their 'investment in or ownership of [Lucky Bucks]' during the Responsive Time Period" and agreed to produce "such additional non-privileged slides, if any, located through that search."  As to all other specific categories of materials mentioned in RFP No. 35—namely, "investment analyses, investment theses, investment strategies, internal models, presentations, investment committee memoranda, 100-day plans, portfolio review memoranda, exit strategy memoranda"—those materials were produced in the Prior Productions to the extent they exist (and are non-privileged).  Given how broadly the categories in RFP No. 35 are framed, and the large volume of the Prior Productions, the Trustee's request that the Trive Defendants identify which categories of documents do and do not exist in the Prior Productions is unduly burdensome.  The Trustee is just as well situated to determine which documents in the Prior Productions fall into the broad categories he has enumerated in RFP No. 35.

Trustee's RFP No. 37

We have the same recollection of our meet-and-confer on this topic.  We appreciate your confirmation that the Trustee is not requesting that the Trive Defendants search the files of new document custodians.

Trustee's RFP Nos. 38 & 39

During the meet-and-confer, I reiterated the objections in our R&Os to the Trustee's definition of "Financial Position"—namely, that the term (as defined by the Trustee) is "overbroad, unduly burdensome, vague, and ambiguous"—and reiterated that "[i]n responding to the Requests, the Trive Defendants will consider 'Financial Position' to mean 'financial performance' in accordance with its plain and ordinary meaning," which includes but is not limited to the solvency or capitalization of Lucky Bucks.  I also stated that the Trive Defendants conducted the agreed-to search in response to the Trustee's Rule 2004 Requests and would not have withheld documents responsive to these RFPs from the Prior Productions, and are not agreeing to conduct any additional searches for that reason.

Olivia Probetts
October 21, 2025
Page 3


Conner Searcy

We have not received a response to Mr. McGuinness's letter on this topic dated September 19, 2025 (which followed letters on the same topic from WilmerHale on June 23, 2025 and August 22, 2025). The September 19 letter attached a hit report generated by running the "Rule 2004" set of search terms (i.e., the same search terms that the Trive Defendants negotiated with the Trustee with respect to the Prior Productions) across Mr. Searcy's custodial documents, after de-duplication against Mr. Thadani's and Mr. Anderson's documents (which were already reviewed in connection with the Prior Productions). The September 19 letter also reiterated a point made in previous letters: Many of these "Rule 2004" search terms have no connection to the Trustee's stated theory of relevance for Mr. Searcy's documents—that he "received direct updates from the GLC regarding, among other things, cancellation of location contracts"—and thus will likely generate irrelevant document hits. And, indeed, the hit report attached to the September 19 letter suggests that certain terms are likely generating a high number of irrelevant hits. Consider, for example, this (non-exhaustive) list of search terms from the September 19 hit report that are not adequately tied to Lucky Bucks and the claims/defenses in this action:

- "Ad Hoc*" – 669 unique hits
- "Chapter 7*" or "Chapter 11*" – 488 unique hits
- "Independent Director*" – 168 unique hits
- "Note Purchase Agreement*" or NPA* - 194 unique hits
- Evercore* - 354 unique hits
- M3* - 998 unique hits
- OpCo* OR "Arc Gaming*" – 1,149 unique hits

Although we remain willing to discuss and consider compromise solutions on this topic, the population of documents to be searched must be significantly narrowed before we proceed with any further review or discussion of adding new search terms. The Trustee has not made any such proposal to date, and we think a meet-and-confer will not be productive unless and until the Trustee has done so.

Finally, your analogy between Mr. Searcy's documents and the Noteholders' documents is inapt. The Noteholders' documents are at the heart of this case and are directly relevant to both the Trustee's claims and the Trive Defendants' defenses. In contrast, as explained in our prior letters on this topic, the Trustee has offered no reason to think that additional productions

WILMERHALE

Olivia Probetts
October 21, 2025
Page 4

of Mr. Searcy's emails—*i.e.*, above and beyond the Prior Productions of Mr. Thadani's and Mr. Anderson's emails—will yield important or even relevant information.

Very truly yours,

Charles C. Bridge

Charles C. Bridge