**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY BUCKS HOLDINGS LLC,<br><br>    *Debtor*. | Chapter 7<br><br>No. 23-10756 (KBO) |
| MARC ABRAMS,<br>In his capacity as Chapter 7 Trustee of Lucky<br>Bucks Holdings LLC and as assignee,<br><br>    *Plaintiff*,<br><br>  v.<br><br>TRIVE CAPITAL MANAGEMENT LLC,<br>*et al.*,<br><br>    *Defendants*. | Adversary Proceeding<br><br>No. 24-ap-50130 (KBO) |

**TRIVE DEFENDANTS' MOTION TO SEAL CERTAIN PORTIONS OF**
**THE DECLARATION OF CHARLES C. BRIDGE IN SUPPORT OF**
**THE TRIVE DEFENDANTS' CROSS-MOTION TO COMPEL**

Defendants Trive Capital Management LLC, Trive Capital Fund III LP, Trive Capital Fund III-A LP, TCFIII Luck LP, TCFIII Luck SPV LP, TCFIII Luck Acquisition LLC, Southern Star Gaming, LLC, and Shravan Thadani (collectively, the "Trive Defendants"), by and through their undersigned attorneys, hereby file this motion (the "Motion"), pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Trive Defendants to file under seal certain portions of the *Declaration of Charles C. Bridge in Support of the Trive Defendants' Cross-*

1

*Motion to Compel*, dated July 23, 2026 [D.I. 232] (the "Bridge Declaration").[1]  Pursuant to Local Rule 9018-1(d), the Trive Defendants have filed concurrently herewith a proposed unredacted form of the Reply Memorandum and a proposed redacted form of the Bridge Declaration.

## JURISDICTION AND VENUE

1.       The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.  The Trive Defendants confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion.[2]

2.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4.       On April 10, 2025, the Court entered the Stipulated Confidentiality and Protective Order [D.I. 82] (the "Confidentiality Order") in the above-captioned adversary proceeding.

5.       On June 4, 2026, the Trustee filed his *Motion to Compel* and *Memorandum of Law in Support of Plaintiff's Motion to Compel* [D.I. 208, 209].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Reply Memorandum of Law in Support of the Trive Defendants' Cross-Motion to Compel*, dated July 23, 2026 [D.I. 231] (the "Reply Memorandum").

[2] For the avoidance of doubt, the Trive Defendants consent solely with respect to adjudication of this Motion, and the Trive Defendants do not consent to the entry of a final order or judgment by this Court in this adversary proceeding.

6. On June 18, 2026, the Trive Defendants filed their *Cross-Motion to Compel* and *Memorandum of Law in Support of the Trive Defendants' Cross-Motion to Compel and in Opposition to the Trustee's Motion to Compel* [D.I. 211, 212].

7. On July 9, 2026, the Trustee filed his *Reply in Support of Plaintiff's Motion to Compel and Opposition to the Trive Defendants' Cross-Motion to Compel* [D.I. 222].

8. On July 23, 2026, in support of their Cross-Motion to Compel, the Trive Defendants filed their Reply Memorandum and the Bridge Declaration under seal. References and citations to "Exhibits" or "Ex." in this Motion refer to the exhibits attached to the Bridge Declaration.

## INFORMATION TO BE SEALED

9. The Bridge Declaration includes as exhibits certain documents that were produced by the Trustee and a non-party pursuant to the Confidentiality Order and are subject to the confidentiality obligations set forth therein, including the documents and/or information set forth in the following exhibits (collectively, the "Confidential Material"):

- Exhibits 59-60 and 65-70, produced by the Trustee; and

- Exhibits 61-64, produced by non-party Houlihan Lokey, Inc. (the "Non-Party").

These documents (or portions thereof) are, in turn, referenced, described, and/or quoted in the Reply Memorandum, which references, descriptions, and quotations also constitute Confidential Material for purposes of this Motion and the Order.

10. The information and documents described in the paragraph above (or identical duplicates thereof) were designated by the Trustee and/or the Non-Party as "Confidential" under the Confidentiality Order in connection with this adversary proceeding. The Confidentiality Order defines "Confidential Information" as follows:

> "Confidential Information" shall mean non-public material that contains or discloses information relating to, referencing, or pertaining to confidential or

3

proprietary information including without limitation, commercially sensitive information that, if disclosed, could do harm to the Producing Party's business advantage (*e.g.*, marketing documents, business relationships with other parties and other similar information), personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other competitively sensitive information already subject to a protective order of a court or confidentiality agreement that precludes disclosure absent an applicable exception, including, for the avoidance of doubt, any information designated Confidential pursuant to the protective orders entered as docket entries 53, 71, and 72 (the "Bankruptcy Protective Orders") in the bankruptcy proceeding captioned *In re Lucky Bucks Holdings LLC,* No. 23-10756 (KBO) (Bankr. D. Del.) (the "Bankruptcy Proceeding") material that is confidential pursuant to applicable law, including trade secrets, and any other material that the Producing Party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

Confidentiality Order ¶ 3.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own, the court may, with or without notice, issue any order that justice requires to: (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information[.]

Fed. R. Bankr. P. 9018(a).

12. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny filer seeking to file a document … under seal must file a motion requesting such relief … no later than 3 business days after the filing of" the document that the filer requests to seal. Del. Bankr. L.R. 9018-1(d)(i).

4

13.     The Trive Defendants do not object to the unsealing of the Confidential Material.[3] Instead, the Trive Defendants file this Motion solely to ensure that any other party or non-party who believes that it may have an interest in preventing the public disclosure of any of the Confidential Material, including any party or non-party that produced any of the Confidential Material as Confidential pursuant to the Confidentiality Order, has a sufficient opportunity to object to the unsealing of such information under 11 U.S.C. §§ 105(a) or 107(b).

14.     On July 23, 2026, counsel for the Trive Defendants separately emailed counsel for the Trustee and counsel for the Non-Party to inform them of the filing under seal of the applicable Confidential Material and to request that they inform the Trive Defendants whether such materials may be publicly disclosed.  The proposed unredacted form of the Reply Memorandum and the proposed redacted form of the Bridge Declaration filed contemporaneously herewith were prepared based on the feedback received from the Trustee and the Non-Party as of the filing of this Motion.  In particular, the Trustee requested that Exhibits 65 and 67, both produced from the Noteholders' files, remain under seal.  The Trustee and the Non-Party consented to the filing of the full Reply Memorandum and the rest of their respective documents listed above on the public docket.

15.     Accordingly, the Trive Defendants respectfully request that Exhibits 65 and 67 remain under seal, as reflected in the proposed unredacted form of the Reply Memorandum and the proposed redacted form of the Bridge Declaration filed contemporaneously herewith, until a date that the Court determines will have provided the Trustee with sufficient opportunity to object

---

[3] For avoidance of doubt, by taking this position with respect to the Confidential Material, the Trive Defendants do not waive any confidentiality designation of any other document produced in the above-captioned bankruptcy case (including but not limited to adversary proceedings therein), and any other related bankruptcy case and/or related adversary proceeding.

to the public disclosure of such material.  In the event no objections are made, the Trive Defendants submit that Exhibits 65 and 67 may be fully unsealed.

## LOCAL RULE 9018-1(d) CERTIFICATION

16.     The undersigned counsel certifies that, as described above, between July 23 and July 28, 2026, undersigned counsel conferred in good faith with counsel for the Trustee and counsel for the Non-Party regarding the relief requested in this Motion.  The undersigned counsel certifies that reasonable efforts have been made to reach agreement on what information must remain sealed with the Trustee and the Non-Party.

## NO PREVIOUS REQUEST

17.     The Trive Defendants have not previously requested the relief sought herein from the Court.

[*Remainder of page intentionally left blank*]

Dated: July 28, 2026
       Wilmington, Delaware

Respectfully submitted,

**PACHULSKI STANG ZIEHL
  & JONES LLP**

By: */s/ Laura Davis Jones*

Laura Davis Jones (No. 2436)
Peter J. Keane (No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
(t) (302) 652-4100
(f) (302) 652-4400
ljones@pszjlaw.com
pkeane@pszjlaw.com

-and-

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**

Philip D. Anker (admitted *pro hac vice*)
Ross E. Firsenbaum (admitted *pro hac vice*)
Charles C. Bridge (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
philip.anker@wilmerhale.com
ross.firsenbaum@wilmerhale.com
charles.bridge@wilmerhale.com

Joel W. Millar (admitted *pro hac vice*)
2100 Pennsylvania Avenue NW
Washington, DC 20037
(t) (202) 663-6000
(f) (202) 663-6363
joel.millar@wilmerhale.com

*Attorneys for Defendants Trive Capital
Management LLC, Trive Capital Fund III LP,
Trive Capital Fund III-A LP, TCFIII Luck LP,
TCFIII Luck SPV LP, TCFIII Luck
Acquisition LLC, Southern Star Gaming,
LLC, and Shravan Thadani*