**Exhibit 1**

# UNITED STATES BANKRUPTCY COURT

for the District of Delaware

In re Lucky Bucks Holdings LLC
Debtor

Case No. 23-10756

Chapter 7

*(Complete if issued in an adversary proceeding)*
Marc Abrams, In his capacity as Chapter 7 Trustee of Lucky Bucks Holdings LLC and as assignee
Plaintiff
v.
Trive Capital Management LLC, *et al.*
Defendant

Adv. Proc. No. 24-50130

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: LB NewHoldCo, LLC, c/o Reid Collins & Tsai LLP, 1301 S. Capital of Texas Highway, Ste. C300, Austin, Texas 78746
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attachment A**

| PLACE | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center, 45th Floor<br>250 Greenwich Street, New York, NY 10007 | September 24, 2026 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 10, 2026

CLERK OF COURT

OR

_________________________ /s/ Laura Davis Jones
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* the Trive Defendants , who issues or requests this subpoena, are:

Laura Davis Jones, 919 North Market Street, 17th Floor, Wilmington, DE 19801, 302-652-4100, ljones@pszjlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Attachment A**

**Definitions**

1. "Arc Gaming Complaint" means the Complaint, dated June 2, 2025, filed as docket number 2 in the Arc Gaming Litigation.

2. "Adversary Proceeding" means the above-captioned adversary proceeding, *Abrams v. Trive Capital Management LLC, et al.*, Adv. Pro. No. 24-ap-50130 (KBO) (Bankr. D. Del.).

3. "Amended Complaint" means the Amended Complaint, dated January 21, 2025, filed as docket number 57 in the Adversary Proceeding (attached as Exhibit A hereto).

4. "Arc Gaming Litigation" means the adversary proceeding captioned *LB NewHoldCo LLC, et al. v. Trive Capital Management LLC, et al.*, Adv. Pro. No. 25-50965 (KBO) (Bankr. D. Del.).

5. "Bankruptcy Cases" means the Chapter 7 case captioned *In re Lucky Bucks Holdings LLC*, No. 23-10756 (KBO) (Bankr. D. Del.), the Chapter 11 cases captioned *In re Lucky Bucks, LLC, et al.*, No. 23-10758 (KBO) (Bankr. D. Del.), and any related appeals, adversary proceedings, or other proceedings.

6. "B-Side Fraud" means the alleged fraudulent scheme referenced by, *inter alia*, Paragraphs 53 through 59 of the Arc Gaming Complaint.

7. "Communication" means every manner of the transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

8. "Document" is intended to have the broadest possible meaning under Federal Rule of Civil Procedure 34, as incorporated by Federal Rule of Bankruptcy Procedure 7034, and includes, without limitation, any Communications, writings, drawings, graphs, charts, photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data

compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations, and drafts thereof, and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications (whether in paper, database, electronic, or other format(s)), calculations (whether in paper, database, electronic, or other format(s)), books, books of account, statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit-card receipts, deal files, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, share-file documents, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries, or divisions thereof, and their officers, directors, employees, agents, and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right

to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by You from professional firms. The term "document" also includes all Electronically Stored Information (defined below).

9. "Electronically Stored Information" or "ESI" has the broadest possible meaning under Federal Rule of Civil Procedure 34, as incorporated by Federal Rule of Bankruptcy Procedure 7034, and refers to all computer or electronically stored or generated data and information and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash-memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" includes: word-processing Documents; electronic spreadsheets; electronic-presentation Documents; email messages; text messages, including SMS messages, Slack messages, Bloomberg messages, Teams messages, or any other e-messages sent on any application or platform; image files; sound files; and material or information stored in a database or accessible from a database. "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved, which includes: a Document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email-header information; history of who viewed an email and when; and email-routing information.

10. "Georgia Arbitration" means the arbitration initiated in 2022 between Lucky Bucks, on the one hand, and Georgia Winners, LLC, on the other hand.

11. "Georgia Action" means the action captioned *Arc Gaming and Technologies, LLC f/k/a Lucky Bucks, LLC v. Damani et al.*, No. 24-cv-0000131 (Ga. Super. Ct. 2024), and any related proceedings.

12. "HoldCo" means Lucky Bucks HoldCo, LLC.

13. "Holdings" means Lucky Bucks Holdings LLC.

14. "Holdings Distributions" means, collectively, the distributions made by Holdings to its shareholders of (a) approximately $185.2 million following the issuance of certain Notes in November 2021 and (b) approximately $52.5 million following the issuance of certain Notes in January 2022.

15. "Include" or "including" means including but not limited to.

16. "July OpCo Distribution" means the distributions made by Lucky Bucks and HoldCo to their shareholders of approximately $200 million following Lucky Bucks's entry into a senior secured credit agreement in July 2021.

17. "Lucky Bucks" means Lucky Bucks, LLC.

18. "Notes" means, collectively, $250 million in aggregate face amount of unsecured 12.5% PIK Notes due 2028 issued by Holdings in November 2021 and January 2022 pursuant to that certain Note Purchase Agreement, dated as of November 29, 2021, by and among Holdings, Alter Domus (US) LLC, as administrative and collateral agent, and the purchasers party thereto from time to time.

19. "Notes Issuances" means the November 2021 and January 2022 issuance of the Notes by Holdings.

20. "Noteholders" means, collectively, (a) Hamilton Lane Strategic Opportunities Fund VI (Series 2020) Holdings LP, managed by Hamilton Lane Advisors LLC; (b) First Trust

Alternative Opportunities Fund, managed by First Trust Capital Management LP; (c) MFI ICAV, managed by Monarch Alternative Capital LP; (d) BCP Special Opportunities Fund II Originations LP, Portman Ridge Finance Corporation, Alternative Credit Income Fund, Logan Ridge Finance Corporation, BCP-Window Secondary Credit Opportunities LP, BCP Special Opportunities Fund II GP LP, and Blue Sky Credit Fund LP, managed by BC Partners; (e) Marathon Centre Street Partnership, LP, MCSP Sub, LLC, and TRS Credit Fund, managed by Marathon Asset Management LP; and (f) CION Investment Corporation, managed by CION Investment Management, LLC.

21. "Protective Order" means the *Stipulated Confidentiality and Protective Order* entered as docket entry 82 in the Adversary Proceeding (attached as Exhibit B hereto).

22. "Regarding" or "regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, refuting, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, touching upon, or undercutting a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

23. "Rule 2004" means Rule 2004 of the Federal Rules of Bankruptcy Procedure as effectuated in either or both of the Bankruptcy Cases.

24. "Trive Acquisition" means the August 2020 acquisition of an indirect, majority equity stake in Lucky Bucks by certain funds managed by Trive Capital Management LLC, as referenced in Paragraph 4 of the Arc Gaming Complaint.

25. "Trustee" means Plaintiff Marc Abrams, in his capacity as Chapter 7 Trustee for Holdings, and as assignee of the Noteholders.

26. "You" means LB NewHoldCo, LLC and/or Lucky Bucks, LLC, and, for each, each of its predecessors, successors, divisions, subsidiaries, affiliates, and joint ventures, as well as its present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on its behalf.

27. "Your" refers to You.

**Instructions**

1. These definitions and instructions shall apply in interpreting the scope of the definitions and instructions as well as the individual requests below.

2. As used in these requests, (a) the terms "all," "any," and "each" shall each be construed as encompassing any and all, (b) the connectors "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and (c) the use of the singular form of any word includes the plural and vice versa.

3. Each request shall be construed and answered separately. The specificity of any request shall not be construed or understood as limiting the generality or breadth of any other request. These requests require You to produce Documents that are in Your possession, custody, or control. Thus, Your obligation to produce Documents is not limited to Documents in Your physical possession; You must also produce all Documents that You have the right or ability to obtain on demand.

4. If You object to any request, state in full the basis for Your objection. If You object to part of a request, specify the portion of the request to which You object and answer as much of

the request as is not objectionable. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the request to which You are not objecting.

5. Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

6. Each page of each Document produced shall bear a unique number that includes a symbol or abbreviation identifying the producing party.

7. All Documents that are stored in electronic or computer format shall be produced in compliance with Local Rule 7026-3(e) of the United States Bankruptcy Court for the District of Delaware.

8. All Documents and ESI shall be produced with metadata, including, but not limited to, the date created/sent, author, recipients, cc-copies, bcc-blind copies, and/or all custodian(s) information.

9. If and to the extent Documents are maintained in a database or other electronic format, You shall produce along with the Document(s) software that will enable access to the electronic Document(s) or database as You would access such electronic Document(s) or database in the ordinary course of Your business.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

11. If You withhold a Document from production based on an assertion of privilege or any other protection from disclosure, You shall provide the information required by Federal Rule of Civil Procedure 26(b)(5).

12. Documents may be produced pursuant to the terms of the Protective Order.

13. Documents attached to each other should not be separated.

14. Documents not otherwise responsive to these requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by these requests.

15. The fact that a Document is, was, or may have been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

16. Each Document request shall be construed independently and not with reference to any other Document request for the purpose of limitation.

17. Unless otherwise stated, the relevant time period for these requests is from January 1, 2018 to present.

18. This request shall be deemed continuing in nature, and You are under a duty to supplement or correct any responses that are incomplete or incorrect and otherwise supplement Your responses in accordance with Federal Rule of Civil Procedure 26(e).

**Documents Requested**

1. All Documents, including but not limited to all Communications within Lucky Bucks and/or Communications with any of the Noteholders, OpCo Lenders, any other investor or lender or potential investor or lender, the Trustee, Mohammad Chisti, or any representative or agent of any of the foregoing (including but not limited to of Lucky Bucks and/or Holdings),

regarding Lucky Bucks, HoldCo, Holdings, the Trive Acquisition, the July OpCo Distribution, the Notes, the Notes Issuances, the Holdings Distributions, the B-Side Fraud, and/or the Bankruptcy Cases.

2. All Documents regarding the "investigation into prepetition conduct" referenced in Paragraph 2 of the Arc Gaming Complaint, including but not limited to all Communications within Lucky Bucks and/or Communications with any of the Noteholders, OpCo Lenders, any other investor or lender or potential investor or lender, the Trustee, Mohammad Chisti, investigators, B-Side business operators/personnel, or any representative or agent of any of the foregoing (including but not limited to of Lucky Bucks and/or Holdings).

3. All Documents regarding the Adversary Proceeding, the Arc Gaming Litigation, the Bankruptcy Cases, the Georgia Action, the Georgia Arbitration, or any other proceeding regarding Lucky Bucks, Holdings, and/or HoldCo.